MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

             Debtor.

Case No. 15-50553-11-ASW

Chapter 11

*EX PARTE* MOTION FOR ORDER SHORTENING TIME RE MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES AND TAXES

      COMES NOW AQH, LLC, Debtor-in-Possession herein, and moves *ex parte* for an order shortening time for notice of the hearing on the Motion for Authority to Use Cash Collateral and the Motion for Authority to Pay Pre-Petition Wages and Taxes, filed by AQH, LLC, Debtor-in-Possession herein on February 24, 2015 (the "Motions"), and respectfully represents:

      1.     The within case was commenced on an emergency basis by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

      2.     The Debtor is an operating Bitcoin transaction processor. The Debtor continues to incur expenses post-petition, including taxes obligations to pay employees and independent contractors, part of which expenses include a pre-petition portion. The Debtor must continue to pay its expenses in the ordinary course of business in order to achieve an effective reorganization. If the Debtor cannot pay such expenses, the Debtor will be forced to shut down and stop generating revenue. In the meantime, the Debtor's insurance premiums, utilities, maintenance expenses and

1

security expenses would be unpaid, leaving the estate's assets uninsured, unguarded and subject to dilapidation.

3. Accordingly, the Motions request interim authority to use cash collateral to pay necessary expenses, authority to pay pre-petition wages within the priority amount provided in Bankruptcy Code Section 507(a)(4) and to pay any pre-petition taxes that become payable post-petition in the ordinary course of business. For further particulars, reference is made to the aforesaid Motions.

4. The estate is likely to be harmed if the Debtor is not authorized to use cash collateral and pay the aforesaid expenses. By contrast, creditors will not be prejudiced by maintaining the status quo.

5. In light of the foregoing, the Debtor requests that the Court enter an order shortening time and setting a hearing on the Motion for 2:00 pm on Friday, February 27, 2015, or at the Court's convenience, and providing that opposition to the Motion may be made orally at the hearing.

WHEREFORE, the Debtor prays for order shortening time such that:

1. A hearing on interim approval of the Motions shall be set for 2:00 pm on February 27, 2015, or at the Court's convenience;

2. Notice of the hearing shall be timely if served via overnight mail on February 25, 2015;

3. Opposition to the Motions, if any, may be made orally at the hearing; and

4. For such further relief as is appropriate in the premises.

DATED: February 25, 2015                    MACDONALD | FERNANDEZ LLP

By: /s/ Reno F.R. Fernandez III
    Reno F.R. Fernandez III
    Attorneys for Debtor-in-Possession,
    AQH, LLC

2