MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-50553-11-ASW |
| AQH, LLC, | Chapter 11 |
| Debtor. | DECLARATION OF RENO F.R. FERNANDEZ III IN SUPPORT OF *EX PARTE* MOTION FOR ORDER SHORTENING TIME RE (1) MOTION FOR ORDER COMPELLING RIVERBANK LOCAL REDEVELOPMENT AGENCY TO PROVIDE ELECTRICITY UPON PAYMENT OF ADEQUATE ASSURANCE DEPOSIT AND (2) MOTION TO APPROVE LOAN TO PAY UTILITY DEPOSIT AND WAGES AND SUPPLEMENTAL MOTION TO AUTHORIZE USE OF CASH COLLATERAL |

I, Reno F.R. Fernandez III declare:

1.     I am a partner at Macdonald Fernandez LLP, proposed counsel for the Debtors in the within case.  I am over the age of eighteen years.  The following facts are true and correct of my own personal knowledge.  If called as a witness, I could and would competently testify as follows.

2.     The within case was commenced on an emergency basis by filing a voluntary chapter 11 petition on February 19, 2015.  A trustee has not been appointed and the Debtor is in possession of the estate.

**Reasoning for Shortening of Time Requested**.

3.     The within case was precipitated by a short-term cash flow shortage caused by delays in obtaining permits to supply power to the Debtor's recently-expanded facilities located at 5300

1

1  Claus Road, Buildings 5, 21 and 50, in Modesto, California.  The Debtor has informed me that the

2  Riverbank Local Redevelopment Agency (the "Riverbank LRA") is the lessor of said facilities and

3  that the Riverbank LRA also provides the Debtor with electricity via its on-side power substation

4       4.      The Debtor has further informed me that the Debtor's original facilities (a portion of

5  the aforesaid units) have power, but the Riverbank LRA refuses to permit the final safety inspection

6  and supply power to the expanded facilities.  The Riverbank LRA has informed this firm that it

7  demands payment of its pre-petition claim in full as a condition of providing electricity,

8  notwithstanding the Debtor's offer to pay a security deposit.

9       5.      Electricity is essential to the Debtors' operations and to preserving value of the

10  business.  The Debtor has informed me that every week that the expanded facilities are offline costs

11  the Debtor approximately $35,000 in gross revenue.   In order to accomplish an effective

12  reorganization, the Debtor must receive electricity in due course.

13       6.      The Debtor has informed me that post-petition wages and related payroll expenses in

14  the amount of $2,742.50 are due on February 27, 2015.  The Debtor wishes to pay these without

15  using purported cash collateral.

16       **Previous Time Modifications**.

17       7.      There have been no previous time modifications in this matter.  However, a hearing

18  on certain other first-day motions is set for Wednesday, March 4, 2015, at 4:00 pm.  It will be most

19  efficient to set hearings to consider granting the Motions on an interim basis concurrently.

20       **Effect of Shortening Time on the Case**.

21       8.      Other than advancing the time for hearings to consider interim approval of the

22  Motions, as proposed, the proposed modification will have no impact on the schedule for the within

23  case.

24       **Efforts to Stipulate With Respondent**.

25

26       9.      On the same date, I spoke with Edwina E. Dowell and John Wesolowski of the Office

27  of the United States Trustee, who informed me that they have no objection to holding a hearing on

28  interim approval of the Section 366 utilities motion at the proposed date and time, although we did

2

Case: 15-50553    Doc# 24-1    Filed: 02/27/15    Entered: 02/27/15 15:21:07    Page 2 of
3

1    not discuss the debtor-in-possession financing motion.

2

3         10.      On February 26, 2015, I left a message with the assistant for Douglas ("Doug") L. White of Churchwell White LLP, counsel for the Riverbank LRA, requesting that he stipulate to shorten time as proposed. On February 27, 2015, attorney Nubia Goldstein left me a voicemail message requesting that the hearing be set for Thursday, March 5, 2015. Golstein could not be reached to discuss as her mobile telephone voicemail was full and the office's general answering service states that the office is moving and is closed from February 26 through March 2, 2015.

4

5

6

7

8

9         11.      On February 27, 2015, I left a voicemail message with Terrance W. Moore of Hellmuth & Johnson, PLLC, counsel for Andrew L. Faris, requesting that he stipulate to shorten time as proposed. I did not receive a return call prior to executing this Declaration.

10

11

12         12.      On February 27, 2015, I left a voicemail message with Henry Cornelius of Emergent Systems Exchange for the limited purpose of requesting that he stipulate to shorten time as proposed and requesting contact information for Emergent Systems' counsel, if any. I did not receive a return call prior to executing this Declaration.

13

14

15

16         13.      It would be inefficient to attempt to contact all general unsecured creditors.

17       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 27, 2015, at San Francisco, California.

18

19

20                                   /s/ Reno F.R. Fernandez III
                                       Reno F.R. Fernandez III

21

22

23

24

25

26

27

28

3