MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

           Debtor.

Case No. 15-50553-11-ASW

Chapter 11

STATUS REPORT

Date:    March 9, 2015
Time:    3:00 p.m.
Place:   280 South First Street, Room 3020
          San Jose, California

Honorable Arthur S. Weissbrodt

COMES NOW AQH, LLC, Debtor-in-Possession herein, submitting this Status Report, and respectfully represents as follows:

1. The within case was commenced by filing a voluntary chapter 11 petition on an emergency basis on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

2. This case is a small business case pursuant to Bankruptcy Code Section 101(51D).

3. This Status Report is to provide the Court with the Debtor's anticipated schedule for the within case.

***Initial Debtor Interview and Section 341(a) Meeting of Creditors***

4. The Debtor's Initial Debtor Interview is scheduled for March 19, 2015.

5. The Debtor's 341(a) Meeting of Creditors is to be held on March 25, 2015.

1

*__March 4, 2015 Hearing on Debtor's First Day Motions__*

6. On March 4, 2015, the Court held interim hearings on the Motion for the Authority to Use Cash Collateral (Docket No. 10); Motion for Order Compelling Riverbank Local Redevelopment Agency to Provide Electricity Upon Payment of Adequate Assurance Deposit (Docket No. 22); Motion for Authority to Pay Pre-Petition Wages and Taxes (Docket No. 11); and Motion to Approve Loan to Pay Utility Deposit and Wages and Supplemental Motion to Authorize Use of Cash Collateral (Docket No. 21) (collectively "First Day Motions").

7. __Schedules__: At the hearing, the Court extended the last date by which the Debtor is to file its schedules, statement of financial affairs and other related documents from March 5, 2015 to 12:00 p.m. on March 6, 2015.

8. __Cash Collateral__: Due to an apparent error in serving one party in interest, namely Emergent Systems Exchange, LLC ("Emergent Systems"), a continued interim hearing on the use of cash collateral is scheduled for March 9, 2015 at 3:00 p.m. Attached as Exhibit "A" to the Declaration of Chris Cunningham, filed herewith (the "Cunningham Decl."), is an updated cash collateral budget. The Debtor needs to purchase new Grainger heat dissipation fans to cool the computers during the summer months. The Debtor plans to purchase these fans in two tranches in April and May, 2015. The Debtor will request that its proposed use of cash collateral to purchase these fans be approved at the final hearing to be held on March 31, 2015.

9. __Employees/Independent Contractors__: As detailed in the Motion for Authority to Pay Pre-Petition Wages and Taxes, the Debtor has three employees and has entered into independent contractor agreements with seven individuals. At the hearing held on March 4, 2015, the Court authorized the payment of pre-petition wages on an interim basis, pending a final hearing.

10. __Utilities__: At the hearing, the Court ordered the Riverbank Local Redevelopment Agency (the "Riverbank LRA") to (1) promptly schedule the final safety inspection (assuming one is required); and (2) to connect the Debtor's electricity within two weeks. The Court further ordered the Riverbank LRA to provide a schedule for providing electricity to the Debtor's expanded facilities by Friday, March 6, 2015.

11. __Final Hearings__. Final hearings for the First Day Motions are scheduled for March 31,

2015.

***Riverbank LRA's Failure to Comply With the Court's Order***

12.   On March 5, 2015, counsel for the Riverbank LRA sent an email to Debtor's counsel indicating that the Riverbank LRA intends not to comply with the Court's order. Specifically, the Riverbank LRA claims that "several issues prevent RLRA from turning on power prior to March 26, 2015" because it "requires the current plan submissions to be complete and approved as complying with the building codes" and that "AQH pass[es] all on-site inspections…." *See* Exhibit "A" to the Declaration of Iain A. Macdonald, filed herewith. In fact, the plans for the third phase of the Debtor's facilities are complete, and the Riverbank LRA provides no reason to believe otherwise. The four engineering firms that the Debtor previously hired to address the response letters from Interwest Consulting Group, addressed every question raised. The work product provided by the engineers is all wet stamped. Further, the current build of the third phase is materially the same as the previous phases, which were approved and have been running for six to nine months.

13.   Moreover, the Riverbank LRA has introduced a new, vague series of "all on-site inspection" without any description of said indefinite series of inspections or any reason to believe they are required. On the contrary, it is undisputed that the Lease Agreement provides for no such inspections and only Army consent is required (which requires only ten-days' notice and opportunity for the Army to object). The foregoing does not comply with the Court's order. At best, it imposes a further three-week delay; at worst, it adds a new and indefinite series of unnecessary roadblocks.

14.   The Riverbank LRA is serially violating the automatic stay, first by attempting to evict the Debtor post-petition followed by several invoices demanding payment of pre-petition claims. Specifically, on February 20, 2015, the Riverbank LRA issued and served the Debtor with a Three-Day Notice to Pay Rent or Quite Premises, attached as Exhibit "B" to the Cunningham Decl. On the same date, the Riverbank LRA issued and served the Debtor with a Three-Day Notice to Perform Covenants or Quit Premises, attached to the Cunningham Decl. as Exhibit "C." Thereafter, the Riverbank LRA sent the Debtor two invoices (Nos. 2125 & 2126), both dated March 3, 2015, demanding payment of pre-petition claims, attached as Exhibit "D" to the Cunningham Decl. The Riverbank LRA's recent express demands for payment of its pre-petition claims as a condition of

3

connecting the Debtor's power (in the face of the Debtor's offer to provide a security deposit) furthered the Riverbank LRA's pattern of violating the automatic stay as well as Bankruptcy Code Section 366. The Riverbank LRA now continues its pattern of abusing and harassing the Debtor by manufacturing unnecessary delays and vague, interminable requirements.

15. In light of the foregoing, the Court should order the power to be connected immediately. [In the event that notice to the Army is required, the Court should order the Riverbank LRA to immediately notify the Army and to connect the power on the eleventh calendar day following notice, provided that the Army raises no objection.] Such relief will not prejudice the Riverbank LRA because: (1) it will receive a security deposit; and (2) the Riverbank LRA can raise any further objections at the final hearing.

### *Professionals*

16. The Debtor anticipates that it will need to employ an accountant to prepare monthly operating reports. The Debtor is currently considering candidates and intends to request authority to employ an accountant sufficiently in advance of the date on which the first monthly operating report is due, which is March 21, 2015.

17. The Debtor will also shortly file an application to employ Macdonald Fernandez LLP as attorneys for the Debtor.

### *Claim Objections*

18. The deadline for filing proofs of claim in the within bankruptcy case is June 23, 2015.

19. The Debtor's review of claims is ongoing, and the Debtor has not yet determined whether to bring objections to proofs of claim before or after the filing of its combined disclosure statement and chapter 11 plan.

### *Disclosure Statement and Plan*

20. The Debtor is a small business debtor within the meaning of Bankruptcy Code Section 101(51D), and the Debtor intends to take advantage of the streamlined procedures of 14 days' notice for tentative approval of disclosures, and confirmation of a combined form of disclosure statement and chapter 11 plan provided in Bankruptcy Code Section 1125(f). The Debtor anticipates filing a combined disclosure statement and plan by June 19, 2015 (120 days from the petition date).

4

***Assumption of Unexpired Lease***

21. The deadline to assume or reject an unexpired lease of non-residential real property is June 19, 2015. The Debtor intends to assume that certain Lease Agreement with the Riverbank LRA for the facilities described above, and cure defaults prior to that date.

***Anticipated Litigation***

22. By March 23, 2015, the Debtor intends to bring the adversary proceedings and motions described below.

23. Emergent Systems has no *bona fide* claim of a security interest, as discussed in the Debtor's cash collateral motion. Nevertheless, Emergent Systems threatened to enter upon the Debtor's premises and remove equipment during the week of February 16, 2015. The Debtor believes that Emergent Systems and Andrew L. Faris ("Faris") were coordinating their activities with the intent of improperly ousting the Debtor's management and placing Faris in control of the Debtor. This, in part, precipitated the commencement of the within case. Moreover, Emergent Systems failed to deliver approximately 600 servers to the Debtor as promised. Finally, Emergent Systems charges a usurious interest rate. The Debtor's review of claims against Emergent Systems is ongoing, and the Debtor reserves all rights.

24. The Debtor's review of Faris' claims is ongoing, and the Debtor reserves the right to bring claims and counterclaims against Faris.

25. Accordingly, the Debtor intends to bring an adversary proceeding to determine the priority, validity and extent of liens against all purported lienholders and to assert claims and counterclaims against Emergent Systems, Faris and any other appropriate party.

26. As discussed above, the Riverbank LRA has willfully violated the automatic stay, and the Debtor intends to seek sanctions, including sanctions to cover the cost of addressing the Riverbank LRA's refusal to provide electricity without full payment of its pre-petition claim.

27. Faris and Christopher Kilday (an unsecured creditor) have also violated the automatic stay by attempting to enforce their claims post-petition, and the Debtor attempts to seek sanctions against them as well.

28. The Debtor intends to commence said proceedings by April 1, 2015, and the Debtor

5

suggests that it will be most efficient to coordinate the proceedings because of the presence of common parties and facts.

WHEREFORE, the Debtor prays that the Court:

1. Order the Riverbank LRA to connect the Debtor's power immediately;

2. In the event that notice to the Army is required, order the Riverbank LRA to immediately notify the Army and connect the power on the eleventh calendar day following notice, provided that the Army raises no objection;

3. Approve the Debtor's proposed use of cash collateral on an interim basis; and

4. For such further relief as is appropriate in the premises.

DATED: March 6, 2015          MACDONALD | FERNANDEZ LLP

By: /s/ Reno F.R. Fernandez III
Reno F.R. Fernandez III
Proposed Attorneys for Debtor-in-Possession,
AQH, LLC