MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

           Debtor.

Case No. 15-50553-11-ASW

Chapter 11

STATUS REPORT RE MOTION FOR ORDER COMPELLING RIVERBANK LOCAL REDEVELOPMENT AGENCY TO PROVIDE ELECTRICITY UPON PAYMENT OF ADEQUATE ASSURANCE DEPOSIT

(11 U.S.C. § 366)

**Status Conference:**
Date: March 23, 2015
Time: 4:30 p.m.
Place: 280 South First Street, Room 3020
        San Jose, California

Honorable Arthur S. Weissbrodt

      COMES NOW AQH, LLC, Debtor-in-Possession herein, and submits this status report regarding its motion for orders compelling the Debtor's utility provider, namely the Riverbank Local Redevelopment Agency (the "Riverbank LRA") to provide electricity upon payment of a security deposit as adequate assurance pursuant to Bankruptcy Code Sections 366 and 105(a).

/ / /

/ / /

1

# I. BACKGROUND

1. The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

2. The Debtor is a Bitcoin transaction processor and leases facilities located at 5300 Claus Road, Buildings 5, 21 and 50, in Modesto, California from the Riverbank LRA. The Riverbank LRA also serves as a utility and provides the Debtor with electricity via its on-site power substation. The Debtor estimates that it owes the Riverbank LRA approximately $90,000 in arrears for electricity as of February 20, 2015.[1]

# II. RECENT DEVELOPMENTS

3. Following commencement of the case, the Debtor and the Riverbank LRA engaged in extensive discussions regarding certain inspections that the Riverbank LRA imposed as a condition to providing electricity to the expanded facilities. The Court is generally familiar with these discussions from statements made in prior hearings, but in sum the Debtor has provided updated architectural and engineering plans as requested by the Riverbank LRA and its building-inspector sub-contractor, namely Interwest Consulting Group ("Interwest"). These revised plans were approved, subject to further minor corrections on March 17, 2015, and building inspections were scheduled for March 20, 2015.

4. The final versions of the architectural and engineering plans incorporating the minor corrections were provided to the Riverbank LRA on March 18, 2015.

5. Interwest conducted the building inspections on March 20, 2015, and the results were positive. Final approval of the project is conditioned upon receiving final copies of special inspection reports and test results, which the Debtor expects to provide prior to March 26, 2015.

6. The Debtor's electrical contractor expects to provide updated electrical designs and calculations, as requested by the Riverbank LRA and Interwest, by the close of business on March 23, 2015.

---

[1] This figure remains subject to dispute and the Debtor reserves all rights.

7. Applied Power Systems, Inc., an electrical contractor for the Riverbank LRA, commenced work on installation of a separate power meter and connecting the Debtor's facility to the power grid on March 20, 2015. The Debtor understands that Applied Power Systems will complete its work by the close of business on March 25, 2015.

8. Previously, the Riverbank LRA represented to the Court that the United States Army had until the close of business on March 26, 2015, to object to the improvements made by the Debtor. To the Debtor's knowledge, the Army has not yet objected to the improvements and the Debtor does not expect the Army to object.

9. Separately, the Debtor arranged for a torque test on certain bolts securing the server racks to be conducted the morning of March 23, 2015. The results of that test were positive and the final report of that test should be available to the Riverbank LRA and Interwest by the end of the business day on March 23, 2015. The Debtor understands that its engineer determined that a separate pull test on the same bolts is not necessary and that the engineer will provide a written waiver to supplement the written plans.

### III. DEBTOR'S PROPOSED SCHEDULING

10. Given that the work toward connecting the Debtor's facility appears to be progressing on schedule, it does not appear that going forward with the status conference hearing on March 23, 2015 will be benefit the Court, the Debtor, or the other parties in interest. The Debtor therefore suggest that the hearing set for 4:30 p.m. on March 23, 2015, be vacated.

11. The Debtor suggests that the Court schedule a hearing at 2:30 p.m. on Thursday, March 26, 2015, to consider entry of a final order on Debtor's utilities motion and receive a further status report.

12. The Debtor has conferred with counsel for the Riverbank LRA and understands that the Riverbank LRA does not oppose holding a continued hearing and status conference the afternoon of Thursday, March 26, 2015.

### IV. PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for entry of an order:

1. Vacating the Status Conference scheduled for 4:30 p.m. on March 23, 2015;

2. Setting a final hearing on the Debtor's utilities motion and status conference for 2:30 p.m. on Thursday, March 26, 2015; and

3. For such further relief as is appropriate in the premises.

DATED: March 23, 2015

MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
     Matthew J. Olson
     Attorneys for Debtor-in-Possession,
     AQH, LLC

4