MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

        Debtor.

Case No. 15-50553-ASW-11

Chapter 11

DECLARATION OF RENO F.R. FERNANDEZ III IN SUPPORT OF APPLICATION FOR APPOINTMENT OF MACDONALD FERNANDEZ LLP AS ATTORNEYS FOR DEBTOR-IN-POSSESSION

I, Reno F. R. Fernandez III, declare:

1. I am a partner with Macdonald Fernandez LLP. I am an attorney duly admitted to practice before this Court and the court of the state of California. I am over the age of eighteen years. The following facts are true of my own personal knowledge. If called as a witness, I could and would competently testify as follows.

2. The firm has made arrangements with AQH, LLC, Debtor-in-Possession herein, to represent it in connection with the within case. A true and correct copy of the Legal Services Agreement is attached hereto as Exhibit "A" and incorporated herewith by reference.

3. The Debtor has agreed to provide a retainer in the total amount of $50,000.00 as an advance payment to cover attorney's fees, as well as, costs and expenses. The Debtor paid $50,000.00 of said retainer to Macdonald Fernandez LLP prior to the commencement of the within case. The firm's employment is subject to the Bankruptcy Code, the Federal and Local Rules and

1

orders of the Court, and the firm will abide thereby.

4. The hourly rates of the attorneys and paralegals, as described in the Legal Services Agreement, who will be of service in this matter are as follows:

| | |
|---|---|
| Iain A Macdonald | $590.00 |
| Reno F. R. Fernandez III | $475.00 |
| Associate Attorneys | $325.00-$425.00 |
| Paralegals | $150.00 |

5. Prior to the filing of the bankruptcy petition on February 19, 2015, Macdonald Fernandez LLP incurred fees in the amount of $12,174.00 and expenses totaling $1,730.00 (such expenses are inclusive of the Court's filing fee for the chapter 11 bankruptcy petition). The balance of the retainer as of February 19, 2015, upon applying the retainer to these fees and expenses, was $36,096.00.

6. Macdonald Fernandez LLP does not have a pre-petition claim against the estate.

7. I have reviewed the statements made in the accompanying Application for Appointment of Macdonald Fernandez LLP as Attorneys for Debtor-in-Possession, and I have familiarized myself with the creditors of the Debtor and the known parties in interest. Macdonald Fernandez LLP has no known relationship with any such creditor or party in interest.

8. Neither Macdonald Fernandez LLP nor any of its attorneys hold or represents an interest adverse to the estate or any class of creditors or equity security holders.

9. Neither Macdonald Fernandez LLP nor any of its attorneys is a creditor, equity security holder or insider of the Debtor.

10. Neither Macdonald Fernandez LLP nor any of its attorneys is, and was not within two years before the petition date, a director, officer, member, manager or employee of the Debtor.

11. To the best of my knowledge, Macdonald Fernandez LLP has no connections with the Debtor, any person employed with the Office of the United States Trustee, and is a "disinterested person" as defined by 11 U.S.C. §101 (14) and as required by 11 U.S.C. §327(a).

12. I understand the firm's right to recover fees and costs are subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated by the United States Bankruptcy Court for the Northern District of California, and payment of such fees

and costs are subject to prior Court approval.

13. Macdonald Fernandez LLP has no agreement to share its compensation with any other person or entity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23rd day of March, 2015, at San Francisco, California.

/s/ Reno F.R. Fernandez III
Reno F.R. Fernandez III
Proposed Attorneys for Debtor-in-Possession,
AQH, LLC

# EXHIBIT A

LAW OFFICES

**MACDONALD | FERNANDEZ** LLP

221 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94104-2323

TELEPHONE (415) 362-0449
FACSIMILE (415) 394-5544
www.macfern.com

IAIN A. MACDONALD
RENO F.R. FERNANDEZ III
MATTHEW J. OLSON
ROXANNE BAHADURJI

<u>CENTRAL VALLEY OFFICE</u>
914 THIRTEENTH STREET
MODESTO, CALIFORNIA 95354
TELEPHONE: (209) 549-7949
FACSIMILE: (209) 236-0172

## <u>LEGAL SERVICES AGREEMENT</u>

1. IDENTIFICATION OF PARTIES. This Legal Services Agreement (this "Agreement") is made between MACDONALD FERNANDEZ LLP, a California limited liability partnership, and AQH, LLC, a California limited liability company. This Agreement is intended to fulfill the requirements of California Business and Professions Code Section 6148.

2. LEGAL SERVICES TO BE PROVIDED. We will provide advice and representation in commencing and prosecuting a case under Chapter 11 of Title 11 of the United States Code before the United States Bankruptcy Court for the Northern District of California.

3. LEGAL SERVICES SPECIFICALLY EXCLUDED. We will not represent you in any other legal matter, lawsuit or appeal. If you want us to perform any legal services not provided for under this Agreement, a separate written agreement between us will be required. You are not relying on us for, and we are not providing, any business, investment, insurance or accounting advice or decisions or any investigation of the character or credit of persons with whom you may be dealing. We are also not providing you advice relating to taxes or any tax implications which may result from the subject matter of our representation.

4. RESPONSIBILITIES OF ATTORNEY AND CLIENT. We will perform the legal services called for under this Agreement, keep you informed of progress and developments, and respond promptly to your inquiries and communications. You will be truthful, provide all available documentation including agreements, correspondence and accounting records, cooperate with us, provide necessary time lines and declarations, promptly pay all fees and costs, make yourself available for telephone conference and meetings, and keep us informed of developments.

This Agreement will not take effect, and we shall have no obligation to provide legal services, until you return a signed copy of this Agreement and pay the initial retainer, if any, called for below.

5. ATTORNEY'S FEES. Our fees are based on how much time is spent on your matter and by whom. We bill in minimum time increments of .10 hours even if the actual time expended is less. Hourly rates vary according to the years of experience, specialization in training and practice, and level of professional attainment of the particular individual. Travel time is billed at one-half of the standard rate. The current fee schedule is set forth below and may be adjusted semiannually:

| | |
|---|---|
| Iain A. Macdonald | $590.00 per hour |
| Reno F. R. Fernandez III | $475.00 per hour |
| Associates | $325.00-$425.00 per hour |
| Paralegals | $150.00 per hour |

1

6. **COSTS AND EXPENSES.** You are responsible for all costs and expenses we incur in your representation including expenses for filing, recording, service of process, discovery expenses, jury fees, expert and percipient witness fees, business-class travel, lodging, meals, telephone calls, messengers, and ancillary services such as photocopying, facsimile, computer research, mileage, and post-representation off-site records storage. Ancillary services will include a standard overhead component when billed and are set forth below and will be charged. We may, at our option, advance any or all of said costs and expenses on your behalf, as we deem appropriate. If we do, however, you will remain ultimately liable for all such costs and expenses, and you hereby agree to reimburse us therefore regardless of the outcome of this matter, and upon presentation of such bills, you will reimburse us for the same upon court approval. The current schedule of ancillary costs is set forth below and may be adjusted semiannually:

| | |
|---|---|
| Printing and Copying | $ .20 per page |
| Scanning and Facsimiles | $ .20 per page, sending and receiving |
| Mileage | $ .35 per mile for ground transportation |
| Database Research | Actual charges |

7. **RETAINER AND PAYMENT.** You have agreed to provide an initial retainer of $50,000.00 as an advance payment to cover fees as well as costs and expenses as described above. The fees, costs and expenses will be charged against the retainer. You authorize us to use that fund to pay the fees and other charges as they are incurred. You acknowledge that the initial retainer is not an estimate of total fees and charges, but rather an advance for security. At the conclusion of the matter, the deposit will be applied to any unpaid fees and charges, and you will be responsible for any amount due over and above the deposit or be entitled to a refund of any amount remaining.

Our bills are due upon receipt and are past due 15 calendar days after mailing; provided, however, that no payment shall be made during the pendency of a chapter 11 bankruptcy case unless otherwise ordered by the court. We generally bill on a monthly basis, although we may render bills as often as four times per month. Due to the fact that some of our attorneys record time via contemporaneous entries on paper forms, which take longer to process than electronic entries, some bills may contain time entries for the previous billing period. It is our experience that our firm and our clients both benefit when bills are promptly rendered, any questions about bills are promptly raised, and payment is then promptly made. If you have any questions or concerns about the form in which yours bills are presented, please raise them promptly, as any objections you have will be waived if you do not bring them to our attention before: (1) court approval of our attorney's fees and expenses; or (2) 90 calendar days after mailing if court approval is not required. We will give you notice (email or written) reasonably in advance during any month in which we believe our attorney's fees will exceed $15,000 for that month.

Except during the pendency of a chapter 11 bankruptcy case, in the event that any fees or charges are not timely paid, interest will be charged on the unpaid principal balance (consisting of fees, costs and expenses) from the date of the invoice. Interest will be calculated by multiplying the unpaid balance by the periodic rate of .833% per month (ten percent (10%) per annum). The unpaid balance will accrue interest, compounded monthly, until paid.

2

8. DISCHARGE OF ATTORNEY. You may discharge us at any time by written notice effective when we receive it. Unless you and we specifically agree in writing, we will provide no further services and advance no further costs on your behalf after receipt of the notice. If we are your attorney of record in any proceeding, you will execute and return a substitution-of-attorney form immediately on its receipt from us, which we will promptly provide you. Notwithstanding our discharge, you will be obligated to pay us our contractual attorney's fees for all hourly services rendered and to reimburse us for all costs we have advanced before our discharge.

9. WITHDRAWAL OF ATTORNEY. We may withdraw at any time, unless otherwise ordered by a court of competent jurisdiction, and as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) The client consents, and (b) the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively. Notwithstanding our withdrawal, you are obligated to pay us our contractual attorney's fees for all hourly services we rendered and to reimburse us for all costs we advanced before our withdrawal.

10. RELEASE OF CLIENT'S PAPERS AND PROPERTY - POST-REPRESENTATION STORAGE FEES AND DOCUMENT RETENTION. At the termination of services under this Agreement, we will promptly release all of your papers and property to you on request. "Your papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to your representation, whether you have paid for them or not. If you request the release of your papers and property and you are then indebted to us under this Legal Services Agreement, we will retain a copy of your file at your expense, paid in advance. If you do not claim your papers and property, you will be responsible for post-representation off-site records storage fees at the current rate of $1.00 per month per file box or portion thereof. We may destroy any and all of your files, including your personal property therein, unless you claim and retrieve them within five (5) years after the closing of the file.

11. DISCLAIMER OF GUARANTEE. Nothing in this Agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome of this matter. We make no such promises or guarantees, and there can be no assurances as to the outcome of the matter. Our comments about the outcome of this matter are expressions of opinion only. You acknowledge that we have made no promise or guarantees about the outcome.

12. ENTIRE AGREEMENT. This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties. This Agreement may be modified by subsequent agreement of the parties only in writing signed by both parties.

13. SEVERABILITY; WAIVER. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect. Any express or implied waiver of any term of this Agreement shall not be deemed a continuing waiver and shall not affect the continuing validity and force of said term, unless otherwise agreed in writing signed by both parties.

3

14. **EFFECTIVE DATE OF AGREEMENT.** The effective date of this Agreement will be the date upon which all parties have executed this Agreement and a fully-executed copy thereof is received by us. Notwithstanding the foregoing, this Agreement will govern all legal services commencing with the date we first performed services.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM. YOU ACKNOWLEDGE THAT YOU UNDERSTAND AND AGREE TO THE FOREGOING TERMS AND THAT YOU HAVE THE CAPACITY AND ALL NECESSARY AUTHORITY TO EXECUTE THIS AGREEMENT.

DATED: February 16, 2015    AQH, LLC

By: _____
Sean Walsh,
Managing Member

DATED: February 16, 2015    MACDONALD FERNANDEZ LLP

By: _____
Reno F.R. Fernandez III,
Partner

4