MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

               Debtor.

Case No. 15-50553-ASW-11

Chapter 11

MOTION TO APPROVE (1)
APPOINTMENT OF KELLY LITIGATION
GROUP, INC. AS SPECIAL LITIGATION
COUNSEL FOR DEBTOR-IN-POSSESSION
AND (2) PAYMENT OF POST-PETITION
RETAINER

[No Hearing Set]

COMES NOW AQH, LLC, d/b/a Aquifer, LLC, Debtor in Possession herein, which moves

for authority to retain Kelly Litigation Group, Inc. as the special litigation counsel for the Debtor in

Possession pursuant to Bankruptcy Code Section 327 and for authorization to pay a post-petition

retainer of $5,000 to Kelly Litigation Group, Inc. pursuant to Bankruptcy Code Sections 363(b)(1),

328(a), and 105(a), and respectfully represents:

       1.     The within case was commenced by filing a voluntary chapter 11 petition on

February 19, 2015.  A trustee has not been appointed and the Debtor is in possession of its estate.

**Motion to Employ Special Litigation Counsel**

       2.     The Debtor wishes to employ Kelly Litigation Group, Inc. as special litigation

counsel to assist with the resolution of general civil litigation matters involving tenant improvements

under the Riverbank Industrial Complex Lease Agreement. Services related to the aforesaid

arrangement include representation in any court action until a settlement or judgment, by arbitration

1

or trial, is reached. In selecting such counsel, the Debtor has made diligent and careful inquiries into the qualifications and connections of Kelly Litigation Group, Inc., and has found said attorneys to be qualified to represent it in this case by reason of their ability, integrity, and professional experience.

3. Michael Mengarelli will lead this engagement. Mr. Mengarelli's qualifications are outlined in the curricula vitae attached as Exhibit "A."

4. On March 18, 2015, the Debtor entered into a fee agreement with Kelly Litigation Group, Inc. See Exhibit "B." The Debtor proposes to operate pursuant to that agreement post-petition, subject to the Court's review and approval of all fees pursuant to 11 U.S.C. §§ 330 and 331. Mr. Mengarelli and AQH, LLC have agreed to an initial retainer deposit of $2,500.00 for this engagement. Mr. Mengarelli's hourly rate is $350.00.

5. Kelly Litigation Group, Inc. has no agreement to share compensation with any other person or entity.

6. Kelly Litigation Group, Inc. has been approached by the employees and agents of AQH, LLC, namely Sean Walsh, Yan Ebyam, and Anthony Brough, to represent them in certain litigation pending before the Superior Court of California, County of San Francisco styled *Kilday v. Walsh*, Case Number CGC-15-54459, filed on March 9, 2015 (the "Kilday Lawsuit").  The claims asserted in the Kilday Lawsuit arise entirely from a contract to which the Debtor is party, not Walsh, Ebyam, and Brough and it appears that the filing of the suit is a thinly veiled attempt to circumvent the automatic stay provided by Bankruptcy Code Section 362(a).  The Debtor is not paying for any of the fees related to the representation of Walsh, Ebyam, and Brough by Kelly Litigation Group, Inc.

7. Except as noted in paragraph 6, Kelly Litigation Group, Inc. and its employees have no connection with the Debtor, nor its known employees, creditors, attorneys or accountants, the United States Trustee, or any person employed with the Office of the United States Trustee, and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a).

8. Kelly Litigation Group, Inc. does not hold a pre-petition claim against the estate. Kelly Litigation Group, Inc. does not own any interest in any entity that has a claim against the

estate.

9.    Kelly Litigation Group, Inc. understands the Debtor's obligation to pay fees and costs is subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated by the United States Bankruptcy Court for the Northern District of California and payment of such fees and costs are subject to prior court approval.

**Motion to Pay Post-Petition Retainer**

10.    The Debtor agreed to pay Kelly Litigation Group, Inc. a retainer in the amount of $2,500.  Said retainer is appropriate to the size and complexity of the case.  Specifically involving tenant improvements under the Riverbank Industrial Complex Lease Agreement including representation in any court action until a settlement or judgment, by arbitration or trial, is reached. Kelly Litigation Group, Inc.'s familiarity with construction law and the application of California's building codes is essential to the protection of the Debtor's interests in the dispute with the Riverbank RLA.

A.    PAYMENT OF THE POST-PETITION RETAINER IS WITHIN THE SOUND BUSINESS JUDGMENT OF THE DEBTOR IN THAT IT IS NECESSARY IN ORDER TO OBTAIN COMPETENT SPECIAL COUNSEL

11.    It is beyond cavil that the estate requires competent advice on accounting issues. Bankruptcy Code Section 363(b)(1) provides that a debtor in possession, after notice and a hearing, may use, sell or lease property of the estate other than in the ordinary course of business.  The standard under Section 363(b)(1) is the "business judgment" standard, and a debtor may use property of the estate so long as there is "some articulated business justification" for the proposed use.  *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)).

12.    Payment of the aforesaid post-petition retainer is within the Debtor's sound business judgment.  "[T]he bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (applying business judgment standard in context of rejection of executor contract). Payment of a post-petition retainer is in the best interests of the estate in that it is necessary in order

Case: 15-50553   Doc# 55   Filed: 03/23/15   Entered: 03/23/15 17:35:45   Page 3 of 5

to obtain the services of competent counsel.

    B.      THE POST-PETITION RETAINER IS REASONABLE IN LIGHT OF THE SIZE AND COMPLEXITY OF THE WITHIN CASE

    13.     The aforesaid retainer is reasonable in proportion to the size and complexity of the within case. Bankruptcy Code Section 328(a) provides that the Debtor, with Court approval, may employ professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." As discussed above, this case involves tenant improvements under the Riverbank Industrial Complex Lease Agreement including representation in any court action until a settlement or judgment, by arbitration or trial, is reached. Kelly Litigation Group, Inc.'s familiarity with construction law and the application of California's building codes is essential to the protection of the Debtor's interests in the dispute with the Riverbank RLA.

    C.      THE RETAINER IS IN THE BEST INTERESTS OF THE ESTATE IN THAT THE ASSISTANCE OF COMPETENT SPECIAL COUNSEL IS NECESSARY IN ORDER TO ADMINISTER THE WITHIN CASE

    14.     Payment of the retainer is necessary in order to obtain competent accountants to assist in the administration of the within case. Bankruptcy Code Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. The proper administration of the case is in the best interests of the estate.

    D.      THE DEBTOR SHOULD BE AUTHORIZED TO USE CASH COLLATERAL TO PAY THE RETAINER BECAUSE PAYMENT OF THE RETAINER IS IN THE BEST INTERESTS OF THE ESTATE

    15.     The purpose for the proposed use of cash collateral and the proposed terms of use of cash collateral are set forth in the Cash Collateral Motion and, for further particulars, reference is made thereto. The Debtor suggests that repeating the same information in this Motion will unnecessarily burden the Court and parties in interest, and the Debtor requests that the Court excuse said requirement. The Debtor requests authority to use cash collateral to pay the retainer to Kelly Litigation Group, Inc. upon the same terms and conditions as set forth in the Cash Collateral Motion.

/ / /

/ / /

4

**<u>Conclusion</u>**

WHEREFORE, the Debtor prays that

1.     It be authorized to employ and appoint Kelly Litigation Group, Inc. as his special

litigation counsel pursuant to Bankruptcy Code Section 327(e) effective March 18, 2015;

2.     That it be authorized to pay Kelly Litigation Group, Inc. a post-petition retainer of

$2,500 pursuant to Bankruptcy Code Sections 363(b)(1), 328(a), and 105(a) from cash collateral or

the other unencumbered assets of the estate; and

3.     For such other and further relief as is proper in the premises.

DATED: March 23, 2015                                    MACDONALD | FERNANDEZ LLP

By:   <u>   /s/ Matthew J. Olson         </u>
      Matthew J. Olson

      Attorneys for Debtor in Possession
      AQH, LLC