MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor in Possession,
AQH, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

        Debtor.

Case No. 15-50553-ASW-11

Chapter 11

MOTION TO APPROVE (1) APPOINTMENT OF BAUDLER & FLANDERS AS ACCOUNTANT FOR DEBTOR-IN-POSSESSION AND (2) PAYMENT OF POST-PETITION RETAINER

[No Hearing Set]

    COMES NOW AQH, LLC, d/b/a Aquifer, LLC, Debtor in Possession herein, which moves for authority to retain Baudler & Flanders, CPAs ("Baudler & Flanders") as the accountants for the Debtor in Possession pursuant to Bankruptcy Code Section 327 and for authorization to pay a post-petition retainer of $5,000 to Baudler & Flanders pursuant to Bankruptcy Code Sections 363(b)(1), 328(a), and 105(a), and respectfully represents:

    1.    The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of its estate.

## Motion to Employ Accountants

    2.    The Debtor wishes to employ Baudler & Flanders, CPAs ("Baudler & Flanders") as accountants to prepare Debtor's Monthly Operating Reports and to provide other accounting services

1

to the Debtor appurtenant thereto effective March 9, 2015.

3. Donna E. Flanders, CPA will manage this engagement on behalf of Baudler & Flanders and supervise any other employees of Baudler & Flanders who are assigned to this engagement.

4. In selecting such accounting consultant, the Debtor has made diligent and careful inquiries into the qualifications and connections of Baudler & Flanders and found them to be qualified to provide accounting consulting services. Baudler & Flanders' qualifications are outlined in her curriculum vitae, which is filed concurrently herein as Exhibit "A" to the Declaration of Donna E. Flanders, CPA (the "<u>Flanders Decl.</u>").

5. The fees charged by Baudler & Flanders will be based on the number of hours of work performed on the project multiplied by the specific accountant or employee's applicable hourly billing rate, which range between $45.00 - $250.00. For bookkeeping services, including preparation of monthly operating reports, services are billed at the rate of $95.00 per hour. See Retention Agreement, Exhibit "B" to Flanders Decl.

6. Crimetek Security and I Guard, both unsecured creditors of the Debtor, are or have been clients of Baudler & Flanders. Both companies are current on their fees to Baudler & Flanders. Baudler & Flanders does not have a financial interest in either company and Baudler & Flanders did not provide audit services to either company.

7. Other than as noted in Paragraph 6, Baudler & Flanders and its employees have no connection with the Debtor, nor its known employees, creditors, attorneys or accountants, the United States Trustee, or any person employed with the Office of the United States Trustee, and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a).

8. Baudler & Flanders does not hold a pre-petition claim against the estate. Baudler & Flanders does not own any interest in any entity that has a claim against the estate.

9. Baudler & Flanders understands the Debtor's obligation to pay fees and costs is subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated by the United States Bankruptcy Court for the Northern District of California,

2

and payment of such fees and costs are subject to prior court approval.

## Motion to Pay Post-Petition Retainer

10. The Debtor agreed to pay Baudler & Flanders a retainer in the amount of $5,000. Said retainer is appropriate to the size and complexity of the case. Specifically, this case requires the preparation of both tax returns and ongoing court-ordered reporting, preparation of certain tax reports required by the Internal Revenue Service for the holders of equity interests in the Debtor, and providing assistance to the Debtor's management and counsel with accounting-related issues.

A. PAYMENT OF THE POST-PETITION RETAINER IS WITHIN THE SOUND BUSINESS JUDGMENT OF THE DEBTOR IN THAT IT IS NECESSARY IN ORDER TO OBTAIN COMPETENT ACCOUNTANTS

11. It is beyond cavil that the estate requires competent advice on accounting issues. Bankruptcy Code Section 363(b)(1) provides that a debtor in possession, after notice and a hearing, may use, sell or lease property of the estate other than in the ordinary course of business. The standard under Section 363(b)(1) is the "business judgment" standard, and a debtor may use property of the estate so long as there is "some articulated business justification" for the proposed use. *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)).

12. Payment of the aforesaid post-petition retainer is within the Debtor's sound business judgment. "[T]he bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (applying business judgment standard in context of rejection of executor contract). Payment of a post-petition retainer is in the best interests of the estate in that it is necessary in order to obtain the services of competent counsel.

B. THE POST-PETITION RETAINER IS REASONABLE IN LIGHT OF THE SIZE AND COMPLEXITY OF THE WITHIN CASE

13. The aforesaid retainer is reasonable in proportion to the size and complexity of the within case. Bankruptcy Code Section 328(a) provides that the Debtor, with Court approval, may employ professionals "on any reasonable terms and conditions of employment, including a retainer,

on an hourly basis, or on a contingent fee basis." As discussed above, this case this case requires the preparation of both tax returns and ongoing court-ordered reporting, preparation of certain tax reports required by the Internal Revenue Service for the holders of equity interests in the Debtor, and providing assistance to the Debtor's management and counsel with accounting-related issues.

C. **THE RETAINER IS IN THE BEST INTERESTS OF THE ESTATE IN THAT THE ASSISTANCE OF COMPETENT ACCOUNTANTS IS NECESSARY IN ORDER TO ADMINISTER THE WITHIN CASE**

14. Payment of the retainer is necessary in order to obtain competent accountants to assist in the administration of the within case. Bankruptcy Code Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. The proper administration of the case is in the best interests of the estate.

D. **THE DEBTOR SHOULD BE AUTHORIZED TO USE CASH COLLATERAL TO PAY THE RETAINER BECAUSE PAYMENT OF THE RETAINER IS IN THE BEST INTERESTS OF THE ESTATE**

15. The purpose for the proposed use of cash collateral and the proposed terms of use of cash collateral are set forth in the Cash Collateral Motion and, for further particulars, reference is made thereto. The Debtor suggests that repeating the same information in this Motion will unnecessarily burden the Court and parties in interest, and the Debtor requests that the Court excuse said requirement. The Debtor requests authority to use cash collateral to pay the retainer to Baudler & Flanders upon the same terms and conditions as set forth in the Cash Collateral Motion.

## Conclusion

WHEREFORE, the Debtor prays:

1. That it be authorized to employ Baudler & Flanders as accountant pursuant to Bankruptcy Code § 327(a) effective March 9, 2015;

2. That it be authorized to pay Baudler & Flanders a post-petition retainer of $5,000 pursuant to Bankruptcy Code Sections 363(b)(1), 328(a), and 105(a) from cash collateral or the other unencumbered assets of the estate; and

/ / /

/ / /

4

3. For such other and further relief as is appropriate in the premises.

DATED: March 26, 2015                         MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Proposed Attorneys for Debtors in Possession,
    AQH, LLC