MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Proposed Attorneys for Debtor in Possession,
AQH, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

                Debtor.

Case No. 15-50553-ASW-11

Chapter 11

**NOTICE OF OPPORTUNITY OF HEARING ON MOTION FOR RETROACTIVE APPOINTMENT OF DBMAC, INC. AS CONSULTANT FOR DEBTOR-IN-POSSESSION AND APPROVAL OF POST-PETITION RETAINER**

[No Hearing Set]

    NOTICE IS HEREBY GIVEN that on April 23, 2015, AQH, LLC, d/b/a Aquifer, LLC, Debtor in Possession herein, filed its motion for authority to retain DBMAC, Inc. as the consultants for the Debtor in Possession pursuant to Bankruptcy Code Section 327 and for authorization to pay a post-petition retainer of $12,000 to DBMAC, Inc. pursuant to Bankruptcy Code Sections 363(b)(1), 328(a), and 105(a), (the "Motion"). A copy of the Motion and its supporting pleadings may be obtained from the undersigned, the Clerk of Court, or the Court's CM/ECF website at https://ecf.canb.uscourts.gov.

    As more fully set forth in the Motion and supporting pleadings, the Debtor needs assistance with navigating through various governmental channels to secure the financing of its electrical infrastructure requirements in the Datacenter Facility, other relevant governmental agencies, (namely, Alliance - Stanislaus Economic Development & Workforce Alliance) and other private funding sources. Additionally, the Debtor requires a seasoned governmental affairs professional to assist it with maintaining the Debtor's relationship with the Riverbank LRA. Payment of the $12,000 post-petition retainer is within the Debtor's sound business judgment, the retainer is reasonable in proportion to the size and complexity of the within case, and payment of the retainer is necessary in order to obtain competent accountants to assist in the administration of the within case.

    NOTICE IS FURTHER GIVEN that the Debtor requests authority to pay the retainer from either cash collateral or other unencumbered assets of the estate. The purpose for the proposed use of cash collateral and the proposed terms of use of cash collateral are set forth in the Cash Collateral Motion and, for further particulars, reference is made thereto. The Debtor suggests that repeating the same information in this Motion will unnecessarily burden the Court and parties in interest, and the

1

Debtor requests that the Court excuse said requirement. The Debtor requests authority to use cash collateral, or other unencumbered assets of the estate, to pay the retainer to DBMAC, Inc. upon the same terms and conditions as set forth in the Cash Collateral Motion.

NOTICE IS FURTHER GIVEN that, pursuant to Bankruptcy Local Rule 9014-1(b)(3) of the United States Bankruptcy Court for the Northern District of California, any objection or request for hearing regarding the Debtor's Motion must be filed with the court and served upon the Debtor's undersigned counsel within 21 days of the date of mailing of this notice. Any request for hearing or objection to the Motion must be accompanied by any declarations or memoranda of law that the party objecting or requesting wishes to present in support of its position. If there is no timely objection to the Motion or request for hearing, the Court may enter an order granting the Motion without a hearing. In the event an objection or request for hearing is timely made, the Debtor will give at least 7 days written notice of the hearing to any timely objecting or requesting party and the United States Trustee.

DATED: April 23, 2015                              MACDONALD | FERNANDEZ LLP


                                                   By:  /s/ Matthew J. Olson
                                                        Matthew J. Olson
                                                        Attorneys for Debtor in Possession,
                                                        AQH, LLC

2