MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

          Debtor.

Case No. 15-50553-ASW-11

Chapter 11

**STATUS CONFERENCE STATEMENT**

Date: April 30, 2015
Time: 2:30 p.m.
Place: Courtroom 3020
       280 South First Street
       San Jose, California

Hon. Arthur S. Weissbrodt

COME NOW AQH, LLC, the Debtor-in-Possession herein, and submits this Status Conference Statement, and respectfully represents as follows:

1. The within case was commenced by filing a voluntary chapter 11 petition on an emergency basis on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

2. This case is a small business case pursuant to Bankruptcy Code Section 101(51D).

3. The Court extended the last date by which the Debtor is to file its schedules, statement of financial affairs, and other related documents from March 5, 2015 to 12:00 p.m. on March 6, 2015. The Debtor filed its schedules on March 6, 2015. Amendments to the schedules and an amended petition were filed on March 23, 2015.

### *Initial Debtor Interview and Section 341(a) Meeting of Creditors*

4. The Debtor's Initial Debtor Interview was held on March 19, 2015. The Debtor's management appeared at the interview.

5. The Debtor's 341(a) Meeting of Creditors was held on March 25, 2015, the Debtor's responsible individual and management appeared, and the meeting was concluded.

### *Debtor's First Day Motions*

6. On March 4, 2015, the Court held interim hearings on the Motion for the Authority to Use Cash Collateral (Docket No. 10); Motion for Order Compelling Riverbank Local Redevelopment Agency to Provide Electricity Upon Payment of Adequate Assurance Deposit (Docket No. 22); Motion for Authority to Pay Pre-Petition Wages and Taxes (Docket No. 11); and Motion to Approve Loan to Pay Utility Deposit and Wages and Supplemental Motion to Authorize Use of Cash Collateral (Docket No. 21) (collectively "First Day Motions").

7. Cash Collateral: The Debtor contends that there is no cash collateral, but sought authority to use cash collateral in an abundance of caution. The Court entered its most recent order approving interim use of cash collateral on April 8, 2015. A final hearing on approving the use of cash collateral is set for April 24, 2015.

8. Employees/Independent Contractors: As detailed in the Motion for Authority to Pay Pre-Petition Wages and Taxes, the Debtor has three employees and has entered into independent contractor agreements with seven individuals. On April 2, 2015, the Court entered an order approving the payment of pre-petition wages on an interim basis.

9. Utilities: After extensive hearings, the Court ordered the Riverbank Local Redevelopment Agency (the "Riverbank LRA") to promptly connect the Debtor's electricity upon completion of certain safety checks and the payment of an adequate assurance deposit, unless the United States Army timely objected to the electrical improvements requested by the Debtor. The electricity safety checks and final electrical connection work was completed on March 31, 2015. The Debtor provided the adequate assurance deposit on March 31, 2015, and the Riverbank LRA connected the Debtor's electricity on March 31, 2015. The Court entered its final order the Debtor's utility motion on April 17, 2015.

10. With the electricity connected to its new space, the Debtor is connecting additional servers to its network, adding additional capacity to its operations. The Debtor's efforts have been hampered by performance problems with the servers purchased from Emergent Systems Exchange, requiring the Debtor to invest substantial time repairing the servers. The servers are in many cases underperforming the benchmarks promised by Emergent Systems Exchange or may not be operable at all. The Debtor is attempting to work with Emergent Systems Exchange to obtain technical support to resolve technical problems with the servers.

### *Professionals*

11. The Court entered an order approving the employment of Macdonald Fernandez LLP as the Debtor's general bankruptcy counsel on April 10, 2015.

12. The Court entered an order approving the employment of Michael Mengarelli of Kelly Litigation Group, Inc. to serve as the Debtor's special counsel related to litigation with the Riverbank LRA on April 16, 2015.

13. The Court entered an order approving the employment of Baudler and Flanders, CPAs to serve as the Debtor's accountant on April 21, 2015.

14. On April 23, 2015, the Debtor filed an application to appoint DBMAC, Inc. as consultant for its relationships with certain local governmental entities. The application seeks approval of the employment retroactive to the petition date and the payment of a post-petition retainer. The Debtor afforded notice of opportunity to object to the employment, and said objection period expires on May 14, 2015.

15. The Debtor also anticipates employing special counsel to provide advice and counsel regarding certain employment law matters. The Debtor considering candidates and intends to request authority to employ prior to the status conference hearing.

### *Claim Objections*

16. The deadline for filing proofs of claim in the within bankruptcy case is June 23, 2015.

17. The Debtor's review of claims is ongoing, and the Debtor has not yet determined whether to bring objections to proofs of claim before or after the filing of its combined disclosure statement and chapter 11 plan.

### *Disclosure Statement and Plan*

18. The Debtor is a small business debtor within the meaning of Bankruptcy Code Section 101(51D), and the Debtor intends to take advantage of the streamlined procedures of 14 days' notice for tentative approval of disclosures, and confirmation of a combined form of disclosure statement and chapter 11 plan provided in Bankruptcy Code Section 1125(f). The Debtor anticipates filing a combined disclosure statement and plan by June 19, 2015 (120 days from the petition date).

### *Assumption of Unexpired Lease*

19. The deadline to assume or reject an unexpired lease of non-residential real property is June 19, 2015. The Debtor intends to assume that certain Lease Agreement with the Riverbank LRA for the facilities described above, and cure defaults prior to that date. The Debtor may seek further debtor-in-possession financing to fund the cure payments to the Riverbank LRA.

### *Anticipated Litigation*

20. The Debtor is evaluating and plans anticipates bringing the adversary proceedings and motions described below:

    a. Emergent Systems has no *bona fide* claim of a security interest, as discussed in the Debtor's cash collateral motion. Nevertheless, Emergent Systems threatened to enter upon the Debtor's premises and remove equipment during the week of February 16, 2015. The Debtor believes that Emergent Systems and Andrew L. Faris ("Faris") were coordinating their activities with the intent of improperly ousting the Debtor's management and placing Faris in control of the Debtor. This, in part, precipitated the commencement of the within case. Moreover, Emergent Systems failed to deliver approximately 600 servers to the Debtor as promised and Emergent Systems charges a usurious interest rate. Finally, Emergent has violated the automatic stay by making post-petition demands for payment of its pre-petition debt; the Debtor has demanded that Emergent cease all collection activities. The Debtor's review of claims against Emergent Systems is ongoing, as are discussions with counsel, and the Debtor reserves all rights.

    b. The Debtor's review of Faris' claims is ongoing, and the Debtor reserves the right to bring claims and counterclaims against Faris. Discussions with counsel are ongoing, but if the parties are unable to informally resolve the claims, the Debtor intends to bring an adversary

4

proceeding to determine the priority, validity, and extent of liens against all purported lienholders and to assert claims and counterclaims against Emergent Systems, Faris, and any other appropriate party.

   c. The Debtor is evaluating claims it may hold against the Riverbank LRA, including claims for willful violations of the automatic stay, and the Debtor may seek sanctions, including sanctions to cover the cost of addressing the Riverbank LRA's refusal to provide electricity without full payment of its pre-petition claim.

   d. Faris and Christopher Kilday (an unsecured creditor) have also violated the automatic stay by attempting to enforce their claims post-petition. The Debtor is evaluating its claims against Faris.

   e. More seriously, Kilday has commenced suit in state court against two of the Debtor's officers and an independent contractor attempting to collect on his pre-petition debt from the Debtor through the officers and independent contractor. The officers and independent contractor have demurred to the complaint in state court. The Debtor intends to commence an adversary proceeding by April 24, 2015, seeking to enjoin prosecution of the suit in state court against the officers and independent contractor and to recover damages from Kilday for willful violations of the automatic stay.

  WHEREFORE, the Debtor prays that the Court:

  1. Enter an order continuing the status conference to a date in July 2015; and

  2. For such further relief as is appropriate in the premises.

DATED: April 23, 2015        MACDONALD | FERNANDEZ LLP

                By: /s/ Matthew J. Olson
                  Matthew J. Olson
                  Attorneys for Debtor in Possession,
                  AQH, LLC