\MACDONALD | FERNANDEZ LLP
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Plaintiff,
AQH, LLC, Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>AQH, LLC<br><br>        Debtor.<br><br>AQH, LLC, Debtor in Possession,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTOPHER KILDAY,<br><br>        Defendant. | Case No. 15-50553-ASW-11<br><br>Chapter 11<br><br>Adv. Pro. No. 15-_____-ASW<br><br>**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND INJUNCTIVE RELIEF** |

COMES NOW AQH, LLC, Debtor and Debtor in Possession herein, and alleges as follows:

**JURISDICTION**

1. The within bankruptcy case was commenced by filing a voluntary Chapter 11 petition on February 19, 2015. A trustee has not been appointed, and the Debtor is in possession of its estate.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334 and the general reference provided by Bankruptcy Local Rule 5011-1.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

4. Venue in proper under 28 U.S.C. § 1409.

/ / /

1

**PARTIES**

5. Plaintiff AQH, LLC is the Debtor in Possession in the main bankruptcy case, *In re AQH, LLC*, Bankr. N.D. Cal. No. 15-50553-ASW-11.

6. Christopher Kilday is an individual with a principal place of business within the County of San Francisco, California.

**GENERAL ALLEGATIONS**

7. Kilday asserts a claim against the AQH Bankruptcy Estate arising from an alleged breach of a contract between Kilday and the Debtor related to a commission that the Debtor allegedly agreed to pay him in connection with the Debtor's purchase of certain computer hardware from Emergent Systems Exchange L.L.C.

8. The Debtor disputes the liability for and amount of the Kilday claim. As of the petition date, Kilday's claim was contingent and is subject to certain setoff rights.

9. Prior to filing of the Debtor's bankruptcy petition, Kilday engaged in a series of aggressive collection actions, including making multiple telephone calls and emails to various employees and agents of the Debtor demanding immediate payment of his contingent claim.

10. On February 21, 2015, Kilday was served with a copy of the Court's *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* by mail to his current address, and thereby received notice of the bankruptcy case.

11. On February 26, 2015, Kilday was served with copies of the Debtor's motions to use cash collateral and for authority to pay pre-petition wages by mail to his current address, and thereby received notice of the bankruptcy case.

12. Following the filing of the bankruptcy petition and with notice of the bankruptcy case, Kilday continued his aggressive attempts to collect upon his pre-petition claim.

13. Specifically, on March 4, 2015, Kilday appeared at the hearing on the Debtor's first day motions and harassed the Debtor's management by, among other things, confronting Walsh and his elderly mother-in-law (a proposed DIP lender) in the hallway outside of the courtroom, taking photographs and video of them in violation of Civil Local Rule 77-3 (incorporated by Bankruptcy Local Rule 1001-2(a)), shouting "Hey! Hong Kong Sean! You brought your mother to court?! Hey,

old lady! Walk carefully!" at them, following them and the Debtor's counsel in the hallway outside the courtroom despite admonishment to cease and desist—expressly preventing Debtor's management from meeting confidentially with Debtor's counsel (Kilday claiming a right to be present)—and threatening to following them into an adjoining conference room.  Because of Kilday's actions, Court Security Officers had to be summoned to ensure the safety of Welsh and his mother-in-law and to restore order.

14. Kilday also sent post-petition written demands for immediate payment of his pre-petition claim, including an email sent to Debtor's counsel on March 5, 2015, and demands to inspect the Debtor's facilities despite having no right to perform such an inspection.

15. Thereafter, on March 9, 2015, Kilday commenced a civil action in the California Superior Court for the County of San Francisco against Sean Walsh, Yan Ebyam, Anthony Brough, Emergt Systems Exchange L.L.C., Andy Faris, and Does 1 through 20, inclusive (the "<u>State-Court Action</u>").  The State-Court Action is styled *Kildy v. Walsh* and was assigned case number CGC-15-54459; a copy of the complaint is attached as Exhibit "A." Walsh and Brough are officers and employees of the Debtor; Ebyam is an independent contractor working for the Debtor.

16. The Complaint alleges that the Debtor breached its contract with Kilday—the same contract and alleged breach that serve as the basis of Kilday's claim against the Bankruptcy Estate—and that Walsh, Ebyam, and Brough are liable to Kilday for the alleged breach as "agents" of the Debtor.  The Complaint does not allege any other theory on which Walsh, Ebyam, and Brough could be personally liable for the debts of the Debtor, and there is none.

17. It appears that the Debtor is the target of the action and that the Debtor is fictitiously named as a "doe" defendant.

18. The State-Court Action is a further attempt by Kilday to pressure the Debtor to make an immediate payment on his pre-petition claim.

19. On March 30, 2015, counsel for the Debtor sent Kilday's counsel in the State-Court Action a letter asserting that the commencement and prosecution of the State-Court Action constituted a violation of the automatic stay and demanding that the State-Court Action be immediately dismissed.  Kilday and his counsel did not respond to the letter, and the State-Court

3

Action remains pending.

## FIRST CAUSE OF ACTION
### (Violation of Automatic Stay—11 U.S.C. § 362)

20. The Debtor incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. The Debtor filed a voluntary Chapter 11 petition on February 19, 2015, within the meaning of Bankruptcy Code Section 301.

22. Upon filing of the voluntary Chapter 11 petition, the automatic stay of Bankruptcy Code Section 362 arose.

23. With knowledge of the bankruptcy case and the automatic stay, Kilday made post-petition attempts to collect his prepetition debt from the Debtor, including harassing the Debtor's management, demanding immediate payment for his pre-petition claim, and commencing the State-Court Action.

24. Kilday's post-petition actions constitute willful violations of the automatic stay created by Bankruptcy Code Section 362(a), and the Bankruptcy Estate has been damaged by the aforesaid conduct.

25. Therefore, the Bankruptcy Estate is entitled to an award of actual damages, including attorneys' fees and costs, and punitive damages pursuant to Bankruptcy Code Section 362(k).

## SECOND CAUSE OF ACTION
### (Injunctive Relief—11 U.S.C. § 105(a))

26. The Debtor incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. To the extent Kilday holds a valid claim under his contract with the Debtor, it will be paid by the Bankruptcy Estate.

28. Prosecution of the State-Court Action is an attempt by Kilday to pressure the Debtor's management, namely Walsh and Brough, to have the Debtor make payment on Kilday's pre-petition claim.

29. Prosecution of the State-Court Action will distract the Debtor's management from the

4

administration of the Bankruptcy Case, to the detriment of the Bankruptcy Estate and creditors.

30. California Corporations Code Section 317 and California Labor Code Section 2802 impose upon the Debtor the affirmative duty to reimburse its management and employees for all costs associated with the State-Court Action, including any recovery by Kilday, exposing the Bankruptcy Estate to additional claims and risks.

31. As a result of the State-Court Action, the Debtor will sustain great and irreparable injury as its efforts to reorganize are delayed and thwarted by Kilday's lawsuit and the Debtor is denied the protections afforded by the Bankruptcy Code.

32. The Debtor cannot be fully compensated in damages and is without an adequate remedy at law because continuance of the State-Court Action needlessly multiplies litigation and exposes the Bankruptcy Estate to conflicting judgments on the validity of Kilday's claim.

33. Therefore, the Bankruptcy Estate is entitled to an order enjoining prosecution of the State-Court Action.

## PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for judgment as follows:

1. Pursuant to the First Cause of Action, for an award of actual damages, including attorneys' fees and costs, according to proof;

2. Pursuant to the Second Cause of Action, for an order enjoining prosecution of the State-Court Action;

3. For punitive damages;

4. For costs of suit herein; and

5. For such other and further relief as is appropriate in the premise.

DATED: April 24, 2015                      MACDONALD | FERNANDEZ LLP

By:   /s/ Matthew J. Olson
       Matthew J. Olson
       Attorneys for Debtor-in-Possession,
       AQH, LLC

5