S. Craig Hunter – SB# 125247
Karl A. Schweikert - SB# 291497
Nubia I. Goldstein – SB# 272305
CHURCHWELL WHITE LLP
1414 K Street, 3rd Floor
Sacramento, CA 95814
(916) 468-0950 Phone
(916) 468-0951 Fax

Attorneys for Creditor
RIVERBANK LOCAL REDEVELOPMENT AUTHORITY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AQH, LLC,<br><br>        Debtor. | Case No.: 15-50553-11-ASW<br><br>**OPPOSITION BRIEF REGARDING DEBTOR'S REQUEST TO APPOINT DBMAC, INC. AS A CONSULTANT FOR DEBTOR-IN-POSESSION AND APPROVAL OF POST-PETITION RETAINER**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  280 South First Street, Room 3020<br>            San Jose, California<br><br>Honorable Arthur W. Weissbrodt |

     On April 23, 2015, AQH, LLC, ("Debtor") filed a Motion for Retroactive Appointment of DBMAC, Inc. as Consultant for Debtor-In-Possession and Approval of Post-Petition Retainer ("Motion"). Creditor Riverbank Local Redevelopment ("Riverbank LRA") hereby opposes the appointment as Debtor failed to properly notice the Motion and such appointment is not warranted nor in the best interests of the estate.

    **I.    Notice Provided By Debtor Is Inadequate**

     Debtor's notice of its Motion fails to comply with Bankruptcy Local Rule (B.L.R.) 9014-1(b)(3), which requires verbatim recitation of the language contained within B.L.R. 9014-1(b)(3)(A). The rule requires strict compliance and while the substance is communicated, the rule was not followed. As Debtor has initiated this proceeding under B.L.R. 9014-1(b)(3),

Debtor is obligated by B.L.R 9014-1(b)(3)(B) to set a tentative hearing date at least 14 days after the last date for parties to file objections or requests for hearings in accordance with B.L.R. 9014-1(b)(3)(A)(i). Debtor's failure to set this required tentative hearing renders its Motion entirely defective.

## II. DBMAC, Inc. Is Not A Disinterested Person; The Motion Is An Artifice For A Disguised, Improper Payment oOf DBMAC, Inc.'s Pre-Petition Claim

Even if the Court considers the Motion, it is unwarranted under the circumstances. The Court may deny compensation for the services of professional persons if at any time during their employment they are not a disinterested person. 11 U.S.C. § 328(c). As defined by 11 U.S.C. section 101(14)(A), a disinterested person is not a creditor. DBMAC, Inc. ("DBMAC") admits it was employed by the Debtor prior to the bankruptcy filing, attaches the details of the pre-petition retainer agreement, and expressly waives its pre-petition claim. Declaration of Daron McDaniel ("McDaniel Decl."), 2:2-4, Exh. A. DBMAC is clearly entitled to payment for its pre-petition work on behalf of the Debtor, though it has chosen to waive that claim. Neither the Debtor's Motion nor DBMAC's declaration indicate any work has been performed by DBMAC. Further, Debtor asserts the delay in notifying the court was caused by an internal review by the Debtor on the need to continue DBMAC's services post-petition. Motion at 4:7-8. AQH fails to state what services DBMAC performed during this post-petition period while AQH remained uncertain DBMAC's services were necessary. This is effectively an unlawful preference, exchanging a pre-petition debt for a post-petition retroactive consulting contract. DBMAC remains an interested party based on this sham arrangement. Riverbank LRA objects to the appointment of DBMAC on this basis and requests the Court deny payments to DBMAC as an interested party.

## III. Debtor Fails To Support DBMAC's Professional Fees

Debtor seeks to compensate DBMAC at the rate of $4,000 monthly for three months. Riverbank LRA objects to this payment to a professional person as not "being necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). As evidence of this, DBMAC is obligated under task item 4 to "[a]ct as a go-between on an as-needed basis with any issues with the LRA."

McDaniel Decl., Exh. at 2. Despite Debtor's assertion of a delay in requesting approval for DBMAC's professional services caused by the issues with Riverbank LRA, DBMAC was never utilized to provide these paid for services in a time of crisis. Motion at 4:8-9. Riverbank LRA objects to this payment as the Court cannot determine the reasonableness of the fee without being provided evidence of the time spent on such services. 11 U.S.C. § 330(a)(3)(A).

Further, pursuant to 11 U.S.C. § 330(a)(4)(A), the court shall not allow compensation for, (i) unnecessary duplication of services; or (ii) services that were not - (I) reasonably likely to benefit the debtor's estate; (II) necessary to the administration of the case. Debtor has failed to provide adequate support demonstrating the lobbying services of DBMAC are necessary at this time or reasonably likely to benefit the estate.

Riverbank LRA objects to the retroactive appointment of DBMAC as not being supported by evidence of any services rendered nor of any benefit conferred upon Debtor during the period from Debtor's bankruptcy filing to the present day.

### IV. Debtor Fails To Demonstrate Exceptional Circumstances Exist To Warrant A *Nunc Pro Tunc* Appointment

To support the *nunc pro tunc* appointment of a professional consultant, the Ninth Circuit in *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974 (9th Cir. 1995), noted

> "retroactive approval should be limited to situations in which "exceptional circumstances" exist. . . . To establish the presence of exceptional circumstances, professionals seeking retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner. In *re Occidental Fin. Group, Inc.*, 40 F.3d at 1062 (finding retroactive approval inappropriate where these two conditions were not met); *In re THC Fin. Corp.*, 837 F.2d at 392 (affirming denial of retroactive approval where these two conditions were not satisfied) (citations omitted)."

Debtor has failed to prove either prong of this requirement. In support of why Debtor failed to receive prior judicial approval, Debtor asserts delay caused by: (1) an internal review of whether continued services were necessary, (2) a focus on resolving issues with Riverbank LRA, (3) determining if court approval was necessary, and (4) an unidentified clerical error involving possible failure to transcribe an application. Motion at 4:8-19. Debtor has failed to demonstrate that these issues are sufficient to meet the "exceptional circumstances" standard. Debtor provides

Memorandum of Points and Authorities in Support of Objection to Debtor's Motion for Retroactive Appointment

no explanation of what clerical error or transcription error it is asserting caused the delay in submitting the request to employ DBMAC.

The second prong requires Debtor to demonstrate how DBMAC's services benefitted the estate in a significant manner.  Debtor's Motion and DBMAC's declaration do not provide any evidence that any services have been provided nor do they explain how the estate has benefitted from these services to date to support the retroactive payments sought by Debtor.  As noted above, given the failure to involve DBMAC in the resolution of issues with Riverbank LRA, it appears to Riverbank LRA that no services were provided, or needed, to justify the proposed retroactive compensation. McDaniel Decl., Exh. A at 2.

Debtor has failed to demonstrate exceptional circumstances exist to warrant the retroactive employment of DBMAC.

V. **Debtor Fails To Meet The Nine-Factor Test In Support Of The *Nunc Pro Tunc* Appointment of DBMAC**

In its decision regarding *In re Atkins*, the Ninth Circuit utilized a nine-factor test to review the sufficiency of the lower court's determination exceptional circumstances exist.  Debtor attempts to deal with several factors in a cursory manner, for example, "there has been no objection to Trowbridge's [sic] employment." Motion at 4:5-6.  Regardless of whom Debtor was attempting to refer to, it is unclear how a creditor could lodge an objection to retroactive secret employment prior to disclosure by the Debtor.

Debtor asserts "[i]t is beyond cavil that the estate requires competent advice on accounting issues." Motion at 4:27.  However, this Motion is to hire a lobbyist, not an accountant.  Debtor has not made clear its case for why the estate requires the services of a lobbyist, especially as they cite the importance of the lease with Riverbank LRA yet did not use the lobbyist's services while attempting to resolve the utility issues.

Debtor attempts to cloak this request within the business judgment rule citing cases where the cited debtor is selling assets of the business.  The Debtor admits this use of property is not in the ordinary course of business. Motion at 4:28-5:5.  As a result, the Debtor bears the burden to demonstrate the use of property outside the ordinary course of business will aid its

reorganization and is supported by good business justification. *See In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (for the debtor-in-possession to satisfy its fiduciary duty, there must be some articulated business justification for using the property outside the ordinary course of business); *see also In re Ionosphere Clubs, Inc.*, Bkrtcy.S.D.N.Y.1989, 100 B.R. 670; *see also Big Shanty Land Corp. v. Comer Properties, Inc.*, N.D.Ga.1985, 61 B.R. 272. While the business judgment rule may shield the Debtor's directors from personal liability, it is not an all-encompassing shield for speculative expenditures.

Debtor states "payment of a post-petition retainer [to DBMAC] is in the best interests of the estate in that it is necessary in order to obtain the services of competent counsel [sic]." Motion at 5:11-12. Presumably Debtor means advice from a lobbyist when using the phrase counsel in this context. Further, Debtor asserts the payment of the retainer is "necessary in order to obtain competent consultants to assist in the administration of the within [sic] case." Motion at 5:19-20. Were Debtor seeking the services of an accountant, this would be relevant, but it remains unclear how the lobbyist will assist with the administration of the bankruptcy estate.

Riverbank LRA objects to the appointment and retroactive payment of DBMAC as not being supported under the nine-factor test. Debtor has failed to provide adequate evidence of good business judgment. Debtor has failed to demonstrate any services have been provided by DBMAC, and that those services, if provided, were performed properly, efficiently, and to a high standard. Debtor has failed to adequately explain why it failed to seek pre-employment approval. Debtor has failed to prove that no creditor has offered a reasonable objection. And finally, Debtor's confused points and authorities, seeking the employment of an attorney, accountant, and lobbyist, when combined with improper notice and a failure to provide the required evidence services have been performed, demonstrate a pattern of inattention in soliciting judicial approval.

### VI. Conclusion

Debtor has failed to demonstrate DBMAC is truly a disinterested person. Debtor has failed to demonstrate the post-petition services were necessary to the administration of the case nor beneficial at the time which the service was rendered toward the completion of the case. Debtor has failed to demonstrate exceptional circumstances exist for the retroactive hiring of a

Memorandum of Points and Authorities in Support of Objection to Debtor's Motion for Retroactive Appointment

lobbyist, failing to demonstrate any post-petition work has been performed as well as failing to demonstrate any of that work has benefitted the estate. Debtor has failed to demonstrate support for the *nunc pro tunc* Motion under the nine-factor test, again failing to demonstrate any post-petition work was performed. Debtor's speculative investment in a lobbyist does not benefit the bankruptcy estate and Debtor has failed to provide good business justification to support their decision to hire a lobbyist.

Riverbank LRA, prays that Debtor's Motion to employ and appoint Daron McDaniel of DBMAC, Inc. as its consultant be denied or in the alternative, that the retroactive employment of DBMAC be denied and for such other and further relief as is proper.

DATED: May 14, 2015                                CHURCHWELL WHITE LLP


　　　　　　　　　　　　　　　　　　　　　　　　　/s/Karl A. Schweikert_____
                                                   KARL A. SCHWEIKERT
                                                   Attorneys for Riverbank Local
                                                   Redevelopment Authority