MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AQH, LLC,<br><br>              Debtor. | Case No. 15-50553-11-ASW<br><br>Chapter 11<br><br>MOTION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)<br><br>Date:  June 11, 2015<br>Time:  1:45 p.m.<br>Place:  280 South First Street, Room 3020<br>          San Jose, California<br><br>Honorable Arthur S. Weissbrodt |

COMES NOW AQH, LLC, Debtor-in-Possession herein, which moves for an order extending the time to assume or reject unexpired leases of nonresidential real property, and in particular the lease with Riverbank Local Redevelopment Agency (the "Riverbank LRA"), pursuant to Bankruptcy Code § 365(d)(4), and respectfully represents:

**I. FACTS**

1.    The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

2.    The Riverbank LRA is the lessor of the Debtor's primary datacenter facilities located at 5300 Claus Road, Buildings 3, 5, 21 and 49, in Modesto, California (the "Leased Facility"). The

1

Debtor's lease for the Leased Facility is the one of the chief assets of the Estate; virtually all of the Debtor's business is conducted at the Leased Facility. The Riverbank LRA also serves as a utility and provides the Debtor with electricity via its on-site power substation. The Debtor estimates that it owes the Riverbank LRA approximately $243,000 in arrears for rent and electricity as of February 20, 2015.[1]

3. Unless extended, June 19, 2015, is the date prescribed by Bankruptcy Code § 365 for the Debtor to assume or reject unexpired leases.

4. In accordance with the Bankruptcy Code, the Debtor has been meeting its post-petition obligations under the lease, including the payment of rent and payment for electricity service.

## II. ARGUMENT

### A. THE TIME TO ASSUME OR REJECT THE RIVERBANK LRA LEASE SHOULD BE EXTENDED

5. Since the Petition Date, the Debtor has had insufficient time to formulate its plan of reorganization. As the Court is aware, the Debtor and the Riverbank RLA engaged in extended motion practice related to the provision of electricity. Once electricity was connected to the Debtor's expanded datacenter, Debtor's management focused on bringing additional processing power online, increasing the Debtor's revenue and profitability.

6. The Debtor is diligently working on formulating its plan, including working with potential lenders for further debtor-in-possession financing to address short-term capital needs, but needs additional time for these plans to crystalize. The Debtor had initially projected that it would have sufficient capital to address the claim of the Riverbank LRA, but delays associated with the obtaining electricity for the Debtor's expanded datacenter and the underperformance of the servers purchased from Emergent Systems Exchange undercut the Debtor's initial projections. The Debtor is making progress in reformulating its projections, raising funds though its operations, and

---

[1] Note that this figure has been refined since the Debtor filed its cash collateral motion, and this figure remains subject to dispute.

negotiating with potential lenders on debtor-in-possession financing. Until the Debtor's reorganization plan crystalizes more fully—which may be achieved by the time of the hearing on this motion—the Debtor is not in a position to determine whether or not the lease with the Riverbank RLA should be assumed or rejected and needs additional time to complete its analysis.

7. Factors to consider in determining whether to grant extension of time in which to assume or reject leases are whether leases are primary assets of debtor, whether lessor continues to receive rental payments, and whether case is exceptionally complex and involves a large number of leases. *Willamette Water Front, Ltd. v. Victoria Station Inc. (In re Victoria Station Inc.)*, 88 B.R. 231, 236 (B.A.P. 9th Cir. 1988); *see also South Street Seaport Ltd. Partn. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755 (2nd Cir. 1996) (factors to consider include "whether the lease is the primary asset, whether the landlord would receive a windfall, whether the rent has or is being paid, the complexity of the case, and the amount of time the trustee has had to analyze the estate."); *In re Gateway Apparel, Inc.*, 210 B.R. 567, 571 (Bankr. E.D. Mo. 1997) (factors to consider include (1) the significance of the lease to the debtor's reorganization; (2) the implications for the lessor; (3) effects that an extension will have on the debtor's operation; (4) whether the debtor has had sufficient time to assess the value of the lease; (5) the need for a judicial determination as to whether an unexpired lease exists; (6) the debtor's post-petition performance of its obligations under the lease; (7) whether the lessor has or will suffer damage that may not be compensable under the Bankruptcy Code; (8) the complexity of the case and the number of leases involved; (9) the debtor's progress in formulating a plan of reorganization; and (10) the circumstances in which the request for an extension has been presented).

8. Virtually all of these factors support extension of the deadline. As in *Victoria Station*, the lease with the Riverbank LRA is a primary asset of debtor and the Riverbank LRA continues to receive post-petition rental payments. While the case is not exceptionally complex, the Debtor faced extensive motion practice at the commencement of the case which distracted it from formulating its plan and being able to fully analyze the benefit to the estate in assuming or rejecting the Riverbank LRA lease. The Riverbank LRA will not be prejudiced by the extension as it continues to receive post-petition rental payments and utility payments. Extension of time to assume or reject preserves

the value of the Estate while the Debtor in Possession completes its analysis and finalizes its plan of reorganization.

## III. PRAYER FOR RELIEF

WHEREFORE, the Debtor prays for entry of an order extending the time within which it may assume or reject the lease with the Riverbank LRA for the Lease Facility for 90 days (through and including September 17, 2015), without prejudice to the Debtor seeing further extensions should it become necessary, and for such other relief as is proper in the premise.

DATED: May 14, 2015          MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Attorneys for Debtor-in-Possession,
    AQH, LLC

4