MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

          Debtor.

Case No. 15-50553-ASW-11

Chapter 11

**REPLY TO OPPSOITION BREIEF REGARDING DEBTOR'S MOTION FOR RETROACTIVE APPOINTMENT OF DBMAC, INC. AS CONSULTANT FOR DEBTOR-IN-POSSESSION AND APPROVAL OF POST-PETITION RETAINER**

Date: June 11, 2015
Time: 1:45 p.m.
Place: 280 South First Street, Room 3020
       San Jose, California

Honorable Arthur S. Weissbrodt

## INTRODUCTION

The Debtor's employment of a consultant to help guide it through the choppy waters of local politics is necessary and appropriate. The Debtor's landlord, the Riverbank Local Redevelopment Authority (the "Riverbank LRA"), is affiliated with the City of Riverbank, a governmental entity. The Debtor is a new technology-focused business in the Central Valley, looking to grow its operations and needing the assistance of local elected officials to help it grow while supporting the economic growth of the region. As detailed in the Motion, the Debtor anticipates working with local governments to secure additional financing for electrical infrastructure at its Riverbank facility—key to its future growth. Given the importance of services provided by DBMAC, Inc. to the Debtor's

1

operations; the relatively modest post-petition retainer; and understandable, relatively brief delay in seeking Court approval of DBMAC's employment, the Court should overrule the Riverbank LRA's objections and grant the Motion.

## DISCUSSION

### I. NOTICE OF THE MOTION WAS APPROPRAITE UNDER THE CIRCUMSTANCES.

In the first instance, the Riverbank LRA asserts that the motion should be denied because notice of the hearing was allegedly procedurally defective. The Motion was set for hearing under the procedure authorized by Bankruptcy Local Rule 9014-1(b)(3), and notice of opportunity for hearing was afforded to all creditors and interested parties. While the Riverbank LRA is correct that the language regarding the procedure for requesting a hearing is not a "verbatim recitation" of the language in the Local Rule, the Riverbank LRA admits that the substance of the Rule and procedure for requesting a hearing was communicated. *See Opposition* at 1:27, Doc. No. 90. Where a party's substantial rights are not prejudiced by a procedural error, the Court should disregard the procedural error. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008) (citing Fed. R. Civ. P. 61 *incorporated by* Fed. R. Bankr. P. 9005) ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Hence, because the Riverbank LRA admits that the substance of the Rule and procedure for requesting a hearing was communicated and does not assert any prejudice, any error in the form of the notice was harmless, and the objection should be overruled.

The Riverbank LRA also asserts that Local Bankruptcy Rule 9014-1(b)(3)(B) obliges a moving party in each instance to schedule a tentative hearing. This misreads the Rule. Local Bankruptcy Rule 9014-1(b)(3)(A) plainly contemplates that an initiating party with either (1) give notice of a hearing date after an objection and request for hearing has been filed, or (2) provide a tentative hearing date. Here, the Debtor opted for the first procedure and once an objection was lodged set this matter for hearing on the next available calendar that was at least 14 days after the deadline to object. This procedure complies with the Local Rules.

Thus, under the circumstances, notice was appropriate and the Court should overrule the

objection.

## II. DBMAC, INC. IS A DISINTERESTED PERSON WITHIN THE MEANING OF BANKRUPTCY CODE § 327(a).

The Riverbank LRA erroneously asserts that DBMAC, Inc. remains an interested person despite the waiver of its pre-petition claim. In fact, DBMAC, Inc. is a disinterested person because it:

1. Is not a creditor, equity security holder, or insider of the Debtor, 11 U.S.C. § 101(14)(A);

2. Is not a director, officer, or employee of the Debtor, *id.* at § 101(14)(B); and

3. Does not have an interest which is materially adverse to the estate or creditors, *id.* at § 101(14)(C).

The Riverbank LRA offers no evidence to the contrary. The Riverbank LRA's assertion that forgoing a pre-petition claim to allow eligibility for post-petition employment is unlawful is similarly not supported by any citation to relevant law. As the Court knows, professionals in bankruptcy cases routinely waive pre-petition claims to continue serving a debtor post-petition. The fact that the professional will incur fees—the payment of which is subject to Court review and approval—does not make the professional an interested party. This objection should be overruled.

## III. BANKRUPCY CODE § 330 DOES NOT APPLY TO APPLICATIONS TO EMPLOY OR TO PAY A POST-PETITION RETAINER.

Confusing the issues before the Court, the Riverbank LRA argues that the employment of DBMAC should be denied because of a purported failure to comply with Bankruptcy Code § 330. The employment application, however, does not seek approval of fees and § 330 does not apply. Bankruptcy Code § 328(a) governs in this instance and provides that the Debtor, with Court approval, may employ professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." The proposed retainer is reasonable in proportion to the size and complexity of the within case and within the Debtor's business judgment for use of assets of the estate. *See* 11 U.S.C. § 363(b)(1); *see also Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *In re Continental Air*

3

*Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)) (discussing business judgment standard).

In any event, the services rendered by DBMAC, Inc. are necessary and beneficial to the Estate. As the declaration of Daron McDaniel in support of this reply makes clear, DBMAC provided real and substantial services on behalf of the Estate. In particular, DMBAC, Inc. met with leaders in the City of Riverbank and advocated for the Debtor's positions on issues relevant to its presence in Riverbank—including access to electricity and water for its operations—and explained how the Debtor provides a benefit to the local area. These interactions are important. While DBMAC may not have met directly with representatives of the Riverbank LRA, the interactions with the City impact the Debtor's relationship with the Riverbank LRA because the Riverbank City Council serves as the Riverbank LRA's board of directors.

The Riverbank LRA does not contend that the proposed retainer is itself unreasonable—it only challenges the application of the retainer to fees without a fee application under § 330. The proposed retainer is proportional to the complexity of the case and the payment of the retainer is within the Debtor's business judgment. The Court should overrule the objection and authorize the payment of the post-petition retainer.

IV. **RETROACTIVE EMPLOYMENT OF DBMAC, INC. IS APPROPRATIE UNDER THE CIRCUMSTANCES.**

Contrary to the assertions made by the Riverbank LRA, retroactive employment is appropriate in this matter. Retroactive employment is authorized upon motion where:

a. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

b. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

c. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

d. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

e. The professional satisfied all the criteria for employment pursuant to 11 U.S.C. §

327 and Rule 2014 (formerly Rule 215) of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

  f. The work was performed properly, efficiently, and to a high standard of quality;

  g. No actual or potential prejudice will inure to the estate or other parties in interest;

  h. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

  i. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

*Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 974 (9th Cir. 1995). It is not necessary to considered or met for the bankruptcy court to properly grant retroactive approval of professional employment. *Id.* at 975. Employment may be approved retroactively if the applicant has satisfactorily explained its failure to apply for court approval of its employment on a timely basis and the applicant's services have benefitted the estate. *In re Gutterman*, 239 B.R. 828, 830 (Bankr. N.D. Cal. 1999); *see also Okamoto v.THC Financial Corp. (In re THC Financial Corp.)*, 837 F.2d 389, 392 (9th Cir. 1988). Approval of employment retroactively is within the sound discretion of the Court. *Atkins*, 69 F.3d at 973 (retroactive employment approved where services were rendered on an emergency basis and there was an apparent miscommunication regarding obtaining approval for employment).

 First, the delay is seeking Court approval has been appropriately explained. As discussed in the application, the delay in seeking Court approval was caused by three factors: an internal review of whether the services should be continued post-petition, the focus on resolving utility issues with the Riverbank LRA, and an evaluation of whether Court approval is necessary. *Application* at 4:7–12.[1] The Court is familiar with the extensive time consumed in hearings and outside of Court

---

[1] The Riverbank LRA misreads the Application to include a possible failure to transcribe the application as cause for approval of retroactive employment. In fact, the passage cited by the Riverbank LRA discusses the Court's decision in *In re Gutterman*, 239 B.R. 828, 830–833 (Bankr. N.D. Cal. 1988), where the Court approved retroactive employment of a professional where an unidentified clerical error caused the application to not be transcribed.

5

addressing the Debtor's utilities motion and obtaining electrical service. These efforts distracted the Debtor from completing its analysis of whether Court approval of employment is required and immediately obtaining Court approval. In fact, as explained in the Application, the Debtor only moves for approval of DBMAC's employment out of an abundance of caution.

Second, the aforementioned declaration of Daron McDaniel in support of this reply describes the services provided by DBMAC during the period at issue and establishes that the services benefited the estate. Contrary to the assertions of the Riverbank LRA, DBMAC did provide services during the relevant period. These services provided real and substantial benefit to the Estate because the supported the Debtor's business plan, the provision of present and future services to the Debtor, and improved the Debtor's relationships with key decision makers in the Riverbank community, including those who directly make decisions affecting the Riverbank LRA.

Third, the *Atkin*'s factors support approval of the retroactive employment. The Debtor expressly contracted with DBMAC—a copy of the contract was filed with the Motion. The Debtor plainly approves of the retroactive employment because it filed the Motion seeking retroactive employment. Notice and opportunity to object has been afforded to all creditors and parties in interest. As discussed, DBMAC is eligible to be employed by the Estate. DBMAC preformed its work properly, efficiently, and to a high standard of quality. There is no showing that any party has been actually or potentially prejudiced. The failure to seek pre-employment approval has been satisfactorily explained. There is no evidence of any pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

In its opposition, the Riverbank LRA conflates the Debtor's analysis of the question of payment of a post-petition retainer with the issue of retroactive employment. The issues are separate and distinct, and the Debtor has already demonstrated that payment of the retainer is appropriate in these circumstances

In sum, considering the totality of the facts before it, the Court should conclude that retroactive approval of the employment of DBMAC is appropriate.

WHEREFORE, the Debtor prays that it be authorized to employ and appoint Daron McDaniel of DBMAC, Inc. retroactive to the petition date as its consultant, to approve the payment

of a post-petition retainer, and for such other and further relief as is proper in the premise.

DATED: June 4, 2015                                    MACDONALD | FERNANDEZ LLP

                                                       By: /s/ Matthew J. Olson
                                                           Matthew J. Olson
                                                           Attorneys for Debtor in Possession,
                                                           AQH, LLC