MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

          Debtor.

Case No. 15-50553-11-SLJ

Chapter 11

STIPULATION FOR AUTHORITY TO USE COLLATERAL AND FOR ADEQUATE PROTECTION

    AQH, LLC, Debtor and Debtor in Possession, Andrew L. Faris, Emergent Systems Exchange, LLC ("Emergent"), and Fortis Advisors ("Fortis", and all collectively the "Parties"), as Collateral Agent for the ratable benefit of the Lenders under certain Transaction Documents as defined in the Cointerra, Inc. Security and Pledge Agreement[1], through counsel, hereby enter into this Stipulation for Use of Cash Collateral and for Adequate Protection ("Stipulation") for the period of August 1, 2015, through December 31, 2015.

/ / /

---

[1] For clarity's sake as to the claims being made as to the Cointerra Servers (defined hereinafter), Fortis will soon be joined by Future Electronics Corp. ("FE") (a similarly situated asserted secured creditor whose collateral is asserted to have been sold in violation of its perfected security agreement and who has such asserted lien on a discrete portion of the parts necessary to build the Cointerra Servers) in a joint effort to assert their collective rights regarding same. FE's claims are of the same asserted nature and based on the same assertedly unauthorized sale. Where ever Fortis is referenced, FE shall also be affected once a Notice of Appearance or other document where FE is listed as a filing party in this case.

## RECITALS

A. Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 19, 2015 ("Petition Date"), with the United States Bankruptcy Court for the Northern District of California ("Court"). Debtor is in possession of the bankruptcy estate.

B. As set forth in more detail in the proof of claim filed by Andrew L. Faris, listed as claim number 10 on the Court's official registry of claims, Faris asserts that he holds a perfected security interest in all of Debtor's assets, including without limitation all of Debtor's present and future tangible and intangible personal property. Faris asserts that all of Debtor's cash or cash equivalents ("Cash") are cash collateral (as Bankruptcy Code § 363(a) defines such term, "Cash Collateral") in which he holds a security interest.

C. As set forth in more detail in the proof of claim filed by Emergent, listed as claim number 9 on the Court's official registry of claims, Emergent asserts that it holds a perfected purchase-money security interest in certain Cointerra servers and related equipment, as more fully described in the proof of claim (the "Cointerra Servers"). The Debtor disputes the extent, priority, and validity of the alleged Emergent lien. Emergent asserts that it is entitled to an adequate protection payment to protect it from the deprecation of its interest in the Cointerra Servers.

D. After the filing of the petition, Fortis asserted that it holds a perfected security interest in all of the assets of Cointerra, Inc., including the Cointerra Servers, and that its security interest in the Cointerra Servers was never released, and that its interest in the Cointerra Servers is senior to the claims asserted by Faris and Emergent. The Debtor disputes the extent, priority, and validity of the alleged Fortis lien. Fortis asserts that it is entitled to an adequate protection payment to protect it from the deprecation of its interest in the Cointerra Servers to the exclusion of Emergent.

E. By order entered May 7, 2015, the Court authorized use of cash collateral through July 31, 2015, and directed the Debtor to make adequate protection payments to Faris and Emergent.

The Debtor has made all of the adequate protection payments.[2]

**AGREEMENT**

1. <u>Continued Operations</u>. Debtor may operate, through December 31, 2015, in accordance with the Budget and this Stipulation; provided, however, that Debtor may exceed the budgeted amount for any line item expense by up to 10 percent so long as the total expenses in any calendar month do not exceed 110 percent of the total budgeted expenses for such month. With Faris's written agreement, Debtor may exceed the budgeted monthly amount, either on a line-item by line-item or aggregate basis, without Court approval.

2. <u>Payments</u>. Debtor shall make an adequate protection payment of $2,583 to Faris and an adequate protection payment of $16,950 on account of the interest of Emergent and Fortis. The payment on account of Emergent and Fortis shall be paid into an attorney-client trust account held by the Debtor's counsel (the "<u>Impound Account</u>") pending a further stipulation between Emergent, Fortis, and the Debtor regarding distribution of the funds or an order of the Court. In each case payments shall be made so as to be actually received by Faris (at an address he shall designate in writing) and the Impound Account by the 15th day of each month (in the event the 15th falls on a weekend or holiday, the payment shall be received by the next business day). Debtor's counsel shall notify counsel for Fortis and Emergent of receipt of funds into the Impound Account.

3. <u>Default; Cure; Termination</u>. In the event that the Debtor fails to perform under any portion of this agreement, the affected party may declare a default by providing written notice to the Debtor and Debtor's counsel by mail and email. The Debtor shall cure the default within seven calendar days of transmission of the notice. This Stipulation shall terminate immediately upon the earlier of (i) Debtor's failure to cure a default with seven calendar days of transmission of notice by mail and email (unless the Debtor and the affected party agree otherwise); (ii) appointment of a chapter 11 trustee in this bankruptcy case or conversion of this bankruptcy case to a case under

---

[2] Fortis contends that the adequate protection payments made by the Debtor to Emergent should be turned over to it, or in the alternative, turned over to an escrow account until the validity and relative priority of the liens in the Cointerra Servers is determined.

3

chapter 7 of the Bankruptcy Code; or (iii) the expiration of December 31, 2015. Notwithstanding the preceding sentence, the Parties may, without the need for Court approval, extend the term of this Stipulation in a writing signed by both parties and filed with the Court.

4. <u>Rights Reserved</u>. This Stipulation shall not affect or prejudice the rights or remedies of any Party other than as specifically provided herein, which rights include but are not necessarily limited to (i) any Party's right to file a motion for relief from the automatic stay imposed by the filing of Debtor's bankruptcy petition or to file or support a motion for appointment of a chapter 11 trustee or conversion of this case to a case under chapter 7 of the Bankruptcy Code; and (ii) Debtor's right to oppose any such motion. Moreover, nothing herein prohibits Fortis from filing any necessary pleadings with the Court to present its position as to payments previously made to Emergent as adequate protection payments under prior orders of this Court as referenced in footnote 2 *infra*.

5. <u>Notices</u>. All notices and other communications made or given pursuant to this Stipulation may be sent by e-mail, overnight delivery, or regular or certified first-class United States mail, postage prepaid, as follows:

    (a)    To Debtor:
        Reno Fernandez and Matthew Olson
        Macdonald Fernandez LLP
        221 Sansome Street, 3rd Floor
        San Francisco, CA 94104
        reno@macfern.com and matt@macfern.com

    (b)    To Faris:
        Cheryl C. Rouse
        Law Offices of Rouse & Bahlert
        345 Franklin Street
        San Francisco, CA 94102
        rblaw@ix.netcom.com

    (c)    To Emergent:
        David B. Galle
        Oppenheimer Wolff & Donnelly LLP
        Campbell Mithun Tower – Suite 2000
        222 South Ninth Street
        Minneapolis, MN 55402-3338
        DGalle@oppenheimer.com

///

(d) To Fortis:
E. Paul Keiffer
Wright Ginsberg Brusilow, P.C.
Republic Center, Suite 4150
325 N. St. Paul Street
Dallas, Texas 75201
pkeiffer@wgblawfirm.com

6.  **Neutral Construction.** The Parties agree that any rule of construction to the effect that ambiguities are resolved against the drafting party shall not apply to the interpretation of this Stipulation.

7.  **Entire Agreement.** This Stipulation contains the entire agreement of the Parties with respect to the subject matter of this Stipulation. There are no representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter of this Stipulation that are not fully expressed herein. In the event of any conflict between this Stipulation and the Budget or the Interim Order, the terms of this Stipulation shall control.

8.  **Counterparts.** This Stipulation may be executed in any number of identical counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument. Signatures to this Stipulation transmitted by e-mail shall be sufficient to bind the signing Party and shall have the same force and effect as an original.

DATED: July 23, 2015

| MACDONALD \| FERNANDEZ LLP | WRIGHT GINSBERG BRUSILOW, P.C. |
|---|---|
| By: /s/ Matthew J. Olson<br>Matthew J. Olson<br>Attorneys for AQH, LLC | By: E. P. Keiffer<br>E. Paul Keiffer<br>Attorneys for Fortis Advisors |
| OPPENHEIMER WOLFF & DONNELLY LLP | LAW OFFICES OF ROUSE & BAHLERT |
| By: _____<br>David B. Galle<br>Attorneys for Emergent Systems Exchange | By: _____<br>Cheryl C. Rouse<br>Attorneys for Andrew L. Faris |

5

(d) To Fortis:
E. Paul Keiffer
Wright Ginsberg Brusilow, P.C.
Republic Center, Suite 4150
325 N. St. Paul Street
Dallas, Texas 75201
pkeiffer@wgblawfirm.com

6. <u>Neutral Construction.</u> The Parties agree that any rule of construction to the effect that ambiguities are resolved against the drafting party shall not apply to the interpretation of this Stipulation.

7. <u>Entire Agreement.</u> This Stipulation contains the entire agreement of the Parties with respect to the subject matter of this Stipulation. There are no representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter of this Stipulation that are not fully expressed herein. In the event of any conflict between this Stipulation and the Budget or the Interim Order, the terms of this Stipulation shall control.

8. <u>Counterparts.</u> This Stipulation may be executed in any number of identical counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument. Signatures to this Stipulation transmitted by e-mail shall be sufficient to bind the signing Party and shall have the same force and effect as an original.

DATED: July 23, 2015

MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Attorneys for AQH, LLC

OPPENHEIMER WOLFF & DONNELLY LLP

By: _____
    David B. Galle
    Attorneys for Emergent Systems Exchange

WRIGHT GINSBERG BRUSILOW, P.C.

By: _____
    E. Paul Keiffer
    Attorneys for Fortis Advisors

LAW OFFICES OF ROUSE & BAHLERT

By: _____
    Cheryl C. Rouse
    Attorneys for Andrew L. Faris

5

    (d)    To Fortis:
           E. Paul Keiffer
           Wright Ginsberg Brusilow, P.C.
           Republic Center, Suite 4150
           325 N. St. Paul Street
           Dallas, Texas 75201
           pkeiffer@wgblawfirm.com

6.    <u>Neutral Construction.</u> The Parties agree that any rule of construction to the effect that ambiguities are resolved against the drafting party shall not apply to the interpretation of this Stipulation.

7.    <u>Entire Agreement.</u> This Stipulation contains the entire agreement of the Parties with respect to the subject matter of this Stipulation. There are no representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter of this Stipulation that are not fully expressed herein. In the event of any conflict between this Stipulation and the Budget or the Interim Order, the terms of this Stipulation shall control.

8.    <u>Counterparts.</u> This Stipulation may be executed in any number of identical counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument. Signatures to this Stipulation transmitted by e-mail shall be sufficient to bind the signing Party and shall have the same force and effect as an original.

DATED: July 23, 2015

| MACDONALD \| FERNANDEZ LLP | WRIGHT GINSBERG BRUSILOW, P.C. |
|---|---|
| By:   /s/ Matthew J. Olson<br>      Matthew J. Olson<br>      Attorneys for AQH, LLC | By:   _____<br>      E. Paul Keiffer<br>      Attorneys for Fortis Advisors |
| OPPENHEIMER WOLFF & DONNELLY LLP | LAW OFFICES OF ROUSE & BAHLERT |
| By:   _____<br>      David B. Galle<br>      Attorneys for Emergent Systems Exchange | By:   /s/ Cheryl C. Rouse<br>      Cheryl C. Rouse<br>      Attorneys for Andrew L. Faris |

5

**Cash Collateral Budget**
**AQH, LLC**

7/22/2015

| | | 2015 August | September | October | November | December |
|---|---|---:|---:|---:|---:|---:|
| 1 | BTC Generated | 874 | 863 | 851 | 840 | 829 |
| 2 | | | | | | |
| 3 | **Revenue** | **$218,600** | **$215,646** | **$212,771** | **$209,972** | **$207,245** |
| 4 | Electricity Cost | ($86,994) | ($86,994) | ($86,994) | ($86,994) | ($86,994) |
| 5 | **Gross Profit** | $131,606 | $128,652 | $125,777 | $122,978 | $120,251 |
| 6 | | | | | | |
| 7 | Fixed Operating Expenses | | | | | |
| 8 | Leases | ($25,500) | ($25,500) | ($25,500) | ($25,500) | ($25,500) |
| 9 | Employees and Independent Contractors | ($48,000) | ($48,000) | ($50,000) | ($50,000) | ($50,000) |
| 10 | Facility Costs | ($15,000) | ($15,000) | ($15,000) | ($15,000) | ($15,000) |
| 11 | | | | | | |
| 12 | Other Expenses | | | | | |
| 13 | US Trustee Fees | | ($4,800) | | | ($4,800) |
| 14 | Accounting Firm Retainer | | | | | |
| 15 | Minimum Franchise Taxes | | | | | |
| 16 | | | | | | |
| 17 | Fixed Monthly Operating Expense | ($88,500) | ($93,300) | ($90,500) | ($90,500) | ($95,300) |
| 18 | **Operating Profit** | $43,106 | $35,352 | $35,277 | $32,478 | $24,951 |
| 19 | **Cumulative Operating Profit** | $43,106 | $78,459 | $113,736 | $146,214 | $171,164 |
| 20 | | | | | | |
| 21 | Non-Operating Expense | | | | | |
| 22 | Adequate Protection - A. Faris | ($2,583) | ($2,583) | ($2,583) | ($2,583) | ($2,583) |
| 23 | Adequate Protection - Emergent/Fortis (Impounded) | ($16,950) | ($16,950) | ($16,950) | ($16,950) | ($16,950) |
| 24 | Subtotal, Non-Operating Expense | ($19,533) | ($19,533) | ($19,533) | ($19,533) | ($19,533) |
| 25 | | | | | | |
| 26 | Other Items | | | | | |
| 27 | Risk Reserve | ($40,000) | ($4,849) | ($6,201) | ($7,152) | ($10,285) |
| 28 | Hosting Infrastructure Systems, Bldg 5&49 | ($20,000) | ($5,000) | ($5,000) | ($5,000) | ($5,000) |
| 29 | Subtotal, Other Items | ($60,000) | ($9,849) | ($11,201) | ($12,152) | ($15,285) |
| 30 | | | | | | |
| 31 | **Total Cash Beginning of Month** | $116,600 | $120,173 | $130,993 | $141,737 | $149,682 |
| 32 | **Surplus Cash in Month** | ($36,427) | $5,970 | $4,543 | $793 | ($9,867) |
| 33 | **Risk Reserve for Month** | $40,000 | $4,849 | $6,201 | $7,152 | $10,285 |
| 34 | | | | | | |
| 35 | **Total Monthly Cash Surplus** | $3,573 | $10,819 | $10,744 | $7,945 | $418 |
| 36 | | | | | | |
| 37 | **Total Cash End of Month** | $120,173 | $130,993 | $141,737 | $149,682 | $150,099 |