MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

　　　　　Debtor.

Case No. 15-50553-11-SLJ

Chapter 11

STIPULATION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)

IT IS STIPULATED AND AGREED by and between AQH, LLC, Debtor-in-Possession herein, and the RIVERBANK LOCAL REDEVELOPMENT AUTHORITY (the "Riverbank LRA"), pursuant to Bankruptcy Code § 365(d)(4)(B)(ii), as follows:

**RECITALS**

A.　The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

B.　The Riverbank LRA is the lessor of the Debtor's primary datacenter facilities located at 5300 Claus Road, Buildings 3, 5, 21 and 49, in Modesto, California (the "Leased Facility"). The Debtor's lease for the Leased Facility is the one of the chief assets of the Estate; virtually all of the Debtor's business is conducted at the Leased Facility. The Riverbank LRA also serves as a utility and provides the Debtor with electricity via its on-site power substation. The Riverbank LRA filed an amended proof of claim, listed as claim number 8 on the Court's official claims registry, asserting a

1

prepetition claim for the sum of $288,526.24.

C. On May 14, 2015, the Debtor filed its *Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* (Dckt. No. 91). No opposition to the motion was offered and the Court entered a tentative decision granting the motion. *See* Dckt. No. 96. Thereafter, the Court entered an order adopting its tentative decision and granting the motion, thereby extending the time for assumption or rejection of the Debtor's lease with the Riverbank LRA to September 17, 2015.

D. The Debtor and the Riverbank LRA have conferred and have agreed to a further 90-day extension of time for the deadline to assume or reject the Debtor's lease for the Leased Facility.

## AGREEMENT

1. <u>Extension of Time.</u> The Debtor needing additional time to formulate its plan of reorganization and decide if it wishes to assume or reject the lease with the Riverbank LRA, the deadline under Bankruptcy Code § 365(d)(4)(A) for the Debtor to assume the lease is extended through and including December 16, 2015, without prejudice to the Debtor seeing further extensions as permitted by the Bankruptcy Code.

2. <u>No Waiver of Other Rights or Remedies.</u> Nothing in this Stipulation, express or implied, waives any Party's rights available under bankruptcy law or applicable nonbankruptcy law.

3. <u>No Third Party Beneficiary.</u> Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

4. <u>Entire Agreement.</u> This Stipulation contains the entire agreement between the Parties as to the terms of the Stipulation and supersedes all prior agreements and undertakings among the Parties relating to the terms of this Stipulation.

5. <u>Modification.</u> This Stipulation may not be modified other than by signed writing executed by each of the Parties and delivered to each Party.

6. <u>Authorization.</u>  Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

7. <u>Counterparts.</u>  This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

8. <u>Binding Effect.</u>  This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, administrators, and liquidators.

9. <u>Disputes; Bankruptcy Court Jurisdiction.</u>  The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to the terms of this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court for the Northern District of California or a court of competent jurisdiction in the State of California.

DATED: September 11, 2015        MACDONALD | FERNANDEZ LLP

                                              By: /s/ Matthew J. Olson
                                                    Matthew J. Olson
                                                    Attorneys for Debtor-in-Possession,
                                                    AQH, LLC

DATED: September 11, 2015        CHURCHWELL WHITE LLP

                                              By: /s/ Karl Schweikert
                                                    Karl Schweikert
                                                    Attorneys for Landlord,
                                                    RIVERBANK LOCAL REDEVELOPMENT
                                                    AUTHORITY