MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-50553-SLJ-11 |
| AQH, LLC, | Chapter 11 |
| Debtor. | *EX PARTE* MOTION TO FILE REDACTED DOCUMENTS RE DEBTOR'S MOTION TO APPROVE DEBTOR IN POSSESSION FINANCING, USE OF SPACE FOR THIRD-PARTY HOSTING, AND RESALE CONTRACT AND DOCUMENTS FILED IN SUPPORT THEREOF |

COMES NOW AQH, LLC, Debtor-in-Possession herein, moving *ex parte* pursuant to 11 U.S.C. § 107(b) for an order sealing portions of its motion to approve its agreement with Beijing Canaan Creative Information Technology Co., Ltd. ("Avalon") for the purchase of Avalon 6 Bitcoin Servers on credit terms, approving the use of space for hosting of additional Avalon 6 Bitcoin Servers owned by Avalon, and authorizing AQH to serve as an authorized, non-exclusive end-user reseller of all of Avalon's products for a 24-month period starting on October 1, 2015, (the "Financing Motion") and respectfully represents as follows:

1. The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157(a).

3. This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (D).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Bankruptcy Code Sections 105(a) 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

6. Avalon, a manufacturer of Bitcoin servers, has agreed to sell Avalon 6 Bitcoin Servers to AQH on favorable pricing and credit terms, avoiding the need for the Debtor to procure more expensive debtor in possession financing on the market. AQH and Avalon entered into a definitive agreement to document the proposed transaction, subject to Court approval. The Financing Motion to approve said agreement is currently pending before the Court

7. The Financing Motion is supported by the Declaration of Sean Walsh, filed herewith (the "Walsh Decl.") and certain other exhibits, including the proposed credit agreement.

8. The Debtor's Financing Motion seeks Court approval to purchase Avalon 6 Bitcoin Servers from Avalon on a secured basis under 11 U.S.C. § 364(c)(2) and (d). Additionally, the agreement between AQH and Avalon requires that the Debtor provide hosting services in its Riverbank Datacenter and that Avalon appoint AQH as an authorized reseller of its products in markets outside of the People's Republic of China.

9. In the Financing Motion and supporting documents, references are made to confidential commercial information, including the pricing information for the products purchased by AQH. Both AQH and Avalon consider such information to be confidential commercial information because its release would reveal to the market the special pricing negotiated by the parties. If such information became known by the general public, it may have a negative impact on Avalon's business interests, including its retail pricing scheme and its relationships with other purchasers. Additionally, disclosure of the pricing information will provide an unfair advantage to Avalon's competitors by providing insight into Avlaon's costs of operating and its margins. Therefore, all references to unit pricing in the Motion and supporting pleadings have been redacted and AQH seeks Court authority for such redaction from the public record.

10. Because the pricing information can be calculated by knowing both the total price paid and the total number of units, AQH considers the total number of units purchased to be confidential commercial information. Therefore, all references to total units purchased in the

Motion and supporting pleadings have been redacted and AQH seeks Court authority for such redaction from the public record.

11. In an effort to afford all parties in interest the ability to fully evaluate the proposed transaction, the Debtor is prepared to share unredacted copies of the Motion, Declaration, and credit agreement with the parties in interest upon execution of a nondisclosure agreement, which is available from the undersigned. Upon entry of an order approving this motion to seal, the Debtor will lodge unredacted copies of the Motion, Declaration, and credit agreement with the Court.

12. Because the aforesaid pricing information is confidential commercial information, the Court should protect the unit pricing and total number of units purchased from public disclosure. 11 U.S.C. § 107(b)(1); *see also In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del.2006) (commercial information is information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the party requesting that the records be sealed) (citing *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)).

WHEREFORE, the Debtor prays for entry of an order:

1. Approving the redaction of unit pricing and total number of units purchased in the Financing Motion and supporting pleadings and exhibits from public disclosure; and

2. For such other and further relief as is appropriate in the premises.

DATED: October 12, 2015         MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Attorneys for Debtor in Possession,
    AQH, LLC