MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
ROXANNE BAHADURJI (SBN 290117)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor-in-Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 15-50553-11-SLJ |
|---|---|
| AQH, LLC, | Chapter 11 |
| Debtor. | SECOND STIPULATION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4) |

IT IS STIPULATED AND AGREED by and between AQH, LLC, Debtor-in-Possession herein, and the RIVERBANK LOCAL REDEVELOPMENT AUTHORITY (the "Riverbank LRA"), pursuant to Bankruptcy Code § 365(d)(4)(B)(ii), as follows:

**RECITALS**

A. The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

B. The Riverbank LRA is the lessor of the Debtor's primary datacenter facilities located at 5300 Claus Road, Buildings 3, 5, 21 and 49, in Modesto, California (the "Leased Facility"). The Debtor's lease for the Leased Facility is the one of the chief assets of the Estate; virtually all of the Debtor's business is conducted at the Leased Facility. The Riverbank LRA also serves as a utility and provides the Debtor with electricity via its on-site power substation. The Riverbank LRA filed an amended proof of claim, listed as claim number 8 on the Court's official claims registry, asserting a

1

prepetition claim for the sum of $288,526.24.

C. On May 14, 2015, the Debtor filed its *Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* (Dckt. No. 91). No opposition to the motion was offered and the Court entered a tentative decision granting the motion. *See* Dckt. No. 96. Thereafter, the Court entered an order adopting its tentative decision and granting the motion, thereby extending the time for assumption or rejection of the Debtor's lease with the Riverbank LRA to September 17, 2015.

D. By stipulation dated September 11, 2015, the Debtor and the Riverbank LRA agreed to a further 90-day extension of time, thorough and including December 16, 2015, for the deadline to assume or reject the Debtor's lease for the Leased Facility.

E. On November 25, 2015, the Debtor filed its Proposed Combined Plan of Reorganization and Disclosure Statement (Dated November 25, 2015) (the "Plan"). The Plan provides for full payment of the Riverbank LRA's proof of claim over a four-month period, but omits the Riverbank LRA's claim for post-petition attorneys' fees and costs. The Debtor has agreed to amend the Plan to allow for payment of actual pecuniary losses, defined by the lease for the Leased Facility as including attorneys' fees. The Debtor reserves the right to dispute the amount of attorneys' fees asserted by Riverbank LRA. Any such disputed amount will be escrowed in a disputed claims reserve under the Plan until the dispute is resolved by agreement of the parties or by a final, nonappealable order of the Bankruptcy Court.

F. In light of the foregoing, the Debtor and the Riverbank LRA have conferred and have agreed to a further 90-day extension of time for the deadline to assume or reject the Debtor's lease for the Leased Facility.

**AGREEMENT**

1. <u>Extension of Time.</u> The Debtor needing additional time to confirm its plan of reorganization, the deadline under Bankruptcy Code § 365(d)(4)(A) for the Debtor to assume the lease is extended through and including March 15, 2016, without prejudice to the Debtor seeing further extensions as permitted by the Bankruptcy Code.

2. <u>No Waiver of Other Rights or Remedies.</u>  Nothing in this Stipulation, express or implied, waives any Party's rights available under bankruptcy law or applicable nonbankruptcy law.

3. <u>No Third Party Beneficiary.</u>  Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

4. <u>Entire Agreement.</u>  This Stipulation contains the entire agreement between the Parties as to the terms of the Stipulation and supersedes all prior agreements and undertakings among the Parties relating to the terms of this Stipulation.

5. <u>Modification.</u>  This Stipulation may not be modified other than by signed writing executed by each of the Parties and delivered to each Party.

6. <u>Authorization.</u>  Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

7. <u>Counterparts.</u>  This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

8. <u>Binding Effect.</u>  This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, administrators, and liquidators.

9. <u>Disputes; Bankruptcy Court Jurisdiction.</u>  The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to the terms of this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court for the Northern District of California or a court of competent

jurisdiction in the State of California.

DATED: December 15, 2015     MACDONALD | FERNANDEZ LLP

                              By: /s/ Matthew J. Olson
                                  Matthew J. Olson
                                  Attorneys for Debtor-in-Possession,
                                  AQH, LLC

DATED: December 16, 2015     CHURCHWELL WHITE LLP

                              By: _____
                                  Karl Schweikert
                                  Attorneys for Landlord,
                                  RIVERBANK LOCAL REDEVELOPMENT
                                  AUTHORITY

4