MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

AQH, LLC

            Debtor.

Case No. 15-50553-SLJ-11

Chapter 11

**NOTICE OF OPPORTUNITY FOR HEARING ON DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY**

[No Hearing Set]

      NOTICE IS HEREBY GIVEN THAT AQH, LLC, the Debtor in Possession herein, filed its motion for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving compromise of a controversy between the estate and Christopher Kilday.

      As more fully discussed in the motion, Kilday asserts a $60,000 claim (of which he asserts $12,475 is a priority claim) against the AQH Bankruptcy Estate arising from an alleged breach of a contract between Kilday and AQH related to a commission that AQH allegedly agreed to pay him in connection with AQH's purchase of certain computer hardware from Emergent Systems Exchange L.L.C. AQH disputes the liability, priority, and amount of the Kilday claim, and contends that, as of the petition date, Kilday's claim was a contingent, general unsecured claim of not more than $23,423.14, and remained subject to certain setoff rights.

      On March 9, 2015, and with notice of this pending bankruptcy case, Kilday commenced a civil action in the Superior Court of California, County of San Francisco (the "Superior Court") against Sean Walsh, Yan Ebyam, Anthony Brough, Emergent Systems Exchange L.L.C., Andy Faris, and Does 1 through 20, inclusive (the "State-Court Action"). The State-Court Action is styled *Kilday v. Walsh* and was assigned case number CGC-15-54459. At the time the complaint was filed, Walsh and Brough were officers and employees of AQH; Ebyam was an independent contractor working for AQH. The Complaint alleges that AQH breached its contract with Kilday and that Walsh, Ebyam, and Brough (the "AQH Defendants") are liable to Kilday for the alleged breach as "agents" of AQH. After the AQH Defendants filed a demurrer in the State-Court Action, Kilday filed an amended complaint. Kilday also commenced discovery in the State-Court Action. The AQH Defendants deny the material allegations of the complaint and the amended complaint in the State-Court Action.

1

AQH commenced an adversary proceeding against Kilday on May 15, 2015, styled *AQH, LLC v. Kilday*, case number 15-05046-SLJ (the "Adversary Proceeding"), which remains pending before the Court. In the Adversary Proceeding, AQH alleges that Kilday violated the automatic stay of Bankruptcy Code § 362(a) by commencing the State-Court Action and engaging in other post-petition collection actions. AQH sought damages for the alleged violations of the automatic stay and an injunction prohibiting prosecution of the State-Court Action. Kilday denies the material allegations of the complaint in the Adversary Proceeding.

After notice and a hearing, on May 28, 2015, the Court entered a temporary restraining order enjoining the prosecution of the State-Court Action pending a further hearing. Thereafter, the Parties stipulated to entry of a preliminary injunction enjoining the prosecution of the State-Court Action through and including the effective date of AQH's plan of reorganization.

The parties engaged in informal settlement discussions and reached a definitive settlement of the disputes between them. The Settlement Agreement provides for a complete settlement of the claims asserted in the Adversary Proceeding, a general mutual releases between the parties (except for the obligations created by the Settlement Agreement), a waiver of the protections of California Civil Code § 1542, allowance of a reduced priority unsecured claim in favor of Kilday, and an agreed-upon payment schedule for Kilday's allowed claim.

The Debtor believes the settlement is fair and equitable and in the best interests of the estate because: (i) while the Debtor believes it will prevail in the litigation, the proposed settlement provides as good a recovery for the estate as prosecuting the Adversary Proceeding because it fixes Kilday's claim at the amount far less than he asserts; (ii) collection of any judgment against Kilday may be difficult; (iii) the costs of continued litigation would be excessive in light of the total amount of Kilday's claim and the fact that any recovery could be limited to actual administrative expenses incurred in correcting the violation of the stay, providing no real benefit to creditors; and (iv) the proposed settlement is in the best interests of creditors because it represents the best opportunity to liquidate assets, minimize administrative expenses, and fund distributions to creditors under a plan of reorganization. In sum, the costs, additional risks, and delay of litigation more than outweigh any prospect of improving upon the proposed compromise of the claims asserted in the Adversary Proceeding.

NOTICE IS FURTHER GIVEN that, pursuant to Bankruptcy Local Rule 9014-1(b)(3) of the United States Bankruptcy Court for the Northern District of California:

Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;

Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;

If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.

In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

DATED: January 27, 2016         MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Attorneys for Debtor in Possession,
    AQH, LLC