1  CHERYL C. ROUSE (State Bar No. 118313)
2  NORMAN P. BAHLERT (State Bar No. 135693)
   LAW OFFICES OF ROUSE & BAHLERT
3  345 Franklin Street
   San Francisco, CA 94102
4  Tel (415) 575-9444
   Fax (415) 575-9440
5  rblaw@ix.netcom.com

6  Attorneys for Objecting Creditor
   Andrew L. Faris

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11                                    )  Case No.: 15-50553-SLJ
12                                    )  Chapter 11
                                      )
13  In re                            )  OBJECTION TO THE
                                      )  DISCLOSURES IN THE
14                                    )  PROPOSED COMBINED PLAN
    AQH, LLC,                         )  OF REORGANIZATION AND
15                                    )  DISCLOSURE STATEMENT
                      Debtor.         )
16                                    )  Date:  February 4, 2016
                                      )  Time:  1:30 p.m.
17  _____ )  Ctrm:  3099

18  TO THE COURT AND TO ALL INTERESTED PARTIES:

19          Andrew L. Faris (hereinafter "secured creditor" or "Faris") hereby objects to the

20  approval of the Disclosures contained in the Proposed Combined Plan of Reorganization and

21  Disclosure Statement as follows:

22          1.      On or about November 20, 2014, Debtor AQH, LLC made and delivered to

23  Faris as payee, a Promissory Note in the principal sum of $300,000.00 with interest from

24  said date on unpaid principal at the rate of 10% percent per annum, with a maturity date of

25  December 31, 2015.

26          2.      At the time of execution of said Note, and as part of the same transaction for

27  the purpose of securing said Note, Debtor executed and delivered a Loan and Security

28  Agreement, which granted a security interest to Faris in substantially all of Debtor's assets.

A UCC Financing Statement was thereafter filed on November 25, 2014, which perfected the Security Agreement.

3. Under Debtor's proposed plan, the repayment term for Faris' claim is 60 months. Attached to the proposed plan are "Projections" on monthly basis for approximately 60 months. However, aside from setting forth the figures in the Projections, there is no explanation as to how Debtor arrived at these projections.

4. Under 11 U.S.C. Section 1125(b) a debtor may not solicit the votes of creditors under a plan of reorganization unless the Court has approved a written disclosure statement. A disclosure statement cannot be approved unless it contains "adequate information." The code defines Adequate Information as follows:

> 'Adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan ....
> 11 U.S.C. § 1125(a)(1).

The primary function of a disclosure statement is to provide creditors with information necessary to determine whether to accept or reject a debtor's plan of reorganization. *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989).

5. In this case, Debtor is proposing to extend the maturity date on Faris' claim for over 60 months past the due date. Further, the claim is secured by personal property, which by its nature depreciates in value. Exhibit 1 to the proposed Plan contains a section entitled "Disclaimer: Results May Vary." This section states:

> "Results may vary from the Debtor's projections. The disclosures, estimates and projections made herein are based on the Debtor's best estimates in light of current conditions and past experience. Changes in these and other circumstances may cause the actual results to differ from those projected."

1    There is no explanation as to how the revenue figures were arrived at or what the best

2    estimates are based upon - other than "current conditions and past experience."   It is well

3    known that the Bitcoin market is extremely volatile, so it appears that the revenue figures set

4    forth in the projections are most likely a guess. With respect to Debtor's new business for the

5    resale of computer servers, there is no information regarding how the "System Sales Gross

6    Profit" figures were calculated.  Further, Debtor filed its first combined plan on November

7    25, 2015.  This amended Plan was filed a month later on December 24, 2015.  In the space

8    of a month, the gross profit figures for each month were adjusted substantially upward by

9    $100,000 to $200,000 per month, i.e. March 2016 had been projected to be $352,503 in the

10   first plan, but now is projected to be $496,951, and April 2016 was adjusted from $335,971

11   to $541,766.

12       6.    Faris is being requested to accept a 5 year extension on a one year note secured

13   by personal property.  There is simply insufficient information regarding the basis for the

14   projections for him to make an informed decision on whether to accept or reject the proposed

15   Plan.  For this reason, the disclosures should not be approved.

16

17   Dated: January 28, 2016              LAW OFFICES OF ROUSE & BAHLERT

18

19                                       BY:  /s/ Cheryl C. Rouse
                                             CHERYL C. ROUSE
20                                           Attorneys for Objecting Creditor
                                             Andrew L. Faris

21

22

23

24

25

26

27

28

Objection to Disclosures                                    3