MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

AQH, LLC

                Debtor.

Case No. 15-50553-SLJ-11

Chapter 11

**DECLARATION OF MATTHEW J. OLSON IN SUPPORT OF REQUEST FOR ENTRY OF ORDER BY DEFAULT RE DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY**

[No Hearing Set]

I, Matthew J. Olson, declare:

1.      I am an associate attorney with Macdonald Fernandez LLP, counsel of record for AQH, LLC, the Debtor in Possession herein. The following facts are true and correct of my own personal knowledge. If called upon as a witness, I would and could competently testify as follows.

2.      On January 27, 2016, the Debtor filed its motion seeking approval of a settlement with Kilday related to Kilday's proof of claim and an adversary proceeding commenced by the Debtor against Kilday (the "9019 Motion"), and a notice of opportunity for hearing on the 9019 Motion. *See* Doc. Nos. 168–169. A true and correct copy of the 9019 Motion (Doc. No. 168) is attached as Exhibit "A" hereto and is incorporated herein by this reference.

3.      Service of the Claim Objection was effectuated on January 27, 2016, by U.S. Mail and is proper pursuant to Federal Rules of Bankruptcy Procedure 2002(a). A true and correct copy

1

1  of the certificate of service (Doc. No. 169-1) is attached as Exhibit "B" hereto and is incorporated

2  herein by this reference.

3        4.      More than 21 days has elapsed since the service of the 9019 Motion and the notice

4  and opportunity for hearing.  As of this date, no opposition to the requested relief has been filed or

5  served upon me or Macdonald Fernandez LLP.

6        I declare under penalty of perjury under the laws of the United States that the foregoing is

7  true and correct.  Executed this 19th day of February, 2016, at San Francisco, California.

8                                        /s/ Matthew J. Olson
                                         MATTHEW J. OLSON
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                          2

# EXHIBIT A

1  MACDONALD | FERNANDEZ LLP
   IAIN A. MACDONALD (SBN 051073)
2  RENO F.R. FERNANDEZ III (SBN 251934)
   MATTHEW J. OLSON (SBN 265908)
3  221 Sansome Street, Third Floor
   San Francisco, CA  94104-2323
4  Telephone: (415) 362-0449
   Facsimile: (415) 394-5544
5
   Attorneys for Debtor in Possession,
6  AQH, LLC

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 In Re:                                    Case No. 15-50553-SLJ-11

11 AQH, LLC
                                             Chapter 11
12            Debtor.
                                             **DEBTOR'S MOTION TO
13                                           COMPROMISE CONTROVERSY
                                             WITH CHRISTOPHER KILDAY**
14
                                             [No Hearing Set]
15

16      COMES NOW AQH, LLC, the Debtor in Possession herein, who moves for entry of an order

17 pursuant to Federal Rule of Bankruptcy Procedure 9019 approving compromise of a controversy

18 between the estate and Christopher Kilday, and respectfully represents as follows:

19                              **FACTS**

20      The within bankruptcy case was commended by filing a voluntary Chapter 11 petition on

21 February 19, 2015.  A trustee has not been appointed, and the Debtor is in possession of its estate.

22 Plaintiff AQH, LLC is the Debtor in Possession in the main bankruptcy case, Bankr. N.D. Cal. No.

23 15-50553-SLJ-11.

24      Background

25      Kilday asserts a claim against the AQH Bankruptcy Estate arising from an alleged breach of

26 a contract between Kilday and AQH related to a commission that AQH allegedly agreed to pay him

27 in connection with AQH's purchase of certain computer hardware from Emergent Systems

28 Exchange L.L.C.  In support of his claim, Kilday filed a proof of claim with the Bankruptcy Court,

                                                                                  1

1  and the claim is listed as claim number 6 on the Court's official registry of claims (the "Proof of

2  Claim"), in which Kilday asserts he holds a total claim of $60,000, including a priority claim of

3  $12,475 under Bankruptcy Code § 507(a)(4). AQH disputes the liability, priority, and amount of the

4  Kilday claim, and contends that, as of the petition date, Kilday's claim was a contingent, general

5  unsecured claim of not more than $23,423.14, and remained subject to certain setoff rights.

6      On February 21, 2015, Kilday was served with a copy of the Court's *Notice of Chapter 11*

7  *Bankruptcy Case, Meeting of Creditors, & Deadlines* by mail to his current address, and thereby

8  received notice of the bankruptcy case. On February 26, 2015, Kilday was served with copies of

9  AQH's motions to use cash collateral and for authority to pay pre-petition wages (the "First Day

10  Motions") by mail to his current address, and thereby received notice of the bankruptcy case.

11  Thereafter, Kilday participated in hearings on AQH's First Day Motions.

12      Proceedings in State Court

13      On March 9, 2015, Kilday commenced a civil action in the Superior Court of California,

14  County of San Francisco (the "Superior Court") against Sean Walsh, Yan Ebyam, Anthony Brough,

15  Emergent Systems Exchange L.L.C., Andy Faris, and Does 1 through 20, inclusive (the "State-Court

16  Action"). The State-Court Action is styled *Kilday v. Walsh* and was assigned case number CGC-15-

17  54459. At the time the complaint was filed, Walsh and Brough were officers and employees of

18  AQH; Ebyam was an independent contractor working for AQH. The Complaint alleges that AQH

19  breached its contract with Kilday and that Walsh, Ebyam, and Brough (the "AQH Defendants") are

20  liable to Kilday for the alleged breach as "agents" of AQH. After the AQH Defendants filed a

21  demurrer in the State-Court Action, Kilday filed an amended complaint. Kilday also commenced

22  discovery in the State-Court Action. The AQH Defendants deny the material allegations of the

23  complaint and the amended complaint in the State-Court Action.

24      The Adversary Proceeding

25      AQH commenced an adversary proceeding against Kilday on May 15, 2015, styled *AQH,*

26  *LLC v. Kilday*, case number 15-05046-SLJ (the "Adversary Proceeding"), which remains pending

27  before the Court. In the Adversary Proceeding, AQH alleges that Kilday violated the automatic stay

28  of Bankruptcy Code § 362(a) by commencing the State-Court Action and engaging in other post-

2

1  petition collection actions.  AQH sought damages for the alleged violations of the automatic stay and

2  an injunction prohibiting prosecution of the State-Court Action.  Kilday denies the material

3  allegations of the complaint in the Adversary Proceeding.

4    After notice and a hearing, on May 28, 2015, the Court entered a temporary restraining order

5  enjoining the prosecution of the State-Court Action pending a further hearing.  Specifically, the

6  Court found:

7    i.  AQH had shown, at an early stage, a reasonable likelihood of successful

8  reorganization;

9    ii.  AQH was likely to suffer irreparable harm in the absence of preliminary relief

10  because prosecution of the State-Court Action distracted AQH's management from the

11  administration of the Bankruptcy Case, to the detriment of the Bankruptcy Estate and creditors,

12  exposed the estate to unnecessary administrative expenses and claims from its officers and

13  employees, and created risks that the estate will not be able to present its defenses to the Kilday

14  claim and have conflicting judgments entered;

15    iii.  the balance of equities tipped in AQH's favor because in the aforesaid risks to

16  AQH outweighed the minor delay in payment of Kilday's allowed claim for money; and

17    iv.  the public's interest was served by granting the motion because of the

18  avoidance of duplicative litigation, the preservation of the priority scheme created by the Bankruptcy

19  Code, and the preservation of this Court's jurisdiction.

20  *See* Doc. No. 16 at 2:6–18.  Thereafter, the Parties stipulated to entry of a preliminary injunction

21  enjoining the prosecution of the State-Court Action through and including the effective date of

22  AQH's plan of reorganization. *See* Doc. No. 22.

23    The Settlement

24    The parties engaged in informal settlement discussions and reached a definitive settlement of

25  the disputes between them.  The Settlement Agreement, a copy of which is offered as Exhibit "A" to

26  the Declaration of Sean Walsh, filed herewith, provides for a complete settlement of the claims

27  asserted in the Adversary Proceeding, a general mutual releases between the parties (except for the

28  obligations created by the Settlement Agreement), a waiver of the protections of California Civil

3

Code § 1542, allowance of a reduced priority unsecured claim in favor of Kilday, and an agreed-upon payment schedule for Kilday's allowed claim.  Following approval of the Settlement Agreement and dismissal of the AQH Defendants (as that term is defined in the Settlement Agreement) from the State-Court Action, AQH and the Defendant will execute a stipulation for dismissal of the Adversary Proceeding with prejudice pursuant to Civil Rule 41(a)(1)(A)(ii).

### ANALYSIS

The Court is empowered to approve settlements between Debtor and third parties. Fed. R. Bankr. P. 9019(a). Approval of a compromise is within the discretion of the court. *United States v. Alaska Nat'l Bank of the North (In re Walsh Construction),* 669 F.2d 1325, 1328 (9th Cir. 1982). When a motion to approve compromise is presented to the Court, the Court makes an independent determination whether the settlement is appropriate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–425 (1968). In evaluating the acceptability of a compromise, courts evaluate four factors:

1. The probability of success in the litigation;

2. Any difficulties expected in collection;

3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

4. The paramount interest of the creditors and a proper deference to their reasonable views.

*Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). It is not necessary that each factor be satisfied as long as the factors as a whole favor approving the settlement.  *In re WCI Cable, Inc.,* 282 B.R. 457, 473–74 (Bankr. D. Or. 2002).

This Court need not conduct a "mini-trial" on the merits of the disputes to be compromised. *Port O'Call Inv. Co. v. Blair (In re Blair)*, 538 F.2d 849, 851–852 (9th Cir. 1976).  The Court may approve a settlement if "(1) the claim has a 'substantial foundation' and is not 'clearly invalid as a matter of law', or (2) the outcome of the claim's litigation is 'doubtful.'" *Walsh Construction*, 669 F.2d at 1328.  The Court is not required to decide the questions of law or fact or conduct a trial on the merits; to the contrary, courts review the issues to determine whether the "settlement falls below

4

1    the lowest point in a range of reasonableness." *Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re*

2    *Jasmine, Ltd.)*, 258 B.R. 119, 123 (D.N.J. 2000); *see also In re Energy Coop.,* 886 F.2d 921 (7th Cir.

3    1989); *Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.)*, 762 F.2d 185, 189 (2nd

4    Cir. 1985); *Off. Comm. Of Unsecured Creditors of Intl. Distrib. Ctrs., Inc. (In re Intl. Distrib. Ctrs.,*

5    *Inc.)*, 103 B.R. 420, 423 (S.D.N.Y. 1989); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7

6    (Bankr. C.D. Cal. 1991).

7         The Court may weigh the opinions of the debtor, the parties and their attorneys, and may

8    consider their belief that all of the factors bearing upon the appropriateness of the settlement have

9    been explored and that the compromise is fair and equitable. *Blair*, 538 F.2d at 851. Here, the

10   settlement is fair and equitable and in the best interests of the estate.

11        Probability of Success

12        The Debtor believes the probability of success on the merits of the Adversary Proceeding are

13   high, but the distraction caused by prosecution of the Adversary Proceeding and the risk of being

14   forced to litigate issues before the Superior Court—which might expose the Debtor to claims from

15   current and former employees—militates in favor of settlement. Kilday contends that the defendants

16   granted him a personal guarantee of the obligations created by his contract with the Debtor and that

17   the reduction in his commission from 5% to 2.5% was conditioned upon immediate payment. The

18   edits Kilday made by hand to the agreement do not support this interpretation; there is no mention of

19   a personal guarantee by any third party and payment of the commission remains subject to certain

20   conditions precedent in the agreement. The commencement appears to be nothing more than an

21   attempt to circumvent the automatic stay and pressure the Debtor's management to pay Kilday's

22   claim immediately.

23        The proposed settlement provides as good a recovery for the estate as prosecuting the

24   Adversary Proceeding because it fixes Kilday's claim at the amount contended by the Debtor

25   ($23,423.14)—far less than the $60,000 figure advanced by Kilday, and then provides a $17,000

26   credit for the fees incurred by the estate in prosecuting the Adversary Proceeding and the AQH

27   Defendants in defending the State-Court Action. This factor favors approval of the settlement.

28   / / /

5

1  Difficulties in Collection

2  Collection of any judgment against Kilday may be difficult; the Debtor has no information on

3  Kilday's financial position or his ability to make a settlement payment.  This settlement does not

4  provide for a payment by Kilday to the estate; rather, the settlement provides for a reduction in

5  Kilday's allowed claim.  This factor favors approval of the settlement.

6  Complexity and Expense of Litigation

7  The costs of continued litigation would be excessive in light of the total amount of Kilday's

8  claim, the risk of nonpayment of any judgment, and the fact that any recovery could be limited to

9  actual administrative expenses incurred in correcting the violation of the stay, providing no real

10  benefit to creditors.   The settlement provides for a superior recovery to the estate because it avoids

11  the expense and distraction of continued litigation while providing value to the estate. This factor

12  favors approval of the settlement.

13  Paramount Interest of Creditors

14  The proposed settlement is in the best interests of creditors because it represents the best

15  opportunity to liquidate assets, minimize administrative expenses, and fund distributions to creditors

16  under a plan of reorganization.

17  The costs, additional risks, and delay of litigation more than outweigh any prospect of

18  improving upon the proposed compromise of the claims asserted in the Adversary Proceeding.  The

19  proposed settlement is within the range of reasonableness, and should be approved by the Court.

20  **CONCLUSION**

21  WHEREFORE, the Debtor requests that the Court enter an order:

22  1.    Approving the Settlement Agreement;

23  2.    Authorizing the Debtor to consummate and carry out the actions reasonably necessary

24  to consummate the Settlement Agreement; and

25  3.    Granting such other and further relief as appropriate in the premises.

26  DATED:  January 27, 2016                          MACDONALD | FERNANDEZ LLP

27                                                    By: /s/ Matthew J. Olson

28                                                         Matthew J. Olson
                                                          Attorneys for Debtor in Possession,
                                                          AQH, LLC

6

# EXHIBIT B

MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

AQH, LLC

             Debtor.

Case No. 15-50553-SLJ-11

Chapter 11

**CERTIFICATE OF SERVICE**

[No Hearing Set]

     I, the undersigned, hereby certify that I am a citizen of the United States of America and

employed in the City and County of San Francisco, California; that I am over the age of eighteen

years and not a party to the within action; that my business address is 221 Sansome Street, Third

Floor, San Francisco, California 94104-2323.

     On the date hereof, I served the following documents:
1. **NOTICE OF OPPORTUNITY FOR HEARING ON DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY**
2. **DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY**
3. **DECLARATION OF SEAN WALSH IN SUPPORT OF DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY** *(including Exhibit "A")*

Upon the following persons and/or entities:

Cheryl C. Rouse
Law Offices of Rouse & Bahlert
345 Franklin Street
San Francisco, California 94102

Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street, # 290
San Jose, CA 95113

E. P. Keiffer
Wright Ginsberg Brusilow P.C.
325 North Saint Paul Street, Suite 4150
Dallas, TX 75201

Office of the United States Trustee
Attn: Shining Hsu
U.S. Federal Bldg.
280 S. 1st St., #268
San Jose, CA 95113-3004

1

| | |
|---|---|
| 1 | Stephen D. Finestone | William L. Porter |
| | 456 Montgomery Street, 20th Floor | Porter Law Group, Inc. |
| 2 | San Francisco, CA 94104 | 7801 Folsom Boulevard, Suite 101 |
| | | Sacramento, CA 95826 |

3

4   As follows:

5   [X]   By First Class U.S. Mail. By placing a true and correct copy of said document(s), enclosed in a sealed envelope, addressed as above, with postage thereon fully prepared to be placed in the United States mail at San Francisco, California.

6

7   On the date hereof, I served the following document:

8   **1. NOTICE OF OPPORTUNITY FOR HEARING ON DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH CHRISTOPHER KILDAY**

9   Upon the following persons and/or entities on the attached mailing matrix, as follows:

10   [X]   By First Class U.S. Mail. By placing a true and correct copy of said document(s), enclosed in a sealed envelope, addressed as above, with postage thereon fully prepared to be placed in the United States mail at San Francisco, California.

11

12   I declare under penalty of perjury under the laws of the State of California that the foregoing

13   is true and correct and that I am employed in the office of a member of the bar of this Court, at

14   whose direction the service was made.

15   EXECUTED: January 27, 2016               /s/ Samantha G. Brown
                                              SAMANTHA G. BROWN
16

17

18

19

20

21

22

23

24

25

26

27

28

2

Label Matrix for local noticing
0971-5
Case 15-50553
Northern District of California
San Jose
Fri Jan  8 14:32:18 PST 2016

A&A Portables
201 Roscoe Road
Modesto, CA 95357-1828

AQH, LLC
440 North Wolfe Road, #243
Sunnyvale, CA 94085-3869

Access Electric
1990 Foundry Court
Ceres, CA 95307-9223

Andrew L. Faris
4929 E. Sunny Slope Road
Edina, MN 55424-1166

Andy Faris
4929 E. Sunnyslope Rd.
Edina, MN 55424-1166

Anthony Steven Brough
1200 Dale Ave, Apt 78
Mountain View, CA 94040-3326

Austin Roberts
2312 Lavon Lane
Ceres, CA 95307-1616

Brian Friend
527 Terminal Ave.
Modesto, CA 95350-5950

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Attn: Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

CHERYL C. ROUSE
LAW OFFICES OF ROUSE & BAHLERT
345 Franklin Street
San Francisco, California 94102-4427

Chris Cunningham
10033 Reevesbury Dr.
Beverly Hills, CA 90210-1422

Chris Kilday
450 Taraval St, #143
San Francisco, CA 94116-2530

Collins Electric
3412 Metro Drive
Stockton, CA 95215-9440

Collins Electrical Company, Inc.
C/O Herrig & Vogt, LLP
4210 Douglas Blvd
Suite 100
Granite Bay, CA 95746-5912

Collins Electrical Company, Inc.
HERRIG & VOGT, LLP
4210 Douglas Blvd.
Suite 100
Granite Bay, CA 95746-5912

CrimeTek Security
3448 North Golden State
Blvd.
Turlock, CA 95382-9709

DHL Global Forwarding
P.O. Box 742802
Los Angeles, CA 90074-2802

Lucile Darnell
c/o Stephen D. Finestone
456 Montgomery St., 20th Fl
San Francisco, CA 94104-1253

David B. Oshinsky
9415 Culver Boulevard
Culver City, CA 90232-2616

Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street, # 290
San Jose, CA 95113-1826

E.P. Keiffer
Wright Ginsberg Brusilow P.C.
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201-3861

Elisa Research
48834 Kato Road Suite 101-A
Fremont, CA 94538-7368

Emergent Systems
Exchange
7160 Shady Oak
Eden Prairie, MN 55344-3517

Emergent Systems Exchange, LLC
7160 Shady Oak Road
Eden Prairie, MN 55344-3517

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Andrew L Faris
c/o Law Offices of Rouse & Bahlert
345 Franklin Street
San Francisco, CA 94102-4427

Reno F.R. Fernandez
Macdonald Fernandez LLP
221 Sansome St. 3rd Fl.
San Francisco, CA 94104-2331

Stephen D. Finestone
Law Offices of Stephen D. Finestone
456 Montgomery St. 20th Fl.
San Francisco, CA 94104-1253

Fortis Advisors LLC
Collateral Agent (ratably)(CA) for Len
c/o Rick Fink
CEO and Managing Director
12526 High Bluff Drive, Suite 280
San Diego, CA 92130-3015

Fortis Advisors, LLC
c/o Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113-1826

Fortis Advisors, LLC
c/o E.P. Keiffer
Wright Ginsberg Brusilow, PC
325 North St Paul Street, Suite 4150
Dallas, TX 75201-3861

Franchise Tax Board
Bankruptcy Section, MS A-340
Post Office Box 2952
Sacramento, CA 95812-2952

Future Electronics Corp.
c/o E.P. Keiffer
325 N. St. Paul, Suite 4150
Dallas, TX 75201-3861

Future Electronics Corporation
c/o E. P. Keiffer
Wright Ginsberg Brusilow P.C.
325 N. St. Paul, Suite 4150
Dallas, TX 75201-3861

Gina L. Moyles/Anthony P. Fritz
HERRIG & VOGT, LLP
4210 Douglas Blvd., Suite 100
Granite Bay, CA 95746-5912

I Guard
3448 North Golden State
Blvd.
Turlock, CA 95382-9709

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Post Office Box 7346
Philadelphia, PA 19101-7346

Jacob Lopez
1608 Don Pedro Road
Ceres, CA 95307-9594

John Walsh
120 59th
Burr Ridge, IL 60527-4905

Karl A. Schweikert
Churchwell White, LLP
1414 K Street, Third Floor
Sacramento, CA 95814-3967

Edwin Paul Keiffer
Wright Ginsberg Brusilow P.C.
325 N St. Paul St. #4150
Dallas, TX 75201-3861

Kelly Litigation Group, Inc.
3 Lagoon Drive, Ste. 225
Redwood City, CA 94065-5158

Tatiana Korolshteyn
c/o Stephen D. Finestone
456 Montgomery St., 20th Fl
San Francisco, CA 94104-1253

Lionakis, a California
corporation
915 13th Street
Modesto, CA 95354-0903

Lucile Darnell
824 Lyndon Street, Apt. G
Monterey, CA 93940-1976

Lucy Darnell
824 Lyndon Street, Apt. G
Monterey, CA 93940-1976

MACDONALD
 FERNANDEZ LLP
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2331

Michael Mengarelli
Kelly Litigation Group, Inc.
3 Lagoon Dr. #225
Redwood City, CA 94065-5158

Michael White
2824 Fowler Road
Ceres, CA 95307-2102

Gina L. Moyles
Herrig and Vogt, LLP
4210 Douglas Blvd. #100
Granite Bay, CA 95746-5912

New Concept Fleet
Management
9096 Elkmont Way
Elk Grove, CA 95624-9707

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

Matthew Jon Olson
Macdonald Fernandez LLP
221 Sansome St. 3rd Fl.
San Francisco, CA 94104-2331

PLN Architects
1720 G Street
Modesto, CA 95354-1214

Platt Electric
10605 Southwest Allen Blvd.
Beaverton, OR 97005-4896

William L. Porter
Law Offices of Porter and Cable
7801 Folsom Blvd. #350
Sacramento, CA 95826-2624

Rexel, Inc. dba Platt Electric Supply
600 University St.
Ste. 3300
Seattle, WA 98101-1129

Rick Fink
CEO and Managing Director
Fortis Advisors as Collateral Agent
12526 High Bluff Drive, Suite 280
San Diego, CA 92130-3015

Riverbank Local
Redevelopment Authority
5300 Claus Road, Suite 1
Modesto, CA 95357-1665

Riverbank Local Development Authority
Churchwell White, LLP
1414 K Street, Third Floor
Sacramento, CA 95814-3929

Riverbank Local Redevelopment Agency
c/o Debbie Olson, Executive Director
5300 Claus Road, Suite 1
Modesto, CA 95357-1665

Riverbank Local Redevelopment Authority
c/o S. Craig Hunter
Churchwell White LLP
1414 K Street, 3rd Floor
Sacramento, CA 95814-3967

Cheryl C. Rouse
Law Offices of Rouse and Bahlert
345 Franklin St.
San Francisco, CA 94102-4427

Karl Andrew Schweikert
Churchwell White LLP
1414 K Street, 3rd Fl
Sacramento, CA 95814-3967

Sean Walsh
1742 Kansas Street
Redwood City, CA 94061-2635

Seth Chastain c/o Levy - von Beck & Ass
600 University St.
Ste. 3300
Seattle, WA 98101-1129

Dominique Sopko
Diemer, Whitman & Cardosi, LLP
75 E Santa Clara St.  #290
San Jose, CA 95113-1826

Southland Electrical Supply
147 North Main Street
Burlington, NC 27217-3901

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

State of California
Employment Development Dept.
Bankruptcy Special Procedures Group
P.O. Box 8268880 MIC 92E
Sacramento, CA 94280-0001

Stephen D. Finestone
456 Montgomery Street, 20th Floor
San Francisco, CA 94104-1253

Dennis M. Sullivan
Law Offices of Dennis M. Sullivan
465 California St. #700
San Francisco, CA 94104-1818

Tatiana Korolshteyn
1742 Kansas Street
Redwood City, CA 94061-2635

The Law Offices of Peter Lively
Attn: Peter Lively
11268 W. Washington Blvd.
Culver City, CA 90230-4647

Thomas Bautista
1624 Palm Ave.
Redwood City, CA 94061-2647

Tricia Hayward
1125 East Monte Vista Ave.
Turlock, CA 95382-0405

U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3661

Vagada Holdings
18600 Castle Ridge Drive
Morgan Hill, CA 95037-8947

Vagada Holdings, LLC
Attn: Yan Ebyam
18600 Castle Ridge Drive
Morgan Hill, CA 95037-8947

W.W. Grainger, Inc.
100 Grainger Parkway
Lake Forest, IL 60045-5202

William L. Porter
Porter Law Group, Inc.
7801 Folsom Boulevard, Suite 101
Sacramento, CA 95826-2619

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

State Board of Equalization
Attn: Special Procedures Section, MIC:55
P.O. Box 942879
Sacramento, CA 94279


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)ACCESS ELECTRIC                     (u)Baudler & Flanders                  (d)Collins Electric
                                                                               3412 Metro Drive
                                                                               Stockton, CA 95215-9440


(d)CrimeTek Security                   (u)Chris Cunningham                    (u)DBMAC, Inc.
3448 North Golden State Blvd.
Turlock, CA 95382-9709


(d)Emergent Systems Exchange           (d)I Guard                             (d)Lionakis, a California corporation
7160 Shady Oak                         3448 North Golden State Blvd.          915 13th Street
Eden Prairie, MN 55344-3517            Turlock, CA 95382-9709                 Modesto, CA 95354-0903


(d)New Concept Fleet Management        (d)Riverbank Local Redevelopment Authority    End of Label Matrix
9096 Elkmont Way                       5300 Claus Road, Suite 1               Mailable recipients    84
Elk Grove, CA 95624-9707               Modesto, CA 95357-1665                 Bypassed recipients    11
                                                                              Total                  95