NICHOLAS STROZZA (SBN CA 117234)
Acting Assistant United States Trustee
LYNETTE C. KELLY (SBN CA 120799)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5231
Telephone: (510) 637-3200
Facsimile: (510) 637-3220
Email: lynette.c.kelly@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>AQH, LLC,<br><br>  Debtor. | Case No. 15-50553 SLJ<br><br>Chapter 11<br><br>Date: May 11, 2016<br>Time: 2:00 p.m.<br>Ctrm: Honorable Stephen L. Johnson<br>280 S. First St., Room 3099<br>San Jose, CA |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C. § 1112(b) AND <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>**

Tracy Hope Davis, United States Trustee for Region 17, by and through undersigned counsel, hereby moves the Court for an order dismissing the above-captioned case or for an order converting it to Chapter 7 under 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 ("Motion"). The United States Trustee seeks dismissal of the above-captioned case filed by AQH, LLC ("Debtor") under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.1.[1]

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

## I. INTRODUCTION

Cause exists to dismiss this case because the Debtor has failed to confirm a plan within the statutory period required by Section 1129(e) and no hearing on that plan is currently scheduled. The statutory period may not now be extended under Section 1121(e)(3)(C).

In addition, cause exists to dismiss this case because there has been a continuing, post-petition loss to the estate and there is no reasonable likelihood of rehabilitation in this case.

The record does not support any qualification of, or statutory defense to, the Motion under Section 1112(b)(2). The Court should therefore enter an order granting the Motion and dismissing this case. If for any reason the Court elects not to dismiss this case, however, the Court should enter an order converting this case to Chapter 7.

The Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Wayne Yee filed herewith, and further evidence and argument entertained by the Court.

## II. STATEMENT OF FACTS

1. On February 19, 2015, the Debtor filed a voluntary Chapter 11 petition ("Petition") with the Court. [Docket No. 1]. On March 23, 2015, the Debtor filed an amended voluntary Chapter 11 petition ("Amended Petition") with the Court. [Docket No. 58].

2. On both the Petition and the Amended Petition, the Debtor self-identifies as a "small business debtor as defined in 11 U.S.C. § 101(51D)." [Docket Nos. 1 & 58].

3. The Debtor also reports on both the Petition and the Amended Petition that its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925. [Docket Nos. 1 & 58].

4. The Debtor filed a plan of reorganization ("Plan") and disclosure statement on November 25, 2015. [Docket No. 150].

5. The Debtor filed an amended plan of reorganization ("Amended Plan") and amended disclosure statement on December 24, 2015. [Docket No. 159].

6. The Court convened a hearing on the Amended Plan on February 4, 2016. [*See* Case Docket]. At the hearing, the Debtor requested authorization to file an amended disclosure statement by February 12, 2016 for a hearing on March 3, 2016. [*Id.*]. No amended disclosure statement appears of the Court's docket for this case after February 4, 2016. [*Id.*].

7. On March 3, 2016, the Court convened a hearing on the Amended Plan. [*See* Docket No. 184]. At that hearing the Debtor withdrew the Amended Plan and advised the Court that it would be filing a liquidating plan instead. [*Id.*].

8. To date, the Debtor has not filed a liquidating plan and no hearing is currently scheduled on the Court's docket for the Plan or the Amended Plan. [*See* Case Docket].

9. The Debtor operates as a Bitcoin miner and its operations are capital intensive. [*See* Declaration of Wayne Yee ("Yee Declaration"), attached hereto as "Exhibit 1"].

10. The Debtor's post-petition payables exceed its available cash and receivables by $837,993. (*See* Yee Declaration).

11. The Debtor has insufficient income to repay outstanding payables in the amount of $902,290.82 that are due by the end of March 2016, and it is unlikely that the Debtor will be able to meet its post-petition obligations on a going forward basis. (*See* Yee Declaration).

**III.     JURISDICTION**

The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to

AQH, LLC 15-50553: UST Motion to Dismiss or Convert                                                    3

Case: 15-50553    Doc# 189    Filed: 04/04/16    Entered: 04/04/16 11:19:32    Page 3 of 10

adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.

Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014. Venue of this bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any issue in any case or proceeding under title 11."). The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

### IV. POINTS AND AUTHORITIES

Cause exists to dismiss this case under Section 1112(b)(4)(J). The Debtor filed the Plan on November 25, 2015 [Docket No. 150] and the Amended Plan on December 24, 2015 [Docket No. 159], but the Debtor did not obtain an order confirming a plan within the forty-five day period required by Section 1129(e). 11 U.S.C. § 1129(e). The Bankruptcy Code bars an extension of the Section 1129(e) deadline because the deadline has expired and the Debtor has not moved the Court to extend it. [*See* Docket; 11 U.S.C. § 1121(e)(3)(C)].

Cause also exists to dismiss this case under Section 1112(b)(4)(A) because has been a continuing post-petition loss to the estate and there is no reasonable likelihood of rehabilitation in this case.

The discussion that follows will begin by addressing the statutory standard for dismissal under Sections 1112(b)(1) and 1112(b)(4). It will then describe the qualifications or statutory defenses to the relief requested in the Motion, as set forth in Sections 1112(b)(2) and 1112(c).

For the reasons outlined below, the Court should not apply these qualifications or defenses in this case and should enter an order dismissing it.

### A. *Cause Exists to Dismiss this Case Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(J) Because the Debtor Failed to Confirm a Plan Within the Time Fixed by 11 U.S.C. § 1129(e)*

The text of Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest,[2] and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

"Cause," as used in Section 1112(b)(1), is defined in pertinent part in Section 1112(b)(4)(J) as the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. §§ 1112(b)(1), (b)(4)(J).

Section 1129(e) requires that "[i]n a small business case . . . the court shall confirm a plan . . . not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)."

---

[2] By its terms, Section 1112(b)(1) grants any "party in interest" standing to seek any of the remedies available under that statutory provision. Although not expressly mentioned among the illustrative examples of parties in interest in Section 1109(b), the United States Trustee is a "party in interest" for purposes of seeking the relief requested in the Motion. *See In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (holding that the United States Trustee is a "'party in interest' when he seeks to protect the rules and procedures of bankruptcy"); *A-1 Trash Pickup, Inc. v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 777 (4th Cir. 1986) (concluding the United States Trustee "is a 'party in interest' within the meaning of § 1112(b)"); 11 U.S.C. § 307 (granting the United States Trustee statutory standing to raise and appear and be heard on any issue arising under title 11).

AQH, LLC 15-50553: UST Motion to Dismiss or Convert     5

This case is a "small business case." As noted above, the Debtor self-identifies as a "small business debtor" and its aggregate noncontingent liquidated debts are within the range for small business debtors. *See* 11 U.S.C. § 101(51C) ("The term 'small business case' means a case filed under Chapter 11 of this title in which the debtor is a small business debtor."); *In re CCT Communications, Inc.*, 420 B.R. 160, 169 (Bankr. S.D.N.Y. 2009) (the fact that debtor designated itself as a "small business debtor" on its Chapter 11 petition, regardless of whether it was in fact a "small business debtor," prevented it from later changing its designation for purposes of defending against a motion to dismiss under Section 1112(b)(4)(J)).

The Debtor has failed to comply with Section 1129(e) because in this small business case the Debtor has not obtained a Court order confirming a plan within forty-five (45) days from the date on which the Plan was filed. The Debtor filed the Plan on November 25, 2015. [Docket No. 150]. Forty-five days later, the date was January 9, 2016. The Debtor filed the Amended Plan on December 24, 2015. [Docket No. 159]. Forty-five days later, the date was February 7, 2016. To date, the Court has not entered an order confirming either the Plan or the Amended Plan, and no plan confirmation hearing is currently scheduled on the Court's docket in this case. [*See* Case Docket]. Moreover, the Debtor has withdrawn the Amended Plan and advised the Court that it will be filing a liquidating plan, which it has not done. [*See* Docket No. 184].

Therefore, pursuant to Section 1129(e), the Debtor cannot now confirm the Plan and under Section 1112(b)(4)(J) this case must be dismissed. 11 U.S.C. §§ 1129(e) & 1112(b)(4)(J).

Furthermore, the forty-five-period by Section 1129(e) may not now be extended under Section 1121(e)(3), which requires in pertinent part that "the time period[] specified in . . . section 1129(e) . . . may be extended only if . . . [an] order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C). The deadline has expired, and no

order extending time appears on the Court's docket. Bankruptcy courts require strict adherence to Section § 1121(e)(3)(C). *See In re Roots Rents, Inc.*, 420 B.R. 28, 37 (Bankr. D. Idaho 2009) ("The plain language of § 1121(e)(3)(C) requires the order be obtained before the period expires). *In re Caring Heart Home Health Corp.*, 380 B.R. 908 (Bankr. S.D. Fla. 2008) (denying a debtor's request for a *nunc pro tunc* extension when the requirements of § 1121(e)(3) were not satisfied, finding that failure to meet the pre-deadline order requirement of § 1121(e)(3)(C) is "conclusive" on the issue of whether extension can be granted).

The Court therefore has cause to dismiss this case under Section 1112(b)(4)(J). 11 U.S.C. § 1112(b)(1), (b)(4)(J) ("[C]ause includes . . . failure to . . . confirm a plan, within the time fixed by this title. . . ."). Accordingly, the Court should enter an order dismissing this case.

### B. *Cause Exists to Dismiss this Case Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A) Because There is a Continuing Loss to the Estate and There is No Reasonable Likelihood of Rehabilitation*

Cause under Section 1112(b)(4)(A) first requires that the debtor has sustained a substantial or continuing loss to its estate. 11 U.S.C. § 1112(b)(4)(A). Additionally, cause under Section 1112(b)(4)(A) requires that the movant demonstrate that there is the absence of a reasonable likelihood of rehabilitation. *Id.* Rehabilitation means that that the debtor's business will be "put back in good condition" and "re-establish[ed] on a firm, sound basis." *In re V Co.*, 274 B.R. 721, 725 (Bankr. N.D. Ohio 2002); *see also In re Vallambrosa Holdings, L.L.C.*, 419 B.R. 81, 89 (Bankr. S.D. Ga. 2009) ("[R]ehabilitation in a Chapter 11 [case] . . . requires, at minimum, the prospect of re-establishment of a business.").

There is in this case a continuing loss to the estate and there is no likelihood of rehabilitation. The Debtor's costs of doing business have far outpaced its financial assets: as of February 29, 2016, the Debtor's post-petition payables exceeded its available cash and potential

receivables it by $837,993. (*See* Yee Declaration). The Debtor will therefore be unable to repay a $902,290.82 obligation that the Debtor owes to one of its primary vendors by the end of March 2016. (*See* Yee Declaration). There is nothing in the record to indicate that the Debtor will be able to make up the difference between its payables and its assets or to meet its post-petition obligations going forward. Moreover, there is nothing in the record to indicate that the Debtor has a reasonable likelihood of rehabilitation. Indeed, at a March 3, 2016 status hearing the Debtor advised the Court that it was withdrawing the Amended Plan because it intends to liquidate rather than reorganize. [*See* Docket No. 184]. The Debtor has therefore acknowledged that it cannot be "re-establish[ed] on a firm, sound basis" and cannot be rehabilitated. *In re V Co.*, 274 B.R. at 725. [*See* Yee Declaration]. For these additional reasons, the Court has cause to dismiss this case under Section 1112(b)(1).

### C. *Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defense Available Under 11 U.S.C. § 1112(b)(2).*

The burden of proof to establish a *prima facie* case of cause belongs here to the United States Trustee as the movant seeking relief under Section 1112(b)(1). *In re Sydnor,* 431 B.R. 584, 590–591 (Bankr. D. Md. 2010) (stating that Section 1112 applies a burden shifting approach that assigns to the movant the initial burden of establishing a *prima facie* case of cause for conversion or dismissal of a debtor's Chapter 11 bankruptcy case). Once cause is established, the burden then shifts to the respondent to establish unusual circumstances demonstrating that the requested dismissal or conversion is not in the best interests of creditors and the bankruptcy estate. *Id.* at 591 ("The burden is upon the respondent to prove such unusual circumstances."). The standard of proof is by preponderance of the evidence. *In re Comscape Telecomm's, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

Courts have consistently held that the statutory requirement of unusual circumstances must be predicated upon facts other than those that generally come to pass in Chapter 11 bankruptcy cases. *Sydnor,* 431 B.R. at 591 ("[U]nusual circumstances cannot solely be facts that are common to Chapter 11 cases generally."); *Landmark Atlantic*, 448 B.R. at 712 (same); *In re Orbit Petroleum, Inc*. 395 B.R. 145, 148 (Bankr. D.N.M. 2008) (same). The record does not disclose any unusual circumstances that would counsel against granting the relief requested in the Motion.

In addition to the statutory requirement that the Debtor establish unusual circumstances within the meaning of Section 1112(b)(2), the Debtor or other respondents must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). It is important to note that the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) as the statute is written in the conjunctive, and enforcement of Section 1112(b)(2) according to its express terms would not yield an absurd result here. *In re Om Shivai, Inc*. 447 B.R. 459 (Bankr. D.S.C. 2011) ("The construction of [Section 1112(b)(2)] makes it clear that all of the elements set forth in [Section 1112(b)(2)] must be satisfied to protect the debtor from conversion or dismissal."); *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011) (same).

The Debtor must first establish a "reasonable likelihood that a plan will be confirmed within the timeframe[] established in section[] . . . 1129(e)." 11 U.S.C. § 1112(b)(2)(A). As noted above, the Debtor has failed to comply with the timeframe set forth in Section 1129(e) and therefore it cannot establish the required statutory defense under Section 1112(b)(2)(A). No plan can be confirmed in this case because Section 1129(e) forbids it. The Court should therefore enter an order dismissing this case.

1     **WHEREFORE**, for all of the foregoing reasons the Court should enter an order (a) granting the Motion; (b) dismissing this bankruptcy case; and (c) commanding such other relief as is just under the circumstances.

Dated: April 4, 2016

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                        By:  */s/* Lynette C. Kelly
                                               Trial Attorney
                                               Office of the U.S. Trustee
                                               1301 Clay Street, Suite 690N
                                               Oakland, CA 94612-5231