Matthew J. Olson
MACDONALD | FERNANDEZ LLP
221 Sansome Street, Third Floor
San Francisco, CA 94104
(415) 362-0449 Ext. 205
matt@macfern.com

ATTORNEY'S FOR THE DEBTOR

E. P. Keiffer
COATS |ROSE P.C.
325 North St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
pkeiffer@wgblawfirm.com

Kathryn Diemer
DIEMER, WHITMAN & CARDOSI, LLP
75 East Santa Clara Street, Suite 290
San Jose, CA 95113
(408) 971-6270
kdiemer@diemerwhitman.com

ATTORNEYS FOR COLLATERAL AGENT AND FE

David B. Galle
FOX ROTHSCHILD, LLP
222 South 9th Street
Suite 200
Minneapolis, MN 55402
DGalle@oppenheimer.com

ATTORNEYS FOR EMERGENT SYSTEMS, INC.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AQH, LLC,<br><br>       Debtor. | Case No. 15-50553-11-SLJ<br>Chapter 11<br><br>AMENDED STIPULATION RESOLVING SECTION 105(a) MOTION REQUESTING REVIEW OF TERMS OF INTERLOCUTORY ORDER AND TO INTRODUCE EVIDENCE IN SUPPORT<br>    Honorable Stephen L. Johnson |

COMES NOW: a) Fortis Advisors LLC, as Collateral Agent for the ratable benefit of the Lenders under certain Transaction Documents as defined in the Cointerra, Inc. Security and Pledge Agreement[1] and other applicable Transaction Documents ("**Collateral Agent**") Future Electronics Corporation ("**FE**" sometimes collectively these parties are "**CA/FE**"); b) Emergent Systems Exchange, LLC. ("**ESE**") and AQH LLC ("**Debtor**") and file this Amended Stipulation Resolving Section 105(a) Motion Requesting Review of Specific Elements of this Court's Cash Collateral Orders [DKT #69 and 89] (the "**Interlocutory CC Orders**") regarding the Debtor's use of specific collateral and the provision of adequate protection payments to ESE for the continued use of specific machinery and ancillary materials used in the Debtor's business operations as same were modified by the Stipulation Resolving Section 105(a) Motion Requesting Review of Terms of Interlocutory Order and to Introduce Evidence in Support [DKT #141] (the "**Prior AP Stipulation**").

### Background Regarding Amending the Stipulation

1. As noted in the Prior AP Stipulation, with all of its detailed background information on the issues then attendant, the adequate protection payment then held by Debtor's counsel were to continue to be held by Debtor's counsel until the conflicting claims as to the extent, validity and priority of ESE's asserted lien as to specific collateral, as well as rights to adequate protection payments ordered to be paid to them by the Debtor were resolved. Additionally, as part of the Prior AP Stipulation, adequate protection payments were no longer be required to be paid to CA/FE, so long as "the Debtor promptly moves forward and files and an approval disclosure statement and a confirmable plan of reorganization in the near future…."

---

[1] Any capitalized terms not defined herein are as defined in the Cointerra, Inc. Security and Pledge Agreement, the Collateral Agent Agreement and multiple Secured Convertible Notes all dated August 1, 2014.

2. Thereafter, CA/FE resolved their extent, validity and priority issues with ESE and also both agreed to a Plan Support Agreement with the Debtor by means of the filing of a Motion to Approve Plan Support and Claims Settlement Agreement [DKT #153]. Thereafter, entry of the Order Granting Motion to Approve Plan Support and Claims Settlement Agreement [DKT #167] approved those provisions. The Plan Support and Claims Settlement Agreement (the "**PSCSA**") served two functions: a) detailed what the CA/FE and ESE would be willing to support regarding the Debtor's plan; and b) detailed the resolution of the extent, validity and priority issues between relative to CA/FE and ESE as well as allowing their claims as detailed in the PSCA. Included in the PSCSA was the requirement that the Debtor forward the held adequate protection payment on to counsel for the CA, which was done shortly after the entry of the referenced order.

### Changed Circumstances

3. The Debtor has been buffeted by circumstances, many beyond its control (market volatility on Bitcoin generation percentages on account of more generating capacity which lowers returns on mining and the pace of improvements and necessary revisions to the Debtor's facilities) and as such has not been able to maintain momentum sufficient to move the plan and disclosure statement filed in late 2015 and early 2016 on track.

4. While CA/FE continue to support the Debtor's reorganization goals, the landscape has changed as noted and the Plan Support portion of the PCSA will necessarily need to be modified in a mutually agreeable manner, if at all possible. As such, until that rejiggering necessary to secure a confirmable plan is completed, and while the Debtor continues to operate, the prior adequate protection regime needs to be reviewed, revised and reinstated. This amendment to the Prior AP Stipulation addresses that circumstance.

## The Revised Stipulation

5. The Debtor will reinstitute adequate protection payments for the months of March and April, and requires same as long as the Debtor is operating in Chapter 11, in the amount of $11,000 per month (with two month's payments [$22,000] being due in April). The prior $16,950 per month adequate protection payment was reduced to $11,000 per month by agreement, from and after March, 2016, to account for the revised claims of CA/FE as detailed in the PSCSA and the circumstances of the case.

6. The terms of the Prior AP Stipulation require that ESE's entire share of any adequate protection payment (or any other payments made the Debtor to ESE) be made to CA until the next $24,015 that ESE would receive in any way or manner on account of any transaction with the Debtor related to the collateral referenced in the PSCSA. The April payments, once they clear, would provide an $11,000 deduction on the sharing obligation between CA/FE and ESE and leave $13,015 thereafter due under such obligation. Subsequent payments would be credited in like manner.

7. This Stipulation may be executed in any number of identical counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and same instrument. Signatures to this Stipulation transmitted by e-mail shall be sufficient to bind the signing party and shall have the same force and effect as an original.

/ / /

/ / /

/ / /

DATED April 11, 2016

MACDONALD | FERNANDEZ LLP               COATS | ROSE P.C.


By: /s/ Matthew J. Olson                 By: /s/ E.P. Keiffer
    Matthew J. Olson                         E. P. Keiffer
    Attorneys for AQH. LLC                   Attorneys for Fortis Advisors LLC, as
                                             Collateral Agent and Future Electronics
                                             Corporation


FOX ROTHSCHILD, LLP


By: /s/ David B. Galle
    David B. Galle
    Attorneys for Emergent Systems Exchange, LLC

3144561 v.2