MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

               Debtor.

Case No. 15-50553-SLJ-11

Chapter 11

MOTION TO (1) APPROVE APPOINTMENT OF FINANCIAL ADVISOR FOR DEBTOR-IN-POSSESSION AND (2) APPROVE POST-PETITION RETAINER

[No Hearing Set]

      COMES NOW AQH, LLC, d/b/a Aquifer, LLC, Debtor-in-Possession herein, which moves for authority to retain Arch & Beam Global, LLC ("Arch + Beam") as the financial advisor for the Debtor in Possession pursuant to Bankruptcy Code Section 327 and for authorization to pay a post-petition retainer of $20,000 to Arch + Beam pursuant to Bankruptcy Code Sections 363(b)(1), 328(a), and 105(a), and respectfully represents:

## **FACTS**

      1.     The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of its estate.

      2.     The Debtor requires a financial advisor to analyze its current situation, advise management on possible go-forward options, including a potential sale of Debtor's business as a going concern under Bankruptcy Code § 363 or a recapitalization. In the event the Debtor pursues a sale under § 363, Arch + Beam will help establish bidding procedures, assist with locating and qualifying bidders, and managing the sales process.

1

A.   **ARCH + BEAM IS ELIGIBLE TO BE EMPLOYED BY THE BANKRUPTCY ESTATE.**

3.   The Debtor wishes to employ Arch & Beam Global, LLC ("Arch + Beam") as its financial advisor.  In selecting such expert, the Debtor has made diligent and careful inquiries into the qualifications and connections of the firm, and has found it to be qualified by reason of its ability, integrity and professional experience.  Howard Bailey, a Certified Turnaround Professional, will lead the engagement.

4.   The following resources to be employed for this engagement are as follows:

a.   Howard Bailey, Managing Director
b.   Matthew English, Managing Director
c.   Scott Geary, Director
d.   Brendan Cronin, Senior Associate
e.   Other resources, as required

5.   The hourly rate to be charged by Arch + Beam are as follows:

- Managing Directors        $395
- Directors                 $325
- Associates                $250
- Staff and Admin           $75-125

6.   Arch + Beam has no connection with the Debtor, nor its known employees, creditors, attorneys or accountants, the United States Trustee, or any person employed with the Office of the United States Trustee, and is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a).  *See* Bailey Decl. ¶ 6.

7.   The Debtor understands that its obligation to pay fees and costs is subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated by the United States Bankruptcy Court for the Northern District of California and payment of such fees and costs are subject to prior court approval.

B.   **PAYMENT OF A POST-PETITION RETAINER IS WITHIN THE SOUND BUSINESS JUDGMENT OF THE DEBTOR AND IS NECESSARY IN ORDER TO OBTAIN A COMPETENT FINANCIAL ADVISOR**

8.   The Debtor agreed to pay Arch + Beam a retainer in the amount of $20,000.  Said retainer is appropriate to the size and complexity of the case.  Specifically, this case requires review and analysis of extensive financial information, interview and analysis of market participates, and

2

evaluation of the Debtor's best options moving forward.  Additionally, management requires assistance negotiating with potential bidders, professional advice on selecting the best bidder, and assistance in managing any overbidding procedures, consistent with management's obligations to obtain the highest and best price for Debtor's business interests.

9.     It is beyond cavil that the estate requires competent advice on financial issues. Bankruptcy Code Section 363(b)(1) provides that a debtor in possession, after notice and a hearing, may use, sell or lease property of the estate other than in the ordinary course of business.  The standard under Section 363(b)(1) is the "business judgment" standard, and a debtor may use property of the estate so long as there is "some articulated business justification" for the proposed use.  *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986)).

10.     Payment of the aforesaid post-petition retainer is within the Debtor's sound business judgment.  "[T]he bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate."  *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (applying business judgment standard in context of rejection of executor contract). Payment of a post-petition retainer is in the best interests of the estate in that it is necessary in order to obtain the services of competent financial advisors.

11.     The aforesaid retainer is reasonable in proportion to the size and complexity of the within case.  Bankruptcy Code Section 328(a) provides that the Debtor, with Court approval, may employ professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis."  As discussed above, this case this case requires review and analysis of extensive financial information, interview and analysis of market participates, evaluation of the Debtor's best options moving forward, assisting management with negotiations, advising management bid selection, and assisting with any overbidding procedures.

12.     Payment of the retainer is necessary in order to obtain competent financial advisors to assist in the administration of the within case.  Bankruptcy Code Section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the

3

1  provisions of" the Bankruptcy Code.  The proper administration of the case is in the best interests of

2  the estate.

3       WHEREFORE, the Debtor prays that it be authorized to employ Arch + Beam as its financial

4  advisor, for authority to pay the requested post-petition retainer, and for such other and further relief

5  as is proper in the premises.

6  DATED:  April 15, 2016                  MACDONALD FERNANDEZ LLP

7                    By:  /s/ Matthew J. Olson

8                         Matthew J. Olson
                       Attorneys for Debtor in Possession,

9                         AQH, LLC

4