MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC,

          Debtor.

Case No. 15-50553-SLJ-11

Chapter 11

NOTICE OF ERRATA RE DECLARATION OF HOWARD BAILEY IN SUPPORT OF MOTION TO (1) APPROVE APPOINTMENT OF FINANCIAL ADVISOR FOR DEBTOR IN POSSESSION AND (2) APPROVE POST-PETITION RETAINER

[No Hearing Set]

NOTICE IS HEREBY GIVEN that AQH, LLC, d/b/a Aquifer, LLC, Debtor in Possession herein, submits this Notice of Errata to the Declaration of Howard Bailey in Support of the Motion to (1) Approve Appointment of Financial Advisor for Debtor in Possession and (2) Approve Post-Petition Retainer (herein "The Declaration") filed on April 15, 2016. The Declaration (Dkt. No. 197-1) inadvertently omitted the referenced Exhibit "A." Exhibit "A" is identified as a true and correct copy of the Retention Letter, by and between the Debtor and the firm, and is attached hereto as Exhibit "A" and incorporated by reference.

DATED: April 18, 2016

          MACDONALD FERNANDEZ LLP

          By: /s/ Matthew J. Olson
              Matthew J. Olson
              Attorneys for Debtor in Possession,
              AQH, LLC

1

# EXHIBIT A



April 5, 2016

**Delivered Via Email**

AQH, LLC
c/o Matthew Olson
Macdonald | Fernandez LLP
221 Sansome Street, Third Floor
San Francisco, CA 94104

Dear Sir or Madam:

This letter confirms that AQH, LLC (the "Company") has requested Arch & Beam Global, LLC ("Arch + Beam") to provide financial advisory services to help the Company and identify and execute on possible go-forward option(s), including a potential sale through a U.S. Code § 363 or a recapitalization. This letter agreement ("Agreement") sets forth the key terms of such Engagement and the basis upon which we will render these services, and confirms our understanding with respect to the determination and payment of fees and the reimbursement of costs and expenses.

The appointment of Arch + Beam as Financial Advisor is subject to an order of the Bankruptcy Court and Arch + Beam's scope of services, role and administrative powers will be governed by a court order and possible confirmed plan or other of the United States Bankruptcy Court, Northern District of California (the "Bankruptcy Court"), under case number 15-50553-SLJ-11.

**1. Scope of Services and Company Duties**. The Company is choosing Arch + Beam as its financial consultant to identify possible go-forward option(s). Company will make information and/or personnel available to Arch + Beam as requested to assist in their analysis.

Arch + Beam estimates the fees for this engagement to total $75,000 to $150,000; however, the exact amount could be lower or higher depending on the time incurred.

**2. Fees and Billing Practices.** In consideration for the services rendered by Arch + Beam hereunder, the Arch + Beam will be paid the following fees.

Arch + Beam will be paid on a time and material basis, subject to Court approval after the filing of a fee application.

   a. Arch + Beam requests a post-petition retainer of $20,000. After initial $20,000 retainer is exhausted, Vendor will obtain email permission from Customer for every $10,000 increment of billable work. Arch + Beam will not accrue any billable hours without this email approval from Customer.

   b. ACH Wire instructions are below. Upon termination of the Engagement, the retainer amount shall be credited toward the final invoice and any balance remaining in the retainer will be returned to the Company;

   Chase Bank
   Arch & Beam Global LLC
   Account Number: 187988295
   Routing Number: 322271627
   EIN:45-4172820

   b. Arch + Beam payment terms are "due upon approval by the Bankruptcy Court".

   c. Arch + Beam shall be compensated by an amount equal to the number of hours worked multiplied by Arch + Beam's hourly billing rates for the respective professionals. Fee Applications will be generated on a periodic basis as per the rules and guidelines of the Court. Our hourly billing rates set forth in the below schedule:

   | | |
   |---|---|
   | Managing Directors | $395 |
   | Directors | $325 |
   | Associates | $250 |
   | Staff and Admin | $75-100 |

   d. We may incur various costs and expenses, including travel, in the normal course of performing the Engagement under this Agreement. All costs and expenses will be charged at our cost. Mileage will be charged at the current IRS rate, which is presently $0.54 per mile.

**3. Indemnification.** Company shall indemnify and hold harmless Arch + Beam, its employees, officers, directors, agents, and any controlling person (individually and collectively, the "Indemnitees") from and against all liabilities, claims, suits, damages, judgments, reasonable costs and expenses, including reasonable counsel fees and disbursements, to which the Indemnitees may become subject to arising in any manner out of or in connection with the services or matters which are the subject of this Agreement. Company shall promptly reimburse the

Indemnitees, who become liable for matters indemnified hereunder, for all amounts, including reasonable attorneys' fees and disbursements, which they or any of them are required to pay in connection with or in defense of any of the matters for which they or any of them are entitled to indemnification as set forth above.  Notwithstanding the foregoing, under no circumstances shall Company be liable under this Section 3 for any loss, claim, damage, liability or expenses resulting from the gross negligence or willful misconduct of Arch + Beam in the performance of its services in this Agreement.

**4. Dispute Resolution.**  Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof shall be determined by the Bankruptcy Court.

In the event the Bankruptcy Court declines jurisdiction, the dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof shall be determined by arbitration in San Francisco, California before one arbitrator.  The arbitrator shall also have the authority to determine the scope or applicability of this agreement to arbitrate. The arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures. Judgment on the award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

Each party to the arbitration will pay its pro rata share of the expenses and fees of the arbitrator, together with other expenses of the arbitration incurred or approved by the arbitrator. Each party shall bear its own attorneys fees and expenses. The parties agree to abide by all decisions and awards rendered in such proceedings.  The arbitrator shall not have the right to award punitive damages or speculative damages to either party and shall not have the power to amend this Agreement. The arbitrator shall be required to follow applicable law.

**5. Term, Discharge and Withdrawal.** The Company may discharge Arch + Beam at any time and we have the right to withdraw from this engagement at any time.  If you are dissatisfied for any reason, we will cease our efforts and return the unused portion of the retainer to you. Arch + Beam will return the unused portion of the retainer to Company, less an amount for fees and expenses incurred to that time. Reasons for our withdrawal may include, but are not limited to, your breach of this Agreement, your refusal to cooperate with us or any fact or circumstance that would make us unable to gain access to the information or personnel required to complete the scope of this engagement.  The provisions of this Agreement shall survive any termination of this Agreement.

### 6. Intellectual Property and Confidentiality.

a) **Trade Secrets**.  Company acknowledges and agrees that Arch + Beam owns and shall retain all right, title and interest, including without limitation all intellectual property rights, in any and all of its evaluation methodologies and tools, formulae, software, (including all source or object code) and other property

3

Case: 15-50553    Doc# 199    Filed: 04/18/16    Entered: 04/18/16 18:08:16    Page 5 of 10

developed by Arch + Beam either prior to or pursuant to Arch + Beam's performance under this Agreement (the "Trade Secrets"). Company agrees to use these methodologies, tools and templates only for the Company's use as part of this Agreement. Company will not distribute these materials to any third-party (other than their accountant or attorney) unless receiving prior written authorization from Arch + Beam.

b) **Confidential and Proprietary Information.** Company and Arch + Beam each agree to keep confidential and not disclose or use, except in performance of its obligations under the Engagement Letter and this Agreement, confidential or proprietary information related to the other party's technology or business ("Confidential Information"). For purposes hereunder, all information not in the "public domain" shall be deemed Confidential Information. Company acknowledges that Arch + Beam's evaluation methodologies and related Trade Secrets constitute valuable proprietary assets of Arch + Beam, and Company agrees not to use such Confidential Information for its own commercial benefit or for any purpose except in accordance with the specific terms of the Engagement Letter and this Agreement. Company and Arch + Beam both agree that they it will take all reasonable measures to protect the secrecy of and avoid disclosure or use of the other party's Confidential Information in order to prevent it from falling into the public domain or the possession of persons other than those persons authorized under this Agreement to have any such Confidential Information. Such measures shall include the degree of care that the party utilizes to protect its own trade secrets and other proprietary and confidential information of a similar nature, which shall be no less than reasonable care. Each party agrees to notify the other party in writing of any misuse or misappropriation of any Confidential Information that may come to such party's attention. The phrase "public domain" shall mean readily accessible to the public in a written publication, and shall not include information that is only available by a substantial searching of the published literature, nor shall it include information the substance of which must be pieced together from a number of different publications and/or sources. Upon termination of this Agreement, all Confidential Information shall be returned to its owner or confidentially destroyed within thirty (30) days.

Company and Arch + Beam further agree that the Engagement Letter and its terms and conditions are confidential, and each agrees that it shall not disclose any of the foregoing to any other person or entity except in confidence to their respective attorneys and accountants (and employees, consultants, and advisors on a strict "need to know" basis), or as may be required by applicable law or regulation.

**7. Independent Contractor.** Arch + Beam and its Service Providers are independent contractors of Company, and nothing in this Agreement should be construed to create a partnership, joint venture, or employer-employee relationship. Arch + Beam is not the agent of Company, and is not authorized to make any representation, contract, or commitment on behalf of Company, except with prior approval of Company.

**8. Standard of Care.** Arch + Beam warrants that its Services shall be performed by personnel possessing competency consistent with applicable industry standards. No other representation, express or implied, and no warranty or guarantee is included or intended in this Agreement, or in any report, opinion, deliverable, work product, document or otherwise. Furthermore, no guarantee is made as to the efficacy or value of any Services performed. THIS SECTION SETS FORTH THE ONLY WARRANTIES PROVIDED BY ARCH + BEAM CONCERNING THE SERVICES AND RELATED WORK PRODUCT. THIS WARRANTY IS MADE EXPRESSLY IN LIEU OF ANY AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION ANY WARRANTIES OF TITLE, FITNESS FOR A PARTICULAR PURPOSE, MERCHANTABILITY, NON-INFRINGEMENT, OR OTHERWISE.

Arch + Beam personnel are not CPAs, attorneys or tax specialists. Company should consult its professional advisors for accounting, tax and legal questions.

**9. Liability.** Company agrees to limit Arch + Beam's liability to Company (and any other third party) for any damage on account of any error, omission or negligence to a sum not to exceed the amount of the payment received by Arch + Beam for the particular service provided giving rise to the claim. The limitation of liability set forth herein is for any and all matters for which Arch + Beam may otherwise have liability arising out of or in connection with this Agreement, whether the claim arises in contract, tort, statute or otherwise.

Company's exclusive remedy for any claim arising out of or relating to this Agreement will be to request in writing that Arch + Beam either (i) use commercially reasonable efforts to cure, at Arch + Beam's expense, the matter that gave rise to the claim for which Arch + Beam is at fault; or (ii) return the Fees paid by Company for the particular service provided that gives rise to the claim, subject to the limitation contained in this Section. Company agrees that it will not allege that this remedy fails its essential purpose.

EXCEPT AS PROVIDED HEREIN, IN NO EVENT SHALL ARCH + BEAM BE LIABLE FOR COSTS OF PROCUREMENT OF SUBSTITUTE GOODS OR SERVICES, NOR SHALL ARCH + BEAM BE LIABLE FOR ANY GENERAL, SPECIAL, INDIRECT, TORT, INCIDENTAL, CONSEQUENTIAL, PUNITIVE, OR OTHER DAMAGES, HOWEVER CAUSED, IN EXCESS OF THE AMOUNTS PAID BY COMPANY UNDER THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, ANY DAMAGES RESULTING FROM LOSS OF USE, LOSS OF DATA OR CONTENT, LOSS OF PROFITS OR LOSS OF BUSINESS OR GOODWILL ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT, OR OF ANY OTHER OBLIGATIONS RELATING TO THIS AGREEMENT, WHETHER OR NOT THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

THE ESSENTIAL PURPOSE OF THIS SECTION IS TO LIMIT THE POTENTIAL LIABILITY OF ARCH + BEAM ARISING OUT OF THIS AGREEMENT.

COMPANY SPECIFICALLY ACKNOWLEDGES AND AGREES THAT THE ALLOCATION OF RISK IS REFLECTED IN THE FEES PAYABLE HEREIN.

**10. Force Majeure.** Arch + Beam shall not be responsible for delays or failures (including any delay by Arch + Beam to render Services) if such delay arises out of causes beyond its control. Such causes may include, but are not limited to, acts of God or of the public enemy, fires, floods, epidemics, riots, strikes, freight embargoes, earthquakes, electrical outages, computer or communications failures, and severe weather, and acts or omissions of subcontractors or third parties.

**11. Enforceability.** The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

**12. Entire Agreement.** This Agreement may not be amended or modified except in writing signed by each of the parties hereto and shall be governed by and construed in accordance with the laws of the State of California. To the extent permitted by law, each of the parties hereto expressly waives all right to trial by jury in any action or proceeding arising out of this Agreement. This Agreement incorporates the entire understanding of the parties with respect to the subject matter hereof and supersedes all previous agreements should they exist with respect thereto and shall be binding upon and inure to the benefit of the Company, Arch + Beam, and the other Indemnified Persons and their respective successors, assigns, heirs and personal representatives.

If the foregoing correctly sets forth the understanding and agreement between Arch + Beam and the Company, please so indicate in the space provided below, whereupon this letter shall constitute a binding agreement as of the date first above written.

(Balance of page left intentionally blank)

6

Case: 15-50553    Doc# 199    Filed: 04/18/16    Entered: 04/18/16 18:08:16    Page 8 of 10

Very truly yours,

ARCH & BEAM GLOBAL, LLC

By:
Name:	Howard Bailey
Title:	Managing Director
Date:	April 5, 2016


Agreed and Accepted:

AQH, LLC



By:

Name:

Title:

Very truly yours,

ARCH & BEAM GLOBAL, LLC

*[signature]*

By: _____
Name: Howard Bailey
Title: Managing Director
Date: April 5, 2016


Agreed and Accepted:

AQH, LLC

By: _____
Name: CHRIS CUNNINGHAM
Title: Responsible Party