S. Craig Hunter SBN: 125247
Kurt D. Hendrickson SBN: 251509
Karl A. Schweikert SBN: 291497
CHURCHWELL WHITE LLP
1414 K Street, 3rd Floor
Sacramento, CA 95814
(916) 468-0950 Phone
(916) 468-0951 Fax

Attorneys for Creditor
RIVERBANK LOCAL REDEVELOPMENT AUTHORITY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>AQH, LLC,<br><br>        Debtor. | Case No.: 15-50553-11-SLJ<br><br>**RIVERBANK LOCAL REDEVELOPMENT AUTHORITY'S OPPOSITION TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE UNDER 11 U.S.C §1112(b)**<br><br>Date:    May 11, 2016<br>Time:   2:00 p.m.<br>Place:  280 South First Street, Room 3099<br>           San Jose, California<br><br>Honorable Stephen L. Johnson |

Creditor Riverbank Local Redevelopment Authority ("Riverbank LRA") submits its opposition to the United States Trustee's ("the Trustee") Motion to Dismiss or Convert Case Under § 1112( b) ("the Motion") pursuant to the Federal Rules of Bankruptcy Procedure, rule 9014 and 1017(f).

I.     INTRODUCTION

The Court possesses wide discretion in determining how to dispose of a case pursuant to a Bankruptcy Code 11 U.S.C § 1112 motion. Because conversion or dismissal of a Chapter 11 case is a drastic measure, the Court should deny the Motion. Neither converting the case, nor dismissing the case is in the best interest of creditors and the estate. The Motion fails to address

how conversion or dismissal benefits the estate and creditors, disregards the deadlines set by this Court, and is based upon an error in Debtor's Monthly Operating Report which Debtor already corrected.

On April 7, 2016, this Court set the deadline to file a plan as the June 2, 2016 status conference statement. (ECF No. 195 at 9:45-10:10.) This Court set the deadline after discussing it with the Debtor and all Creditors. On March 31, 2016, Debtor filed a Status Conference Statement that addressed issues regarding what appeared to be ongoing losses and excess debt, identifying an accounting error in the Monthly Operating Reports. (ECF No. 188 at 4:4-10.) Thus, because the Court imposed deadline to file a plan has not yet passed and since an ongoing loss does not exist, the Motion is premature and unsupported by cause. Furthermore, if the Court finds cause, the U.S. Trustee failed to adequately address how conversion or dismissal benefits the estate and creditors.

As a result, Creditor Riverbank LRA respectfully requests this Court deny the Motion and allow the case to proceed as currently scheduled.

## II. STATEMENT OF FACTS

Debtor is a Chapter 11 small business debtor subject to the relevant small business statutory provisions of the Bankruptcy Code. Debtor operates a bitcoin mining business and a resells bitcoin servers produced by Beijing Canaan Creative Tech.

On February 4, 2016, the Court held a status conference hearing noting the following in the docket: "Hearing Held (related document(s): 159 Amended Chapter 11 Plan filed by AQH, LLC) (Appearances: Shining Hsu for UST, Matt Olson for debtor, Paul Keiffer for Fortis & Future, Karl Schweikert for Riverbank) the court grants debtor's oral request to shorten time to file an amended disclosure statement by Feb. 12, 2016 for a hearing on March 3 at 1:30 PM, objections due 2/25/16. If debtor can't meet deadline then notice it for 4/7/16 with objections due 3/31/16. (tb ) (Entered: 02/04/2016)".

On March 3, 2016, the Court held a further status conference noting the following in the docket: "Hearing Continued (related document(s): 4 Notice of Status Conference) **Hearing scheduled for 04/07/2016 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (Appearances:

Matt Olson for debtor, Shining Hsu for UST, Karl Schweikert for RLRA) debtor to file a status statement by 3/31/16 addressing debtor's operations post-petition and the purchase of new equipment and the debtor?s[sic] intentions re reorganization under chapter 11. (tb ) (Entered: 03/04/2016)" (Emphasis in original; *See also* ECF No. 184 (audio file of hearing).)

On March 23, 2016, Debtor filed its February Monthly Operating Report ("MOR"). (ECF No. 187.)

On March 31, 2016, Debtor filed its status conference statement, in which it identified an accounting error that resulted in certain expenses being double-counted, resulting in erroneous MORs for January and February. (ECF No. 188 at 4:4-10.)

On April 4, 2016, the U.S. Trustee filed the Motion. (ECF No. 189.)

On April 7, 2016, the Court held a status conference noting the following in the docket: "Hearing Continued (related document(s): 4 Notice of Status Conference) **Hearing scheduled for 06/02/2016 at 10:00 AM at San Jose Courtroom 3099 - Johnson.** (Appearances: Karl Schweikert and Kurt Hendrickson for RLRA, Shining Hsu for UST, Matt Olson for debtor, Paul Keiffer for collateral agent and other secured creditors, Cheryl Rouse for Andrew Faris) status statement due a week in advance. (tb ) (Entered: 04/07/2016)" Emphasis in original; see also ECF No. 195 (audio file of hearing).)

## III. LEGAL STANDARD

Bankruptcy Code 11 U.S.C § 1112(b)(1) provides a method to prompt the Court to convert or dismiss the Debtor's case if after notice and a hearing, the Court finds cause exists and the conversion or dismissal is in the best interest of the estate and creditors.

Bankruptcy Code 11 U.S.C §1112(b)(2) allows this Court to deny a request to convert or dismiss a case if the Court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate. Interested parties must show a reasonable likelihood of confirmation within the timeframes established by Bankruptcy Code 11 U.S.C §§ 1121(e) and 1129(e). Parties must also show the grounds include a justifiable failure that will be cured within a reasonable time, except it may not include a substantial or continuing loss without a reasonable likelihood of rehabilitation.

Bankruptcy Code 11 U.S.C § 1112(b)(4)(J) states a basis supporting cause includes "failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court."

Bankruptcy Code 11 U.S.C §1129(e) holds that a plan must be confirmed within 45 days of the filing of the plan, which must be filed in accordance to Bankruptcy Code 11 U.S.C § 1121(e) which allows for court ordered extensions.

## IV. LEGAL ARGUMENT

### A. The U.S. Trustee Has Not Addressed The Best Interests Of The Estate And Creditors

"The bankruptcy court has wide discretion in determining how to ultimately dispose of a case pursuant to a Code § 1112 motion." *In re Dark Horse Tavern,* 189 B.R. 576, 580 (1995). "Conversion or dismissal of a Chapter 11 case is a drastic measure and the burden is on the movant to prove the relief requested is warranted and not premature. [citation] The harshness of conversion or dismissal mandates that it result only upon a strong evidentiary showing." *Id.* The express language of Section 1112(b) indicates that a debtor's motion to dismiss should not "reflexively ... be granted whenever cause exists". *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 387 (E.D.Pa.1991). On the contrary, "Section 1112(b) requires a court to move to a second, analytically separate step and to base its decision whether to dismiss or convert on the 'the best interest of creditors and the estate'." (*In re Mechanical Maintenance, Inc.*, 128 B.R. at 388; *see In re Forster*, 162 B.R. 478, 484 (Bankr.N.D.Ohio 1993); *In re Continental Holdings, Inc.* (Bankr. N.D. Ohio 1994) 170 B.R. 919, 927.)

The U.S. Trustee asserts two different bases for cause to dismiss which will be addressed *ante*, but failed to demonstrate conversion to Chapter 7 or dismissal of the case lies in the best interests of the estate and creditors. As to one of the two reasons the Trustee proffers as cause, based on Debtor's status conference statement identifying the clerical error contained within the January and February MORs, there is no ongoing loss to the estate. (ECF No. 188 at 4:4-10.) The U.S. Trustee appears not to have considered the March 31, 2016 status conference statement in its April 4, 2016 filing. The U.S. Trustee's failure to address this critical prong of the Bankruptcy

Code 11 U.S.C § 1112 analysis renders its motion fatally defective. Therefore, the Court must deny the Motion and allow the case to proceed.

### B. This Court Set The Deadline To File A Plan As June 2, 2016

The U.S. Trustee incorrectly asserts cause exists under Bankruptcy Code 11 U.S.C § 1112(b)(4)(J) for failure to confirm a plan within 45 days of plan filing. Bankruptcy Code 11 U.S.C § 1112(b)(4)(J) is a basis for cause for "failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title **or by order of the court**." Emphasis added. On February 4, 2016, this Court extended the deadline for the Debtor to file a plan in an order containing an alternate scenario. (Docket Text February 4, 2016.) The February 4, 2016 order of this Court provided for an April 7, 2016, deadline to file a plan. (*Ibid.*) Cause does not exist under Bankruptcy Code 11 U.S.C §1112(b)(4)(J) as the Court set a deadline for Debtor to file a plan. Furthermore, on March 3, 2016, Debtor represented to this Court it could file an amended plan that day, but that it was considering exiting Chapter 11 via a Bankruptcy Code 11 U.S.C § 363 sale as a going concern.

The reason for the new deadline was that the Debtor represented a Bankruptcy Code 11 U.S.C § 363 sale under would take longer than the 45 days to confirm a plan. For that reason, Debtor requested a September 2016 deadline for the filing of the plan and sale of the business. This Court *sua sponte* offered the following to the Debtor: "Stop thinking about a plan, get your business plan together, we'll put it on for a status conference and decide what to do with the case in a month or so." (ECF No. 184 at 6:49-7:04.) After comment from Debtor and Creditors, the Debtor elected to follow the suggestion of this Court and this Court ordered "Continue the CMC in this case to April 7 that's 10 am, I'm not ordering you to file a new disclosure statement and plan, instead I would like to treat that as a status conference on where this Eleven is headed." (*Id.* at 14:28-14:41.)

The U.S. Trustee filed the Motion on April 4, 2016, prior to the Court imposed deadline to file a plan. At the April 7, 2016, after hearing from Debtor and Creditors, this Court again extended the time by ordering "Continue the status conference in the case to June 2… assumes the Debtor survives the motion to convert or dismiss." (ECF No. 195 at 9:45-10:10.)

Case: 15-50553   Doc# 202   Filed: 04/27/16   Entered: 04/27/16 15:15:36   Page 5 of 6
Opposition to US Trustee's Motion to Dismiss or Convert

As the time to file a plan has not yet expired under Bankruptcy Code 11 U.S.C § 1121(e), the time to approve a plan under Bankruptcy Code 11 U.S.C § 1129(e) does not yet apply. Therefore the cause does not exist in light of the orders of this Court setting the deadline to file a plan as June 2, 2016. As such, the Court should find no cause exist to convert or dismiss the case.

### C. Debtor Does Not Have A Continuing Post-Petition Loss

Although Debtor wants to sell the business as a going concern under Bankruptcy Code 11 U.S.C § 363, the estate remains whole and substantial. The mathematical calculations of the U.S. Trustee are based on erroneous information. Debtor informed this Court in its March 31, 2016 status conference statement that an accounting error exists within the January Monthly Operating Report. (ECF No. 188 at 4:4-10.) This error carried forward into the February Monthly Operating Report which forms the basis of the Motion's contentions. (Motion, ECF No. 189 at 7:27-8:3.) After considering the correct numbers of the February Operating Report, the Debtor remains current on all of its post-petition payments and has not impacted the estate. Thus, cause does not exist under Bankruptcy Code 11 U.S.C § 1112(b)(1) to dismiss or convert this case.

## V. CONCLUSION

This Court possesses wide discretion regarding the disposition of the Motion. It should deny the Motion. The harsh results of conversion or dismissal would not benefit the estate or the creditors. The U.S. Trustee failed demonstrate either action is in the best interests of the estate and creditors. Furthermore, the Debtor is not suffering an ongoing loss and has until June 2, 2016 to file a plan. Creditor Riverbank LRA respectfully requests this Court deny the Motion and allow the Chapter 11 case to proceed.

DATED: April 27, 2016                              CHURCHWELL WHITE LLP


    /s/Karl A. Schwiekert
KARL A. SCHWEIKERT
Attorneys for Riverbank Local
Redevelopment Authority