MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor in Possession,
AQH, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>AQH, LLC<br><br>Debtor. | Case No. 15-50553-SLJ-11<br><br>Chapter 11<br><br>**FIFTH STIPULATION TO EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)** |

IT IS STIPULATED AND AGREED by and between AQH, LLC, Debtor in Possession herein, and the RIVERBANK LOCAL REDEVELOPMENT AUTHORITY (the "Riverbank LRA"), pursuant to Bankruptcy Code § 365(d)(4)(B)(ii), as follows:

**RECITALS**

A. The within case was commenced by filing a voluntary chapter 11 petition on February 19, 2015. A trustee has not been appointed and the Debtor is in possession of the estate.

B. Riverbank LRA is the lessor of the Debtor's primary datacenter facilities located at 5300 Claus Road, Buildings 3, 5, 21 and 49, in Modesto, California (the "Leased Facility"). The Debtor's lease for the Leased Facility is the one of the chief assets of the Estate; virtually all of the Debtor's business is conducted at the Leased Facility. Riverbank LRA also serves as a utility and provides the Debtor with electricity via its on-site power substation. Riverbank LRA filed an amended proof of claim, listed as claim number 8 on the Court's official claims registry, asserting a prepetition claim for the sum of $288,526.24.

1

C. On May 14, 2015, the Debtor filed its *Motion to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4)* (Dckt. No. 91). No opposition to the motion was offered and the Court entered a tentative decision granting the motion. *See* Dckt. No. 96. Thereafter, the Court entered an order adopting its tentative decision and granting the motion, thereby extending the time for assumption or rejection of the Debtor's lease with the Riverbank LRA to September 17, 2015.

D. By stipulation dated September 11, 2015, the Debtor and Riverbank LRA agreed to a further 90-day extension of time, through and including December 16, 2015, for the deadline to assume or reject the Debtor's lease for the Leased Facility.

E. On November 25, 2015, the Debtor filed its Proposed Combined Plan of Reorganization and Disclosure Statement (Dated November 25, 2015) (the "Plan"). The Plan provided for full payment of Riverbank LRA's proof of claim over a four-month period, but omitted Riverbank LRA's claim for post-petition attorneys' fees and costs. The Debtor agreed to amend the Plan to allow for payment of actual pecuniary losses, defined by the lease for the Leased Facility as including attorneys' fees, but reserved the right to dispute the amount of attorneys' fees asserted by Riverbank LRA. The Plan will require any such disputed amount be escrowed in a disputed claims reserve until the dispute is resolved by agreement of the parties or by a final, nonappealable order of the Bankruptcy Court.

F. By stipulation dated December 16, 2015, the Debtor and Riverbank LRA agreed to a further 90-day extension of time, through and including March 15, 2016, for the deadline to assume or reject the Debtor's lease for the Leased Facility.

G. The Debtor filed an amended Proposed Combined Plan of Reorganization and Disclosure Statement (Dated December 24, 2015) (the "Amended Plan") on December 24, 2015, which provided for payment of Riverbank LRA's proof of claim and disputed post-petition attorneys' fees over ten months, with disputed fees being held in a claims reserve until the dispute is resolved by agreement of the parties or by a final, nonappealable order of the Bankruptcy Court.

///

///

H. A hearing on approval of the disclosures contained the Amended Plan was ultimately set for February 4, 2016. At that hearing, the Debtor requested a continuance to address necessary changes in its financial projections.

I. At the status conference hearing on March 3, 2016, the Court continued the status conference to April 7, 2016, at 10:00 a.m. to permit the Debtor to examine a possible sale of the Debtor's business as a going concern.

J. By stipulation dated March 15, 2016, the Debtor and Riverbank LRA agreed to a further 30-day extension of time, through and including April 15, 2016, for the deadline to assume or reject the Debtor's lease for the Leased Facility.

K. On April 4, 2016, the U.S. Trustee's office filed a motion to dismiss or convert the case under 11 U.S.C. § 1112(b) scheduled for hearing on May 11, 2016.

L. At the status conference hearing on April 7, 2016, the Court continued the status conference to June 2, 2016, at 10:00 a.m.

M. By stipulation dated April 15, 2016, the Debtor and Riverbank LRA agreed to a further 45-day extension of time, through and including May 30, 2016, for the deadline to assume or reject the Debtor's lease for the Leased Facility.

N. The Court took the U.S. Trustee's motion to dismiss under submission and subsequently continued the June 2, 2016 status conference to August 11, 2016.

O. In light of the foregoing, the Debtor and the Riverbank LRA have conferred and have agreed to a further 45-day extension of time for the deadline to assume or reject the Debtor's lease for the Leased Facility.

**AGREEMENT**

1. <u>Extension of Time.</u> The Debtor needing additional time to confirm its plan of reorganization, the deadline under Bankruptcy Code § 365(d)(4)(A) for the Debtor to assume the lease is extended through and including July 14, 2016, without prejudice to the Debtor seeking further extensions as permitted by the Bankruptcy Code.

///

///

3

2. <u>No Waiver of Other Rights or Remedies.</u>  Nothing in this Stipulation, express or implied, waives any Party's rights available under bankruptcy law or applicable nonbankruptcy law.

3. <u>No Third Party Beneficiary.</u>  Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

4. <u>Entire Agreement.</u>  This Stipulation contains the entire agreement between the Parties as to the terms of the Stipulation and supersedes all prior agreements and undertakings among the Parties relating to the terms of this Stipulation.

5. <u>Modification.</u>  This Stipulation may not be modified other than by signed writing executed by each of the Parties and delivered to each Party.

6. <u>Authorization.</u>  Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

7. <u>Counterparts.</u>  This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

8. <u>Binding Effect.</u>  This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, administrators, and liquidators.

///
///
///
///
///
///

9. *Disputes; Bankruptcy Court Jurisdiction.* The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to the terms of this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court for the Northern District of California or a court of competent jurisdiction in the State of California.

DATED: May 26, 2016　　　　　　　　　MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
Matthew J. Olson
Attorneys for Debtor in Possession,
AQH, LLC

DATED: May 27, 2016　　　　　　　　　CHURCHWELL WHITE LLP

By: /s/Karl Schweikert
Karl Schweikert
Attorneys for Landlord,
RIVERBANK LOCAL REDEVELOPMENT AUTHORITY

5