```
                              United States Bankruptcy Court
                              Northern District of California
In re:                                                                 Case No. 15-50553-SLJ
AQH, LLC                                                               Chapter 11
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0971-5          User: krose                  Page 1 of 3     Date Rcvd: Jun 20, 2016
                              Form ID: pdfeoc              Total Noticed: 66


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 22, 2016.
db             +AQH, LLC,    440 North Wolfe Road, #243,     Sunnyvale, CA 94085-3869
aty             Dennis M. Sullivan,    Law Offices of Dennis M. Sullivan,     465 California St. #700,
                 San Francisco, CA 94104-1818
reqntc         +Andrew L Faris,    c/o Law Offices of Rouse & Bahlert,     345 Franklin Street,
                 San Francisco, CA 94102-4427
cr             +Collins Electrical Company, Inc.,    C/O Herrig & Vogt, LLP,     4210 Douglas Blvd,    Suite 100,
                 Granite Bay, CA 95746-5912
intp           +Fortis Advisors, LLC,    c/o E.P. Keiffer,    Wright Ginsberg Brusilow, PC,
                 325 North St Paul Street, Suite 4150,     Dallas, TX 75201-3861
reqntc         +Fortis Advisors, LLC,    c/o Diemer, Whitman & Cardosi, LLP,     75 E. Santa Clara Street,
                 Suite 290,    San Jose, CA 95113-1826
intp           +Future Electronics Corporation,    c/o E. P. Keiffer,    Wright Ginsberg Brusilow P.C.,
                 325 N. St. Paul, Suite 4150,    Dallas, TX 75201-3861
sp             +Kelly Litigation Group, Inc.,    3 Lagoon Drive, Ste. 225,     Redwood City, CA 94065-5158
reqntc         +Lucile Darnell,    c/o Stephen D. Finestone,    456 Montgomery St., 20th Fl,
                 San Francisco, CA 94104-1253
cr             +Riverbank Local Redevelopment Authority,     c/o S. Craig Hunter,    Churchwell White LLP,
                 1414 K Street, 3rd Floor,    Sacramento, CA 95814-3967
reqntc         +Tatiana Korolshteyn,    c/o Stephen D. Finestone,    456 Montgomery St., 20th Fl,
                 San Francisco, CA 94104-1253
13973491       +Access Electric,    1990 Foundry Court,    Ceres, CA 95307-9223
14078315       +Andrew L. Faris,    4929 E. Sunny Slope Road,    Edina, MN 55424-1166
13973492       +Andy Faris,    4929 E. Sunnyslope Rd.,    Edina, MN 55424-1166
13973493      #+Anthony Steven Brough,     1200 Dale Ave, Apt 78,    Mountain View, CA 94040-3326
13995416       +Austin Roberts,    2312 Lavon Lane,    Ceres, CA 95307-1616
13999857       +Brian Friend,    527 Terminal Ave.,    Modesto, CA 95350-5950
14000751       +CHERYL C. ROUSE,    LAW OFFICES OF ROUSE & BAHLERT,     345 Franklin Street,
                 San Francisco, California 94102-4427
13973494       +Chris Cunningham,    10033 Reevesbury Dr.,    Beverly Hills, CA 90210-1422
13973495       +Chris Kilday,    450 Taraval St, #143,    San Francisco, CA 94116-2530
13973496       +Collins Electric,    3412 Metro Drive,    Stockton, CA 95215-9440
14079882       +Collins Electrical Company, Inc.,    HERRIG & VOGT, LLP,    4210 Douglas Blvd.,    Suite 100,
                 Granite Bay, CA 95746-5912
13973497       +CrimeTek Security,    3448 North Golden State Blvd.,    Turlock, CA 95382-9709
13973498        DHL Global Forwarding,    P.O. Box 742802,    Los Angeles, CA 90074-2802
13999864       +David B. Oshinsky,    9415 Culver Boulevard,    Culver City, CA 90232-2616
14106439       +Diemer, Whitman & Cardosi, LLP,    75 E. Santa Clara Street, # 290,     San Jose, CA 95113-1826
14107038       +E.P. Keiffer,    Wright Ginsberg Brusilow P.C.,    325 North St. Paul Street, Suite 4150,
                 Dallas, Texas 75201-3861
13973499       +Elisa Research,    48834 Kato Road Suite 101-A,    Fremont, CA 94538-7368
13973500       +Emergent Systems Exchange,    7160 Shady Oak,    Eden Prairie, MN 55344-3517
14077547       +Emergent Systems Exchange, LLC,    7160 Shady Oak Road,    Eden Prairie, MN 55344-3517
14071558        Employment Development Department,    Bankruptcy Group MIC 92E, PO BOX 826880,
                 Sacramento, CA 95814
14106309       +Fortis Advisors LLC,    Collateral Agent (ratably)("CA") for Len,    c/o Rick Fink,
                 CEO and Managing Director,    12526 High Bluff Drive, Suite 280,     San Diego, CA 92130-3015
14120674       +Future Electronics Corp.,    c/o E.P. Keiffer,    325 N. St. Paul, Suite 4150,
                 Dallas, TX 75201-3861
14079881       +Gina L. Moyles/Anthony P. Fritz,    HERRIG & VOGT, LLP,    4210 Douglas Blvd, Suite 100,
                 Granite Bay, CA 95746-5912
13973501       +I Guard,    3448 North Golden State Blvd.,    Turlock, CA 95382-9709
13999858       +Jacob Lopez,    1608 Don Pedro Road,    Ceres, CA 95307-9594
13973502       +John Walsh,    120 59th,    Burr Ridge, IL 60527-4905
14077437       +Karl A. Schweikert,    Churchwell White, LLP,    1414 K Street, Third Floor,
                 Sacramento, CA 95814-3967
13973503       +Lionakis, a California corporation,    915 13th Street,    Modesto, CA 95354-0903
13999865       +Lucile Darnell,    824 Lyndon Street, Apt. G,    Monterey, CA 93940-1976
13973504       +Lucy Darnell,    824 Lyndon Street, Apt. G,    Monterey, CA 93940-1976
13994677       +MACDONALD, FERNANDEZ LLP,    MATTHEW J. OLSON (SBN 265908),     221 Sansome Street, Third Floor,
                 San Francisco, CA 94104-2331
13999859       +Michael White,    2824 Fowler Road,    Ceres, CA 95307-2102
13973507       +PLN Architects,    1720 G Street,    Modesto, CA 95354-1214
13986651       +Rexel, Inc. dba Platt Electric Supply,    600 University St.,     Ste. 3300,
                 Seattle, WA 98101-1129
14106308       +Rick Fink,    CEO and Managing Director,    Fortis Advisors as Collateral Agent,
                 12526 High Bluff Drive, Suite 280,    San Diego, CA 92130-3015
14077438       +Riverbank Local Development Authority,    Churchwell White, LLP,     1414 K Street, Third Floor,
                 Sacramento, CA 95814-3929
14002811       +Riverbank Local Redevelopment Agency,    c/o Debbie Olson, Executive Director,
                 5300 Claus Road, Suite 1,    Modesto, CA 95357-1665
13973508       +Riverbank Local Redevelopment Authority,     5300 Claus Road, Suite 1,    Modesto, CA 95357-1665
13986650       +Seth Chastain c/o Levy - von Beck & Associate,     600 University St.,    Ste. 3300,
                 Seattle, WA 98101-1129
13973509       +Southland Electrical Supply,    147 North Main Street,    Burlington, NC 27217-3901
```

```
14002135        +Stephen D. Finestone,    456 Montgomery Street, 20th Floor,   San Francisco, CA 94104-1253
13999867        +The Law Offices of Peter Lively,    Attn: Peter Lively,    11268 W. Washington Blvd.,
                  Culver City, CA 90230-4647
13999860        +Thomas Bautista,    1624 Palm Ave.,    Redwood City, CA 94061-2647
13999861        +Tricia Hayward,    1125 East Monte Vista Ave.,    Turlock, CA 95382-0405
13973511        +Vagada Holdings,    18600 Castle Ridge Drive,    Morgan Hill, CA 95037-8947
13999862        +Vagada Holdings, LLC,    Attn: Yan Ebyam,    18600 Castle Ridge Drive,
                  Morgan Hill, CA 95037-8947
13973512        +W.W. Grainger, Inc.,    100 Grainger Parkway,    Lake Forest, IL 60045-5202
14033085        +William L. Porter,    Porter Law Group, Inc.,    7801 Folsom Boulevard, Suite 101,
                  Sacramento, CA 95826-2619
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13973490        +E-mail/Text: becky@aaportables.com Jun 21 2016 01:43:25     A&A Portables,   201 Roscoe Road,
                  Modesto, CA 95357-1828
13987312         E-mail/Text: BKBNCNotices@ftb.ca.gov Jun 21 2016 01:44:22      FRANCHISE TAX BOARD,
                  BANKRUPTCY SECTION MS A340,    PO BOX 2952,    SACRAMENTO CA 95812-2952
13973489        +E-mail/Text: BKBNCNotices@ftb.ca.gov Jun 21 2016 01:44:22      Franchise Tax Board,
                  Bankruptcy Section, MS A-340,    Post Office Box 2952,    Sacramento, CA 95812-2952
13973488        +E-mail/Text: cio.bncmail@irs.gov Jun 21 2016 01:43:40      Internal Revenue Service,
                  Post Office Box 7346,    Philadelphia, PA 19101-7346
14270574         E-mail/Text: ustpregion17.oa.ecf@usdoj.gov Jun 21 2016 01:43:53
                  Office of the United States Trustee,    Attn: Lynette C. Kelly,    1301 Clay Street, Suite 690N,
                  Oakland, California 94612-5231
13973506        +E-mail/Text: creditadmin@platt.com Jun 21 2016 01:44:21      Platt Electric,
                  10605 Southwest Allen Blvd.,    Beaverton, OR 97005-4896
13999863         E-mail/Text: itcdbg@edd.ca.gov Jun 21 2016 01:43:50      State of California,
                  Employment Development Dept.,    Bankruptcy Special Procedures Group,
                  P.O. Box 8268880 MIC 92E,    Sacramento, CA 94280-0001
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               ACCESS ELECTRIC
acc              Baudler & Flanders
rspi             Chris Cunningham
consult          DBMAC, Inc.
13973541*       +A&A Portables,    201 Roscoe Road,    Modesto, CA 95357-1828
13973542*       +Access Electric,    1990 Foundry Court,    Ceres, CA 95307-9223
13973543*       +Andy Faris,    4929 E. Sunnyslope Rd.,    Edina, MN 55424-1166
13973544*       +Chris Kilday,    450 Taraval St, #143,    San Francisco, CA 94116-2530
13973545*       +Collins Electric,    3412 Metro Drive,    Stockton, CA 95215-9440
13973547*       +CrimeTek Security,    3448 North Golden State,    Blvd.,    Turlock, CA 95382-9709
13973548*        DHL Global Forwarding,    P.O. Box 742802,    Los Angeles, CA 90074-2802
13973549*       +Elisa Research,    48834 Kato Road Suite 101-A,    Fremont, CA 94538-7368
13973550*       +Emergent Systems,    Exchange,    7160 Shady Oak,    Eden Prairie, MN 55344-3517
13973551*       +I Guard,    3448 North Golden State,    Blvd.,    Turlock, CA 95382-9709
13973552*       +Lionakis, a California,    corporation,    915 13th Street,    Modesto, CA 95354-0903
13973553*       +New Concept Fleet,    Management,    9096 Elkmont Way,    Elk Grove, CA 95624-9707
13973556*       +PLN Architects,    1720 G Street,    Modesto, CA 95354-1214
13973555*       +Platt Electric,    10605 Southwest Allen Blvd.,    Beaverton, OR 97005-4896
13973557*       +Riverbank Local,    Redevelopment Authority,    5300 Claus Road, Suite 1,
                  Modesto, CA 95357-1665
13973558*       +Southland Electrical Supply,    147 North Main Street,    Burlington, NC 27217-3901
13999868*       +Vagada Holdings, LLC,    Attn: Yan Ebyam,    18600 Castle Ridge Drive,
                  Morgan Hill, CA 95037-8947
13973559*       +W.W. Grainger, Inc.,    100 Grainger Parkway,    Lake Forest, IL 60045-5202
13973505       ##+New Concept Fleet Management,    9096 Elkmont Way,    Elk Grove, CA 95624-9707
13999866       ##+Sean Walsh,    1742 Kansas Street,    Redwood City, CA 94061-2635
13973510       ##+Tatiana Korolshteyn,    1742 Kansas Street,    Redwood City, CA 94061-2635
                                                                                   TOTALS: 4, * 18, ## 3
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2016                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 20, 2016 at the address(es) listed below:
              Cheryl C. Rouse    on behalf of Requestor Andrew L Faris rblaw@ix.netcom.com
              Dominique  Sopko    on behalf of Interested Party    Fortis Advisors, LLC dsopko@diemerwhitman.com,
               ecfnotice@diemerwhitman.com
              Dominique  Sopko    on behalf of Requestor    Fortis Advisors, LLC dsopko@diemerwhitman.com,
               ecfnotice@diemerwhitman.com
              Edwin Paul Keiffer    on behalf of Interested Party    Future Electronics Corporation
               pkeiffer@wgblawfirm.com,   bwallace@wgblawfirm.com
              Edwin Paul Keiffer    on behalf of Interested Party    Fortis Advisors, LLC pkeiffer@wgblawfirm.com,
               bwallace@wgblawfirm.com
              Gina L. Moyles    on behalf of Creditor    Collins Electrical Company, Inc. g.moyles@herrigvogt.com,
               m.mize@herrigvogt.com
              Karl Andrew Schweikert    on behalf of Creditor    Riverbank Local Redevelopment Authority
               karl@churchwellwhite.com,   kschweik@yahoo.com
              Lynette C. Kelly    on behalf of U.S. Trustee    Office of the U.S. Trustee / SJ
               lynette.c.kelly@usdoj.gov,   ustpregion17.oa.ecf@usdoj.gov
              Matthew Jon Olson    on behalf of Debtor    AQH, LLC matt@macfern.com,   ecf@macfern.com
              Matthew Jon Olson    on behalf of Plaintiff    AQH, LLC matt@macfern.com,   ecf@macfern.com
              Michael Mengarelli    on behalf of Debtor    AQH, LLC rkelly@kellylitigationgroup.com,
               mmengarelli@kellylitigationgroup.com
              Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov,   ltroxas@hotmail.com
              Reno F.R. Fernandez    on behalf of Debtor    AQH, LLC reno@macfern.com,   ecf@macfern.com
              Stephen D. Finestone    on behalf of Requestor Tatiana  Korolshteyn sfinestone@pobox.com
              Stephen D. Finestone    on behalf of Requestor Lucile  Darnell sfinestone@pobox.com
              William L. Porter    on behalf of Creditor    ACCESS ELECTRIC bporter@porterlaw.com,
               jamey@porterlaw.com
                                                                                             TOTAL: 16
```

**Entered on Docket**
**June 20, 2016**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**The following constitutes**
**the order of the court. Signed June 20, 2016**

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

AQH, LLC,

          Debtor.

Case No. 15-50553 SLJ

Date: May 11, 2016
Time: 2:00 p.m.
Ctrm: 3099

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE**

       The Motion to Dismiss or Convert Case ("Motion"), filed by the United States Trustee ("UST"), came on for hearing at the above-referenced date and time. Appearances were noted on the record. After hearing argument from counsel, the court took the matter under submission. For the following reasons, the court will grant the Motion and dismiss this case.

**I.    BACKGROUND**

       The relevant facts are not disputed. Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 19, 2015.[1] The petition disclosed that Debtor is a "small

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

ORDER

-1-

Case: 15-50553   Doc# 212   Filed: 06/22/16   Entered: 06/22/16 21:32:19   Page 4 of 16

business debtor" as defined in § 101(51D).

Debtor filed a plan and disclosure statement on November 25, 2016, and set the hearing on approval of disclosure statement on January 7, 2016. Prior to the hearing, on December 24, 2015, Debtor filed an amended plan and disclosure statement. Because the amended plan contained substantive changes, the court continued the hearing to February 4, 2016, so the parties had adequate time to review the amended plan and disclosure statement.

At the February 4 hearing, Debtor indicated it needed to revise its financial projections in the plan and to file another amended plan and disclosure statement. Pursuant to Debtor's oral request, the court shortened time for a hearing on approval of disclosure statement to March 3, 2016, provided that Debtor filed an amended plan and disclosure statement by February 12, 2016. Otherwise, the hearing would occur on April 7, 2016, without prejudice to Debtor requesting shortened time in writing. At the end of the hearing, the UST said that as a small business debtor, Debtor had only 45 days after the plan was filed to confirm it, unless Debtor files a motion to extend the deadline. *See* 11 U.S.C. §1129(e). I indicated on the record that no motion had been filed concerning the 45-day deadline and declined further comment.

Debtor did not file a further amended plan and disclosure statement. At the status conference on March 3, 2016, Debtor indicated that its strategy had changed from a reorganization to a sale of the operating business under a proposed plan. Because this strategy was new and not fully explored by Debtor, I indicated that Debtor should focus on its business strategy in advance of filing another plan. The UST reiterated that as a small business case, Debtor had certain deadlines in filing and confirming a plan under the Bankruptcy Code. I continued the status conference to April 7, 2016.

On April 4, 2016, the UST filed the instant Motion, seeking dismissal of the case for cause under § 1112(b)(4)(J) for failure to confirm a plan within the 45-day period required by § 1129(e) and under § 1112(b)(4)(A) for continuing loss and no reasonable likelihood of rehabilitation. Debtor's January and February monthly operating reports, showed postpetition payables to Beijing Canaan Creative Technology Company ("Beijing Canaan") in the approximate amounts of $2,194,847 and $902,190, respectively which strongly suggested

ORDER
-2-

Debtor was not paying its post-petition bills.[2]  These amount due to vendors exceeded Debtor's available cash and receivables.

Both Debtor and creditor Riverbank Local Redevelopment Authority ("Riverbank") filed written oppositions, which were joined by Fortis Advisors LLC and Future Electronics Corporation.  Debtor claimed that the payables to Beijing Canaan in the January and February monthly operating reports arose due to "an accounting error" and that Debtor was, in fact, meeting its postpetition obligations to Beijing Canaan and other creditors.  This error was noted in Debtor's status conference statement filed on March 31, 2016.  Debtor contended that the restrictions of § 1121(e) apply only to a debtor in a small business case and did not apply to creditors.  Debtor claimed that the court repeatedly continued the hearing on approval of Debtor's disclosure statement and told Debtor not to file plan, which was, in effect, an extension of any applicable deadlines for a small business debtor.  Debtor asserted that neither conversion nor dismissal was in the best interest of creditors.  It also contended that additional circumstances exist under § 1112(b)(2).

Riverbank made many of the same arguments as Debtor.  Additionally, Riverbank asserted that at the status conference on April 7, 2016, I set a deadline to file a plan by June 2, 2016, which became the operative deadline to file a plan, notwithstanding § 1129(e).

At the hearing, Debtor focused on § 1112(b)(2), arguing that the Motion should be denied because a creditor may still file a plan that can be confirmed within a reasonable period of time pursuant to § 1112(b)(2) because a creditor is not bound by the exclusivity period in § 1121(e).  Debtor conceded no creditor had filed a plan in this case.

**II.     DISCUSSION**

  A.     <u>Legal Standard for Dismissal or Conversion under § 1112(b)</u>

A motion to dismiss or convert a case from chapter 11 to chapter 7 is governed by § 1112(b)(1), which provides, "Except as provided in paragraph (2) and subsection (c), on

---

[2] The payables to Beijing Canaan appear to result from the court-approved purchase by Debtor of certain Bitcoin servers for $819,000.  Pursuant to the motion to approve financing, filed on October 12, 2015, the purchase was financed by credit from Beijing Canaan.

ORDER
-3-

request of a party in interest, and after notice and a hearing, the court *shall* convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1) (emphasis added).

Cause is not defined by the statute. Instead, the Bankruptcy Code contains a list of examples of cause in § 1112(b)(4). Of relevance here are § 1112(b)(4)(A) and (J):

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; ….

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

In deciding a motion to convert or dismiss, the court should first determine if "cause" exists for conversion or dismissal, and then determine which is in the best interests of creditors and the estate. *In re Sullivan,* 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014). The burden of proof on a motion to convert or dismiss is on the movant. *In re Creekside Senior Apartments, L.P.,* 489 B.R. 51, 60 (B.A.P. 6th Cir. 2013); *In re Hinesley Family Ltd. P'ship No. 1*, 460 B.R. 547, 553 (Bankr. D.Mont. 2011).

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the court had discretion in determining whether to dismiss or convert or neither if cause had been shown. Amended § 1112(b) changed that. It provides that a court "shall" dismiss if cause is found, absent unusual circumstances set forth in § 1112(b)(2). *In re Products Intern. Co.,* 395 B.R. 101, 108 (Bankr. D.Ariz. 2008); *In re ECV Development, LLC*, 2007 WL 7540960 (B.A.P. 9th Cir. 2007)("The revised subsection (b) mandates (rather than allows the bankruptcy court to exercise discretion as under pre-BAPCPA) that the bankruptcy court convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause, absent unusual circumstances."); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

ORDER

-4-

B. Sections 1112(b)(4)(J) and 1129(e): Deadline to Confirm Plan

Section 1112(b)(4)(J) provides that the failure to confirm a plan within the time fixed by the Bankruptcy Code or the court constitutes cause for dismissal or conversion. Under § 1121(e), a small business debtor is the only entity that may file a plan in the first 180 days of the case but has an outside bar of 300 days from the petition date within which it must file a plan. 11 U.S.C. § 1121(e)(1) & (2). For a small business case, § 1129(e) states, "the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)." 11 U.S.C. § 1129(e).

Courts are split on whether the failure to confirm a plan within 45 days constitutes cause under § 1112(b)(4)(J). A slight majority of the courts which have considered this issue support the UST's position that failure to comply with the confirmation deadline in § 1129(e) requires dismissal. *In re Roots Rents, Inc.*, 420 B.R. 28 (Bankr. D. Idaho 2009)(section 1129(e) "is a plainly-worded, express deadline" and failure to confirm a plan within the time fixed by section 1129(e) is cause for dismissal or conversion under section 1112(b)(4)(J)); *In re CCT Commc'ns, Inc.*, 420 B.R. 160 (Bankr. S.D.N.Y. 2009) (if the small business debtor fails to confirm a plan within 45 days after it was filed, cause is established under § 1112(b)(4)(J) to dismiss and the court must dismiss or convert unless it determines that one or more of the three limited exceptions exist); *In re J & J Fritz Media, Ltd.*, 2010 WL 4882601, at *3 (Bankr. W.D.Tex. Nov. 24, 2010)("A small business case must be confirmed within 45 days after the filing of a plan"); *In re Caring Heart Home Health Corp.*, 380 B.R. 908, 910 (Bankr. S.D.Fla. 2008) (the statute requires denial of an untimely motion to extend the 45-day deadline for confirmation under § 1129(e) and dismissal of the Chapter 11 case); *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 393 B.R. 452, 456 (Bankr. W.D.Tex. 2008) (failure to confirm a plan within 45 days of filing the plan constitutes "cause" within the meaning of § 1112(b)(1) to dismiss or convert a Chapter 11 case). According to a leading bankruptcy treatise, "If a small business debtor does not achieve confirmation of a plan within these deadlines, the court will have to dismiss the case on the motion of a party in interest." 7 COLLIER ON BANKRUPTCY ¶ 1129.08 (Alan N.

ORDER
-5-

Resnick & Henry J. Sommer eds., 16th ed.). Under this interpretation, the court does not have any equitable power to circumvent this deadline because, as one bankruptcy court puts it, to do so "would require the court to ignore the plain language of the Code and interpret it in a way that renders meaningless the express deadlines imposed." *In re Roots Rents, Inc.*, 420 B.R. at 37.

A few bankruptcy courts have held to the contrary. In these cases, the courts have held that dismissal is not required if a small business debtor does not confirm a plan within 45 days because the deadline is a mandate for the court, not a deadline for the debtor. In other words, these courts view the deadline in § 1129(e) as requiring the court to override the normal time frames for notice and approval of a disclosure statement and plan confirmation contained in Bankruptcy Rule 2002(b) but there is no penalty imposed on the debtor if the deadline is not met. *In re Crossroads Ford, Inc.,* 453 B.R. 764 (Bankr. D.Neb. 2011); *In re Maxx Towing, Inc.,* 2011 WL 3267937 (Bankr. E.D.Mich. 2011)(agreeing with *Crossroads Ford*); *In re Simbaki*, 522 B.R. 917 (Bankr. S.D.Tex. 2014); *In re Mississippi Sports and Recreation, Inc.*, 483 B.R. 164, 167 (Bankr. W.D.Wis. 2012).

I find the majority position to be correct and consistent with the overall changes made by BAPCPA concerning small business debtors and the plain language of the statute.

In this case, Debtor filed a plan and disclosure statement on November 25, 2015, and an amended plan and disclosure statement on December 24, 2015. Using the filing date of the original plan, the 45-day confirmation deadline would have been January 9, 2016. Even assuming the filing date of the amended plan could be used, the 45-day confirmation deadline expired on February 7, 2016. It is undisputed that Debtor did not obtain confirmation within 45 days after the filing of the plan. The 45-day limit could be extended, but only by obtaining an *order* extending the deadline prior to the expiration of the 45-day period, which Debtor did not do. *See* 11 U.S.C. § 1121(e)(3).

Debtor offered two arguments on this issue: First, Debtor argued that § 1121(e) applies only to the debtor, not to creditors, so § 1121(e) is not ground for dismissal. Second, Debtor argued that it simply followed my advice to "stop thinking about a plan."

ORDER

-6-

The first argument can be quickly addressed. Debtor has confused § 1121(e) with § 1129(e). Section 1121(e) pertains to the exclusivity period that a small business debtor has and sets an outside limit of 300 days from the date of the order for relief for a debtor to file a plan and disclosure statement. The UST's Motion is premised on the failure to comply with the time limitation set forth in § 1129(e), not § 1121(e). Debtor's arguments and case law addressing § 1121(e) are irrelevant.

As for following my direction, I think the parties have taken my comments out of context. At the March 3 status conference, Debtor informed the court that it had an amended plan drafted and intended to file it in time for a hearing to approve the disclosure statement on April 7, 2016, and that the amended plan would sell the business as a going concern. At this point, I said,

> It's welcome news to hear you want to keep the case moving . . . but given what you just told me [about the intention to liquidate or sell the company], I wonder if it makes sense to stop thinking about a plan for right now and let you figure out where the case is headed from a business standpoint, because you are going to do is to file a plan that's going to be on its face incomplete. So it's going to require further revisions, and time and energy from everyone involved. You don't need a plan necessarily to do a sale. You may have reasons that you want to do it that way and that's perfectly ok. I think the idea of filing a plan that on its face [that] is going to be incomplete doesn't make a lot of sense to me. And I guess what I prefer to do is either put that on ice and put the case on status conference for a month or give you more time to file a disclosure statement and plan that's going to be the plan you are going to use and we can talk about it intelligently then.

*Status Conference,* March 3, 2016.

Later, I said,

> Effectively it's two proposals. The first proposal is that you stop thinking about a plan and get your business plan together. We put it on status conference and decide what to do with the case in a month or so. Option two is to give you a little more time to file a disclosure statement and plan that is more complete than what you described . . . .

Debtor chose the first option.

ORDER
-7-

The parties raise a number of arguments, including Riverbank's contention that I set a deadline of April 7, 2016, for filing a plan, at the February 3 hearing, which I extended to June 2, 2016, at the April 7 status conference.

As a factual matter, I did not extend the deadline to confirm. This is clear from the minute entry which states: "[T]he court grants debtor's oral request to shorten time *to file* an amended disclosure statement by February 12, 2016 for a hearing on March 3 at 1:30.... If debtor can't meet the deadline, *then notice it for 4/7/16* with objections due 3/31/16." (emphasis added). Thus, the April 7 date was only for the filing of an amended plan. At the April 7 status conference, after receiving status updates from the parties, I continued the status conference to June 2, 2016.

It is important to observe the 45-day confirmation deadline of § 1129(e) expired on February 7, 2016, *which was before the March 3 status conference*. Any extension request should have been filed by Debtor and approved by the court *prior* to February 7, 2016. My comments at the March 3 status conference occurred after the deadline had passed.

Extensions under § 1129(e) should be explicit and clear. *See* 11 U.S.C. § 1121(e)(3); *see In re Roots Rents, Inc.*, 420 B.R. at 37 ("where the Code requires an act to be completed within a specific time, the Court cannot apply a Rule to circumvent that deadline."); *In re Caring Heart Home Health Corp.*, 380 B.R. at 910-11 ("Neither Rule 9006(b) nor some other equitable power of this Court allows the Court to contradict the clear meaning of a statute enacted by Congress.").

I find Debtor failed to confirm a plan within statutory period for small businesses and that is cause for conversion or dismissal of the case.

    C.    <u>Continuing Loss and No Reasonable Likelihood of Rehabilitation</u>

The second enumerated cause for dismissal relied by the UST is § 1112(b)(4)(A), which defines cause as "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." For a Chapter 11 case to be dismissed or converted under this section, there must be both (1) continuing loss or diminution, and (2) the absence of reasonable likelihood of rehabilitation.

ORDER

-8-

Debtor has admitted at previous hearings and in pleadings that it intends to file a liquidating plan based on a sale of Debtor's business as a going-concern under § 363. Because Debtor does not seek to reorganize, the second prong of the test is satisfied.

The only remaining issue is whether Debtor is suffering from substantial or continuing loss. The UST's argument is premised on Debtor's January and February 2016 monthly operating reports. The January report showed over $2.3 million in account payables, with over $2.1 million owed to Beijing Canaan, while Debtor's income was approximately $268,000, with cash on hand of $234,960. The February report showed over $1 million in account payables, with over $900,000 owed to Beijing Canaan, and income of $519,715 and cash of $133,160. Based on the purchase agreement with Beijing Canaan, UST contended that approximately $900,000 was due and payable in March 2016, which Debtor would not be able to make.

Debtor explained that the amounts owed to Beijing Canaan in the January and February reports were incorrect due to an accounting error, as set forth in Debtor's status statement filed on March 31, 2016. The relevant portion states, "The January 2016 operating report's statement that the accounts payable balance to [Beijing Canaan] was nearly $2.2 million was the result of an accounting error, with some server purchases having erroneously been entered into Debtor's accounting system on multiple occasions. Debtors' accountants are preparing an amended operating report.....As of March 24, 2016, the outstanding balance to [Beijing Canaan] was $286,750."[3]

No evidence was submitted to back up that contention. And no amended reports were ever filed. I have almost no basis—except counsel's word—for concluding that the huge increases in account payables in the January and February reports were attributable to accounting errors.

Nevertheless, having reviewed subsequent operating reports, it is possible to infer that Debtor's prospects were improving. Debtor's March report showed $393,144 in payables, with

---

[3] The status statement did not mention the February report, even though Debtor's opposition stated that both the January and February reports contained accounting errors.

ORDER

-9-

$286,750 due Beijing Canaan, income of $340,915, and cash of $63,035. The April report showed income of $271,218 and cash of $192,282. The amount owed to Beijing Canaan remained steady at $286,750. The UST has not disputed the accuracy of these reports.

Under the circumstances, I cannot find cause under § 1112(b)(4)(A).

D.   Unusual Circumstances Exception of § 1112(b)(2)

Having found cause to dismiss or convert, I must then decide whether the statutory exception applies. *See* § 1112(b)(2).[4]

Under § 1112(b)(2), when a court finds "cause," the court is permitted not to convert or dismiss a case if it "if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that -- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and* (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) -- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(2) (emphasis added).

---

[4] It is important to address the argument that I should not convert or dismiss because it's not in the interests of Debtor or creditors (and, I might point out, is contrary to their expressed interests). As I stated at the outset, § 1112(b), as amended by BAPCPA, provides that a court "shall" dismiss or convert if cause is found, absent unusual circumstances set forth in § 1112(b)(2). The best interests of creditors and the estate test is applicable in terms of deciding whether the court should order dismissal *or* conversion. It does not negate "cause" once it is found. *See In re Sullivan*, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014)(" if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate...."). Because I find that cause exists under § 1112(b)(4)(J), I have no discretion to deny the Motion on the basis of the best interests of creditors outside the framework of § 1112(b)(2). *See In re Miell*, 419 B.R. 357, 366 (Bankr. N.D.Iowa 2009) ("Absent a showing of unusual circumstances, if the moving party establishes that cause exists, it is the Court's obligation to dismiss or convert a chapter 11 case.").

ORDER

-10-

Thus, for § 1112(b)(2) to apply, I must find the following:

1. Unusual circumstances establishing that converting or dismissing is not in the best interest of the creditors and the estate;

2. A reasonable likelihood that a plan will be confirmed within the timeframe established sections 1121(e) and 1129(e), or if such sections do not apply, within a reasonable period of time;

3. The cause for dismissal or conversion is other than continuing loss to the estate without reasonable likelihood of rehabilitation; and

4. A reasonable justification for the act or omission of the debtor constituting cause and that act or omission will be cured within a reasonable time.

The objecting parties have not met their burden of proof. Section 1121(b)(2)(A) requires that there is a reasonable likelihood that a plan will be confirmed *within the timeframe of §1129(e)*. Because this deadline has passed and was never extended, Debtor cannot meet the requirements of the statute. *See J&J Fritz Media, Ltd.*, 2010 WL 4882601.

Even assuming for the sake of argument that the confirmation deadline in § 1129(e) does not apply to creditors and that a creditor can file a plan, no creditor has done so. Without a plan having been filed by a creditor in this case, I cannot conclude a reasonable likelihood exists that an as-yet-filed plan will be confirmed within a reasonable time.

Because the responding parties did not establish one of the elements in § 1112(b)(2)(A) as a matter of law, I need not consider the remaining elements.

E. Dismissal or Conversion

Although Debtor and the UST expressed a preference for dismissal at the hearing, I have an independent obligation under § 1112(b)(1) to consider what would happen to all creditors on dismissal and, in light of its analysis, whether dismissal or conversion would be in the best interest of all creditors. *Sullivan,* 522 B.R. at 613.

I agree with Debtor that dismissal is the best option. Debtor's business exists in a highly specialized and niche market, and Debtor is in the best position to market and sell its business for a sufficient price to pay its creditors. Debtor generates sufficient income from its current operations to meet its ongoing obligations. Moreover, based on Debtor's representation and the

ORDER
-11-

activities on the docket, Debtor has already begun exploring the marketing and sale of the company. Dismissal would allow Debtor to continue this effort with added flexibility and likely to generate a higher sale price than a sale by a chapter 7 trustee.

**III. CONCLUSION**

Based on the foregoing analysis, I find that cause exists under § 1112(b)(4)(J) to dismiss or convert this case. I also conclude dismissal is in the best interest of the creditors.

At the hearing, Debtor and Christopher Kilday expressed a desire to maintain and perform the court-approved settlement between them, notwithstanding § 349 of the Bankruptcy Code. I am willing to entertain this request. Debtor should upload a proposed order of dismissal, with the necessary language concerning the settlement and signed off by Mr. Kilday's counsel and the UST, no later than ten (10) days from the date of entry of this order. If Debtor does not submit a proposed order in ten days, the court will treat the request as withdrawn and will enter an order dismissing the case without any additional provisions.

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

**[ECF Recipients Only]**

ORDER
-13-