MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Administrative Claimant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>AQH, LLC<br><br>     Debtor. | Case No. 15-50553-SLJ-11<br><br>Chapter 11<br><br>**LIMITED MOTION TO MODIFY ORDER DISMISSING BANKRUPTCY CASE**<br><br>Date: August 10, 2016<br>Time: 2:00 p.m.<br>Place: 280 S. First Street, Courtroom 3099<br>    San Jose, California<br><br>Hon. Stephen L. Johnson |

  COMES NOW Macdonald Fernandez LLP (the "<u>Firm</u>"), former attorneys to AQH, LLC and administrative claimant herein, moving for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9023 modifying the Court's order dismissing this bankruptcy case, and respectfully represents as follows:

**INTRODUCTION**

  This Court should reserve jurisdiction to hear and determine claims for compensation and reimbursement of expenses by estate professionals. This Court has authority to approve compensation for estate professionals after dismissal. Moreover, this Court is familiar with the case and can approve such compensation most expeditiously. No party in interest will be prejudiced by having such claims for compensation heard and determined in this Court.

1

## FACTS

The within bankruptcy case was commended by filing a voluntary Chapter 11 petition on February 19, 2015. A trustee has not been appointed.

Following commencement of the case, Debtor prosecuted a plan of reorganization, a motion for post-petition financing, employed various professionals, prosecuted an adversary proceeding against a creditor for violation of the automatic stay, entered into various settlement agreements, and secured continued utility service for is Riverbank datacenter. The Court dismissed the bankruptcy case on the U.S. Trustee's motion by order entered on June 20, 2016. The Firm served as general bankruptcy counsel for the Debtor-in-Possession, and its employment was approved by order entered on April 10, 2015. Other professionals were also employed by the estate.

## ANALYSIS

Civil Rule 59(e), as incorporated by Bankruptcy Rule 9023, permits the court to reconsider and amend a previous order. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). While an extraordinary remedy, the court should grant the motion where the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The Court should amend the judgment to expressly retain jurisdiction to resolve fee applications for those professional who wish to receive a determination as to the reasonableness of their fees. While the Firm does not believe that such an express retention of jurisdiction is required, it moves for amendment of the order of dismissal out of an abundance of caution.

Resolution of fee applications are proceedings which do not exist outside of bankruptcy and, hence, are core proceedings. *Schultz v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014) ("Core proceedings arising in title 11 are matters that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."). As core proceedings arising under title 11, fee applications are within the jurisdiction of the bankruptcy court. 28 U.S.C. § 1334.

Notwithstanding the dismissal, the bankruptcy court may still properly resolve requests for professional fees. *St. Angelo v. Victoria Farms, Inc. (In re Victoria Farms, Inc.)*, 38 F.3d 1525, 1533

(9th Cir. 1994) ("A court may properly award fees even after a bankruptcy case has been dismissed."). "The bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal and to dispose of ancillary matters such as an application for an award of attorney's fees." *In re Valley Process Systems, Inc.*, No. 13-51936-ASW-11, 2014 WL 3635367, at *1 (Bankr. N.D. Cal. July 23, 2014) (citing *Lawson v. Tilem (In re Lawson)*, 156 B.R. 43, 46 (B.A.P. 9th Cir. 1993); *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326–27 (9th Cir. 1986); and *U.S.A. Motel Corp. v. Danning (In re U.S.A. Motel Corp.)*, 521 F.2d 117 (9th Cir. 1975)).

The weight of controlling Ninth Circuit authority holds that the bankruptcy court has jurisdiction to resolve ancillary matters, including professional fee applications, notwithstanding the dismissal of the main case. To avoid any doubt, the Court should amend its order dismissing this bankruptcy case to expressly retain jurisdiction to resolve fee applications.

## **CONCLUSION**

WHEREFORE, the Firm requests that the Court enter an order:

1. Amending the order dismissing this case to expressly retain jurisdiction to resolve applications for the award of professional fees under 11 U.S.C. § 330; and

2. Granting such other and further relief as appropriate in the premises.

DATED: July 5, 2016                    MACDONALD | FERNANDEZ LLP

By: /s/ Matthew J. Olson
    Matthew J. Olson
    Administrative Claimant