1  JEFFER MANGELS BUTLER & MITCHELL LLP
   BENNETT G. YOUNG (Bar No. 106504), byoung@jmbm.com
2  CHRISTINA L. CHEN (Bar No. 294921), cchen@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:   (415) 398-8080
4  Facsimile:   (415) 398-5584

5  Attorneys for Debtor AQH, LLC

6

7

8
                    UNITED STATES BANKRUPTCY COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 | In re                              | Chapter 11 Case
   |                                    |
   |                                    | Case No. 15-50553-SLJ-11
12 |                                    |
   | AQH, LLC                           | **DEBTOR'S OPPOSITION TO MOTION TO
13 |                                    | MODIFY ORDER DISMISSING
   |          Debtor.                   | BANKRUPTCY CASE FILED BY
14 |                                    | MACDONALD FERNANDEZ LLP**
15 |                                    | Date:        August 10, 2016
   |                                    | Time:        2:00 p.m.
16 |                                    | Courtroom:   Honorable Stephen L. Johnson
   |                                    |              280 S. First St., Room 3099
17 |                                    |              San Jose, California
18

19

20

21         Debtor AQH, LLC ("Debtor") hereby submits its opposition to Macdonald

22 Fernandez, LLP's (the "Firm") Motion to Modify Order Dismissing Bankruptcy Case ("Motion").

23         The Firm requests that the Court modify its order dismissing the within case to allow

24 the Court retain jurisdiction to hear the Firm's application for professional fees.  However, there is

25 no error, new evidence, or change in controlling law that would warrant the amendment of the

26 dismissal order as required by the Federal Rule of Civil Procedure 59(e).  Moreover, the Motion

27 appears to be a calculated attempt to foreclose Debtor's ability to bring a subsequent malpractice

28 action against the Firm.  Thus, the Motion is improper and must be denied.

PRINTED ON
RECYCLED PAPER
SF 2211385v1

1
OPPOSITION TO MOTION TO MODIFY ORDER

## BACKGROUND

On April 10, 2015, the Court entered an order granting Debtor's Application to Employ the Firm as counsel for Debtor in this case. (Docket No. 71.) Prior to the filing of the petition, members of the Debtor paid the Firm $50,000 as an advance payment of attorneys' fees and costs for the representation of Debtor. (Docket No. 45, ¶ 3.)

On November 25, 2015, Debtor filed a plan of reorganization and disclosure statement. (Docket No. 150). Debtor filed an amended plan of reorganization and disclosure statement on December 24, 2015. (Docket No. 159.) At the Court's hearing of the amended Plan on February 4, 2016, the Firm requested authorization to file an amended disclosure statement by February 12, 2016 for hearing scheduled on March 3, 2016. No amended disclosure statement or propose a new plan of reorganization was filed by the stated deadline.

The Firm did not advise Debtor of its obligations as a "small business debtor" to confirm the amended Plan within 45 days of the Plan's filing date under Section 1129(e). The Firm failed to prosecute a new disclosure statement and plan before the confirmation deadline, or seek an extension prior to the expiration of the 45-day period. Consequently, the United States Trustee ("Trustee") filed a Motion to Dismiss the Case, seeking the dismissal of the case due to Debtor's failure to confirm a plan within the 45-day period set forth by 1129(e) and no reasonable likelihood of rehabilitation under Section 1112(b)(4)(A). (Docket No. 189.)

On June 20, 2016, the Court entered an Order Granting the Trustee's Motion ("Dismissal Order"), which specifically noted that "cause" existed to dismiss the case based upon Debtor's failure to observe the 45-day confirmation deadline of Section 1129(e), and failure to request an extension of the statutory deadline. (Docket No. 210, lns. 8:11 to 8:22.) Unfortunately, the Firm's errors led to Debtor's failure to confirm a plan within the statutory deadline, resulting in the dismissal of Debtor's bankruptcy case.

## ANALYSIS

**A.     No Valid Basis for Granting the Motion under Civil Rule 59(e)**

Relief on a motion to alter a judgment under Civil Rule 59(e) is an extraordinary remedy that should be granted sparingly. *McDowell v. Calderon*, 197 F.3d 1253 at fn. 1 (9th Cir.

PRINTED ON
RECYCLED PAPER
SF 2211385v1

2

OPPOSITION TO MOTION TO MODIFY ORDER

1999).  A motion made under Rule 59(e) "should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v.*

*Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (*citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

1263 (9th Cir. 1993).  A party cannot use a motion under Civil Rule 59, made applicable to

bankruptcy proceedings by Bankruptcy Rule 9023, to raise arguments that could have or should

have been made prior to the entry of judgment.  *In re Hernandez,* 468 B.R. 396 (Bankr. S.D. Cal.

2012), *aff'd on other grounds,* 483 B.R. 713 (B.A.P. 9th Cir. 2012).

Here, the Firm has not presented any newly discovered evidence, errors committed

by the Court or the relevant parties, or intervening changes in controlling law that would justify the

amendment of the Dismissal Order.  Additionally, the Firm has not provided any explanation as to

why it failed to file a motion for compensation during the pendency of the bankruptcy case.  The

Firm failed to file an application of fees over the course of the Debtor's 19-month bankruptcy

proceedings, even when it had advance notice of the potential dismissal of the case, and subsequent

actual notice upon the granting of the Motion to Dismiss and impending dismissal order.  The Firm

did not request that the Court retain jurisdiction in the Dismissal Order to allow the Court to make a

post-judicial determination regarding the Firm's fees.

The Firm is now seeking a judicial determination of the reasonableness of their fees,

a request that should have been made prior to the entry of the Dismissal Order.  This use of a

motion under Civil Rule 59 is prohibited.  Accordingly, the Firm has failed to establish that it is

entitled to the extraordinary relief of the amendment of a judgment pursuant to Civil Rule 59(e).

**B.** **Court May Not Consider Fee Applications upon Dismissal of Bankruptcy Case**

The Firm's reliance on a series of Ninth Circuit cases regarding the retention of

jurisdiction is misplaced.  The Motion itself acknowledges that the cases cited concern the

interpretation of <u>orders entered prior to the dismissal of the case</u>.  Those cases are inapplicable here.

The courts in those cases analyzed the propriety of interpreting orders and ancillary matters <u>decided</u>

<u>before</u> the dismissal of the case.  *See In re Valley Process Sys., Inc.,* No. 13-51936-ASW, 2014 WL

3635367, at *1 (Bankr. N.D. Cal. July 23, 2014) (seeking modification for jurisdiction to rule on

1   surcharge motions filed <u>prior</u> to the dismissal of the case); *In re Franklin*, 802 F.2d 324, 326-327

2   (9th Cir. 1986) (creditor sought interpretation of the bankruptcy court's <u>prior order</u> for stipulated

3   judgment); *U. S. A. Motel Corp. v. Danning*, 521 F.2d 117, 119 (9th Cir. 1975) (reevaluation of fees

4   <u>already rendered by the district court</u> upon remand).

5          The case of *St. Angelo v. Victoria Farms, Inc*., 38 F.3d 1525 (9th Cir. 1994), which

6   the Firm cites for the proposition that a court may consider fees post-dismissal, involved the

7   Debtor's <u>appeal</u> of a dismissal order which allocated proceeds from the sale of a farm between the

8   United States Trustee, escrow agents, and other professionals.  In that case, the court addressed its

9   ability to award fees and fashion effective relief on an <u>appeal</u> of the bankruptcy court judgment.  *St.*

10  *Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1533 (9th Cir. 1994).  In the present case, the Firm

11  does not seek an interpretation of a prior order of the bankruptcy court.  The Firm did not file a

12  motion for compensation prior to the dismissal of the case, and the Court has not previously issued

13  a determination relating to the Firm's fees.  Furthermore, the Firm is not appealing a dismissal order

14  which contains a determination as to the reasonableness of its fees.

15          **C.**     **<u>Court Does Not Retain Jurisdiction to Adjudicate Fee Applications</u>**

16          Contrary to the Firm's assertions, the Dismissal Order deprives the Court of

17  jurisdiction to issue a fee award.  The decided cases hold that a bankruptcy court is <u>divested of</u>

18  <u>subject matter jurisdiction</u> over professional fee applications upon entry of order dismissing Chapter

19  11 case for "cause," <u>if the professionals have not requested that the court retain jurisdiction over</u>

20  <u>such applications</u> and the bankruptcy court does not include such retention language in the dismissal

21  order.  *In re Westgate Nursing Homes, Inc.*. 518 B.R. 250, 255-257 (Bankr. W.D.N.Y. 2014); I*n re*

22  *Ragland*, No. 05-18142, 2006 WL 1997416, at *10 (Bankr. E.D. Pa. May 25, 2006); *Matter of*

23  *Talandis*, 95 B.R. 108, 109-10 (Bankr. S.D. Iowa 1989); *Matter of Mandalay Shores Co-op. Hous.*

24  *Ass'n*, 60 B.R. 22, 23 (Bankr. M.D. Fla. 1986).  Where the bankruptcy court does not explicitly

25  retain post-dismissal jurisdiction, the court thereafter presumptively lacks jurisdiction to award

26  counsel fees.  *Iannini v. Winnecour,* 487 B.R. 434, 439-40 (W.D. Pa. 2012).

27          In the instant case, the Firm failed to request that the Dismissal Order expressly

28  provide that the Court retain jurisdiction to consider applications for professional fees.  In the

PRINTED ON

RECYCLED PAPER

SF 2211385v1

4

OPPOSITION TO MOTION TO MODIFY ORDER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

absence of this provision, the Dismissal Order divested the Court of any jurisdiction to issue a fee award. Additionally, because there is no estate from which the Firm may be paid following the dismissal of the bankruptcy case, a future application for fees would be moot. *Westgate,* 518 B.R. 250 at 256. Because the Firm did not request that the Court retain limited jurisdiction to adjudicate fee applications, the Court no longer has jurisdiction to consider fee applications filed by the Firm.

### D. Resultant Fee Order Would Preclude Debtor from Filing Malpractice Suit

The Motion appears to have been filed as a strategic attempt to prevent Debtor from bringing a later malpractice claim against the Firm.

A number of courts have held that a bankruptcy court's final approval of a fee application in the bankruptcy case bars later malpractice actions brought by a debtor or trustee against professionals of the estate. *E.g. Grausz v. Englander* (4th Cir. 2003) 321 F.3d 467 (Debtor's state court legal malpractice action was precluded by the final fee order entered in bankruptcy case on the grounds of res judicata); *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001) (debtors precluded from pursuing legal malpractice action due to res judicata effect of bankruptcy court's fee award, because malpractice claims would have potential adverse effect on bankruptcy order and could lead to fee disgorgement); *In re Intelogic Trace, Inc.,* 200 F.3d 382 (5th Cir. 2000) (bankruptcy court award of fees to debtor's accountants barred trustee from later professional malpractice claims against accountants based on doctrine of claim preclusion); *In re Image Innovations Holdings, Inc*., 391 B.R. 255 (Bankr. S.D.N.Y. 2008) (bankruptcy court's ruling on fee application of auctioneer precluded creditors' putative action for malpractice).

As the Court noted in its Dismissal Order, Debtor has little cash on hand and a high aggregate amount of account payables; although Debtor's financials are improving, the allowance that the Firm may recover for its services from Debtor's estate is very low. Given the poor chance of recovering any substantial fees from the estate, it is more likely than not that the Firm has filed the instant Motion—and is attempting to obtain a final fee award from the Court—to preclude Debtor from pursuing later legal malpractice claims against the Firm. The Court should not grant this Motion to allow the Firm to file a fee application (which Debtor intends to oppose), so that the Firm may strategically obtain a fee order that could preclude Debtor's meritorious claims against the

PRINTED ON
RECYCLED PAPER
SF 2211385v1

5

OPPOSITION TO MOTION TO MODIFY ORDER

PRINTED ON

RECYCLED PAPER

SF 2211385v1

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1    Firm for malpractice.  The Court should see the Motion for what it is: a ploy to obtain a fee award

2    that might have a preclusive effect on Debtor's future malpractice claims.

3                                        **CONCLUSION**

4            Based on the foregoing, the Court should deny the Motion to Modify the Dismissal

5    Order.

6

7    DATED:  July 25, 2016                    JEFFER MANGELS BUTLER & MITCHELL LLP
                                              BENNETT G. YOUNG
8                                             CHRISTINA L. CHEN

9

10                                           By:    */s/ Christina L. Chen*
                                              CHRISTINA L. CHEN
11                                            Attorneys for Debtor AQH, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-
OPPOSITION TO MOTION TO MODIFY ORDER