MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA  94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Administrative Claimant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>AQH, LLC<br><br>Debtor. | Case No. 15-50553-SLJ-11<br><br>Chapter 11<br><br>**REPLY TO DEBTOR'S OPPOSITION TO LIMITED MOTION TO MODIFY ORDER DISMISSING BANKRUPTCY CASE**<br><br>Date:    August 10, 2016<br>Time:    2:00 p.m.<br>Place:  280 S. First Street, Courtroom 3099<br>            San Jose, California<br><br>Hon. Stephen L. Johnson |

## I.   INTRODUCTION

This Court is the best forum, and the only forum, for resolving any dispute involving claims of estate professionals.  Ninth Circuit case law establishes that the Court has subject-matter jurisdiction to resolve fee applications, even where the Debtor objects to the fee application. This Court is familiar with the case and can resolve any disputes regarding the reasonableness of fees in the most efficient and expeditious manner, promoting judicial economy.  Any counterclaim is intimately related to the fee application.  Moreover, the Debtor does not identify any prejudice from having this Court hear and determine the fee applications.  Accordingly, the Court should expressly reserve jurisdiction to hear and determine claims for compensation and reimbursement of expenses by estate professionals.

1

## II. ARGUMENT

The Debtor offers no explanation for why its purported counterclaims cannot be heard in this Court. Moreover, the Debtor offers no explanation for why other estate professionals should be denied the opportunity to have their fees reviewed and approved while the Debtor continues with its out-of-court workout. This Court has subject-matter jurisdiction to resolve these claims, and this Court is in the best position to resolve them.

Both Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure (incorporated in Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure) as well as this Court's inherent power, all permit the court to reconsider and amend a previous order. The Court should amend the judgment to expressly retain jurisdiction to resolve fee applications for those professionals who wish to receive a determination as to the reasonableness of their fees. While the Firm does not believe that such an express retention of jurisdiction is required, it moves for amendment of the order of dismissal out of an abundance of caution.

Fee applications are proceedings which do not exist outside of bankruptcy and, hence, are core proceedings. *Schultz v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014) ("Core proceedings arising in title 11 are matters that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy."). As core proceedings arising under title 11, fee applications are within the jurisdiction of the bankruptcy court. 28 U.S.C. § 1334. What's more, even if the Debtor had valid claims against the Firm, this Court would have subject-matter jurisdiction to resolve those claims. *Schultz*, 765 F.3d at 948–949 (malpractice claim against committee counsel following entry of final decree arose under title 11 and, hence, was a core proceeding which bankruptcy court had jurisdiction to resolve) (collecting cases). Resolution of these questions before a single forum with the best knowledge of the facts will allow for efficient resolution of the matter, preserving judicial resources and promoting the parties' interests.

Controlling Ninth Circuit authorities permit the Court to resolve fee applications, and the Debtor's attempts to distinguish them are unavailing because the Debtor relies solely upon out-of-circuit and trial-level authority. In any event, the Debtor's authorities are unpersuasive.

Despite Debtor's suggestion to the contrary, the bankruptcy court in *In re Valley Process*

1  *Systems, Inc.*, No. 13-51936-ASW-11, 2014 WL 3635367, at *1 (Bankr. N.D. Cal. July 23, 2014),

2  expressly held that bankruptcy courts in the Ninth Circuit may hear and determine fee applications

3  following dismissal. *Id.* at *1.  In so holding, the court distinguished fee applications from the matter

4  before it, which involved whether to surcharge property of the estate which had revested in the

5  Debtor.  "The Court is not being asked to . . . approve an application for attorney's fees. . . . [T]he

6  key issue as whether there is any property of the estate to surcharge, once the case has been

7  dismissed." *Id.* at *2.  Contrary to Debtor's assertion, *Valley Process Systems* supports the

8  conclusion that this Court has post-dismissal jurisdiction to resolve fee applications.

9        Moreover, *U.S.A. Motel Corp. v. Danning (In re U.S.A. Motel Corp.)*, 521 F.2d 117 (9th Cir.

10  1975), stands for the proposition that estate professionals are entitled to compensation even if the

11  case is dismissed for lack of good faith.  *See Id.* at 119.  Although the fees were awarded by the

12  district court following remand of a prior appeal, this did not change the fact that the district court

13  applied general bankruptcy principles regarding the compensation of estate professionals in entering

14  the fee orders, all following the prior dismissal of the bankruptcy case. *Id.* (citing 6A *Collier on*

15  *Bankruptcy* ¶ 13.03(1) at 924, ¶ 13.04 at 940).

16        This Court is in the best position to resolve any dispute regarding services provided by estate

17  professionals.  The Debtor ignores the Ninth Circuit's recent decision in *Schultz*.  The Court has

18  jurisdiction to resolve any purported malpractice claims against estate professionals.  *Schultz*, 765

19  F.3d at 948–949.  Accordingly, the Court also has jurisdiction to resolve fee applications because the

20  two matters involve determination of the same issues, namely services performed on behalf of the

21  estate.  In fact, the Debtor acknowledges that an order approving a fee application is *res judicata* as

22  to any malpractice claim, indicating that the two counterclaims are intimately related.  Moreover, the

23  Debtor offers no explanation for why it supposedly cannot present is purported malpractice claim in

24  opposition to the fee application.  The Debtor will not suffer any prejudice as any malpractice claim

25  should, and would, be litigated before this Court in any event. *See Schultz*, 765 F.3d at 948–949.

26  The Firm suspects that the alleged malpractice claim is a red herring, and any such purported claim

27  should be raised before this Court.

28  / / /

3

1

### III.CONCLUSION

2    In light of the foregoing, the Court should amend its order dismissing this case to expressly

3 retain jurisdiction to resolve applications for the award of professional fees under 11 U.S.C. § 330.

4 DATED:  August 3, 2016                                 MACDONALD | FERNANDEZ LLP

5                                                        By: /s/ Matthew J. Olson
                                                            Matthew J. Olson
6                                                           Administrative Claimant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4