JEFFER MANGELS BUTLER & MITCHELL LLP
BENNETT G. YOUNG (Bar No. 106504), byoung@jmbm.com
CHRISTINA L. CHEN (Bar No. 294921), cchen@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Debtor AQH, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AQH, LLC

Debtor.

Chapter 11 Case

Case No. 15-50553-SLJ-11

**DEBTOR'S OBJECTION TO MACDONALD FERNANDEZ LLP'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Date: September 7, 2016
Time: 1:30 p.m.
Courtroom: Honorable Stephen L. Johnson
280 S. First St., Room 3099
San Jose, California

Debtor AQH, LLC ("Debtor") objects the First and Final Application for Compensation and Reimbursement of Expenses ("Fee Application") filed by Macdonald Fernandez, LLP's (the "Applicant"), on the basis that (1.) the Court lacks any jurisdiction to adjudicate the Fee Application; and (2.) any fee award issued with respect to the Fee Application would preclude Debtor from filing a later malpractice claim.

## BACKGROUND

The Applicant is seeking total payment of $182,336.42 (after the deduction of a $50,000 retainer already received, and a "voluntary discount" by the Applicant) for services rendered in connection with a case that was <u>dismissed</u> due to the <u>Applicant's</u> failure to properly advise Debtor of its obligations as a "small business debtor." As the Court is aware, the within case

PRINTED ON RECYCLED PAPER
SF 2226890v1

was dismissed after the United States Trustee filed a Motion to Dismiss, based upon the Applicant's failure to prosecute a disclosure statement and plan before the 45-day confirmation deadline or to seek an extension of the time pursuant to Section 1129(e)—which the Court subsequently granted. (Dckt. No. 189.) The Court's Order Granting the Trustee's Motion to Dismiss the Case specifically found that cause existed under Section 1112(b)(4)(J) to dismiss the case. (Dckt. No. 210.)

On July 7, 2016, the Court signed an order dismissing the case ("Dismissal Order"). Notably, although the order was prepared by the Applicant, the order does not contain language to allow the Court to retain jurisdiction to consider post-dismissal fee applications. (Dckt. No. 217.)

Only July 5, 2016, the Applicant filed a Motion to Modify the Order Dismissing Bankruptcy Case ("Motion to Modify") to request that the Court amend the order dismissing the bankruptcy case to retain jurisdiction to hear the Applicant's application for compensation ("Motion to Modify"). (Dckt. No. 214.) However, the Court denied the Motion to Modify. (Dckt. No. 224.) As a result, there is no order in which expressly reserves the Court's post-dismissal jurisdiction to decide an application for professional fees.

## ANALYSIS

### A. Court is Deprived of Subject Matter Jurisdiction to Consider Fee Application

A bankruptcy court is divested of subject matter jurisdiction over applications and claims for professional fees upon entry of order dismissing Chapter 11 case for "cause," if the bankruptcy court does not include such retention language in the dismissal order. *See In re Elias,* 215 B.R. 600, 603 (B.A.P. 9th Cir. 1997), aff'd, 188 F.3d 1160 (9th Cir. 1999); *In re Westgate Nursing Homes, Inc..* 518 B.R. 250, 255-257 (Bankr. W.D.N.Y. 2014); *In re Ragland*, No. 05-18142, 2006 WL 1997416, at *10 (Bankr. E.D. Pa. May 25, 2006); *Matter of Talandis*, 95 B.R. 108, 109-10 (Bankr. S.D. Iowa 1989).

This is because, once a case has been dismissed, property of the estate revests in the Debtor, absent any provision to the contrary in a dismissal order. 11 U.S.C. § 349(b); *Elias*, *supra*, 215 B.R. at 603; *In re M.O.D., Inc.*, 170 B.R. 465, 466 (Bankr. M.D. Ala. 1994). The Court is then deprived of jurisdiction to adjudicate post-dismissal fee applications because there is no estate from which the fee application can be paid. *Westgate, supra*, 518 B.R. 250 at 256. Thus, where the

bankruptcy court does not explicitly retain post-dismissal jurisdiction, the court presumptively lacks jurisdiction to award counsel fees. *Iannini v. Winnecour,* 487 B.R. 434, 439-40 (W.D. Pa. 2012).

Although the Applicant previously cited to a series of Ninth Circuit cases that it claimed to support the Court's jurisdiction to consider post-dismissal fee requests in its Motion to Modify, the Ninth Circuit has held that a bankruptcy court only retains subject-matter jurisdiction to interpret orders entered prior to dismissal of the underlying case, but that it does not retain jurisdiction to grant new relief in a case that has been dismissed. *See In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989); *Beneficial Trust Deeds v. Franklin* (*In re Franklin*), 802 F.2d 324, 327 (9th Cir. 1986). Predictably, a review of the cases provided by the Applicant in its Motion to Modify reveals that all of the cases cited by the Applicant concern the interpretation of orders entered prior to the dismissal of the case or the appeal of a bankruptcy judgment.[1]

In contrast, the Fee Application is Applicant's first request for fees. The Applicant has not previously filed a motion for compensation, or obtained an order determining fees prior to dismissal of the case for cause. The Applicant is not seeking the interpretation or appeal of a prior fee order by the Court. Rather, the Applicant is seeking relief independent of prior rulings, after the underlying bankruptcy case has been dismissed; this is not permitted. *Taylor*, *supra*, 884 F.2d at 481; *see also*, *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982). None of the cases cited by the Applicant support the imputation of jurisdiction of a post-dismissal determination of fees, absent the retention of jurisdiction to decide such fees. A bankruptcy court cannot even issue an advisory opinion to a state court handling a fee claim arising from the bankruptcy case; on the other hand, a state court has been held to be "fully capable" of deciding the propriety of fees based on services rendered in a bankruptcy case. *Elias*, *supra*, 215 B.R. at 605.[2]

---

[1] *See In re Valley Process Sys., Inc.,* No. 13-51936-ASW, 2014 WL 3635367, at *1 (Bankr. N.D. Cal. July 23, 2014) (seeking modification for jurisdiction to rule on surcharge motions filed <u>prior</u> to the dismissal of the case); *In re Franklin*, 802 F.2d 324, 326-327 (9th Cir. 1986) (creditor sought interpretation of <u>prior order</u> for stipulated judgment); *U. S. A. Motel Corp. v. Danning*, 521 F.2d 117, 119 (9th Cir. 1975) (reevaluation of fees <u>already rendered by the district court</u> upon remand); *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir. 1994) (<u>appeal</u> of dismissal order which allocated proceeds from the sale of a farm.)

[2] The Ninth Circuit's decision in *Elias* negates Applicant's characterization of *Schultz v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014), which Applicant incorrectly cited in its Reply to the Opposition to Motion Modify for the proposition

By failing to request that the Dismissal Order expressly provide that the Court retain jurisdiction to consider applications for professional fees, the Dismissal Order divested the Court of any jurisdiction to issue a fee award. The estate from which the fees could have been paid has been terminated. Because the Court did not retain jurisdiction to adjudicate fee applications, the Court lacks any jurisdiction to hear the present Fee Application and enter post-dismissal orders concerning attorneys' fees. Thus, there is no jurisdictional basis for the Court to decide the instant Application.

**B.     Fee Award Would Foreclose Debtor's Ability to File Later Malpractice Action**

As noted in Debtor's Opposition to the Motion to Modify (Dckt. No. 220), a number of courts have held that a bankruptcy court's final approval of a fee application in the bankruptcy case bars later malpractice actions brought by a debtor or trustee against professionals of the estate.[3]

Although the filing of the Fee Application may not purely have been a tactic to preclude Debtor's malpractice claims against the Applicant, a final fee order by this Court would, in effect, prevent Debtor from pursuing potential legal malpractice claims against the Applicant. To avoid precluding the Debtor from bringing meritorious claims against the Applicant for malpractice, the Court should deny the Fee Application.

## CONCLUSION

Accordingly, the Court should sustain this objection and deny the Fee Application.

DATED: August 31, 2016         JEFFER MANGELS BUTLER & MITCHELL LLP
                                BENNETT G. YOUNG
                                CHRISTINA L. CHEN


                                By:     */s/ Christina L. Chen*
                                CHRISTINA L. CHEN
                                Attorneys for Debtor AQH, LLC

---

that fee applications are core proceedings that do not exist outside of bankruptcy. (Docket No. 222 at lns 2:13 to 2:24.) Contrary to Applicant's assertions, *Schultz* does not concern an application for fees.

[3] *E.g. Grausz v. Englander* (4th Cir. 2003) 321 F.3d 467 (Debtor's state court legal malpractice action was precluded by final fee order entered in bankruptcy case on the grounds of res judicata); *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001) (debtors precluded from pursuing legal malpractice action due to res judicata effect of bankruptcy court's fee award, because malpractice claims would have potential adverse effect on bankruptcy order and could lead to fee disgorgement); *In re Intelogic Trace, Inc.,* 200 F.3d 382 (5th Cir. 2000) (bankruptcy court award of fees to debtor's accountants barred trustee from later professional malpractice claims based on doctrine of claim preclusion).