MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Administrative Claimant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>AQH, LLC<br><br>            Debtor. | Case No. 15-50553-SLJ-11<br><br>Chapter 11<br><br>**REPLY TO DEBTOR'S OBJECTION TO MACDONALD FERNANDEZ LLP'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**<br><br>Date:  September 7, 2016<br>Time:  1:30 p.m.<br>Place:  280 S. First Street, Courtroom 3099<br>         San Jose, California<br><br>Hon. Stephen L. Johnson |

## I. INTRODUCTION

The Debtor continues to incorrectly read relevant Ninth Circuit authorities considering post-dismissal jurisdiction in its quest to avoid a resolution on this fee application. The weight of Ninth Circuit authority demonstrates that the court has jurisdiction to resolve this fee application notwithstanding dismissal of the case. Because the Court has jurisdiction and no party offered any substantive opposition to the fee application, the Court should approve the fees and costs as requested.

## II. ARGUMENT

The cornerstone of Debtor's jurisdictional argument is the Bankruptcy Appellate Panel's

opinion in *Elias v. Lisowski Law Firm, Chtd. (In re Elias)*, 215 B.R. 600 (B.A.P. 9th Cir. 1997) ("<u>Elias I</u>"), which Debtor relies upon for the proposition that bankruptcy courts do not have jurisdiction to resolve post-dismissal fee issues. In the subsequent appeal, the Ninth Circuit's *per curiam* opinion rejected this conclusion out of hand, holding that resolving a post-dismissal fee dispute is within the bankruptcy court's ancillary jurisdiction. *Elias v. U.S. Trustee (In re Elias)*, 188 F.3d 1160, 1162 (9th Cir. 1999) ("<u>Elias II</u>"). Circuit Judge Fernandez' concurring and dissenting opinion went farther, emphatically stating that the bankruptcy court has jurisdiction over attorneys' fees issues following dismissal of a case. *Id.* at 1163–66.

While Debtor does not recognize the Ninth Circuit's rejection of its jurisdictional argument, the Bankruptcy Appellate Panel does. *Aheong v. Mellong Mortgage Co. (In re Aheong)*, 276 B.R. 233, 240–241 (B.A.P. 9th Cir. 2002). As the BAP explained when discussing what constitutes "new relief" for the purposes of post-dismissal jurisdiction:

> On the one hand, imposing a stay after a bankruptcy case was dismissed was held impermissible because it was independent of prior rulings. *Beneficial Trust Deeds v. Franklin (In re Franklin),* 802 F.2d 324, 327 (9th Cir.1986) (interpreting *Income Prop. Builders,* 699 F.2d 963). On the other hand, seeking disallowance of a bankruptcy attorney's fees earned in a dismissed case, for alleged non-disclosure under Rule 2014, was held by the Ninth Circuit to be within the bankruptcy court's ancillary jurisdiction, notwithstanding the conclusion by a majority of the bankruptcy appellate panel (the "BAP") that the debtor sought extra-jurisdictional "new relief." *See Elias v. Lisowski Law Firm, Chtd. (In re Elias),* 215 B.R. 600, 603–04, 615–17 (9th Cir. BAP 1997) ("*Elias I* ") and *Elias v. U.S. Trustee (In re Elias),* 188 F.3d at 1162 ("*Elias II* ").

*Aheong*, 276 B.R. at 241. As recognized by the BAP, the fee application does not present a request for "new relief" such that the bankruptcy court is deprived of ancillary jurisdiction.

Other courts within the Ninth Circuit agree. While Debtor continues to misconstrue it, *U.S.A. Motel Corp. v. Danning (In re U.S.A. Motel Corp.)*, 521 F.2d 117 (9th Cir. 1975), stands for the proposition that estate professionals are entitled to compensation even if the case is dismissed for lack of good faith. *See Id.* at 119. Although the fees were awarded by the district court following remand of a prior appeal, this did not change the fact that the district court applied general bankruptcy principles regarding the compensation of estate professionals in entering the fee orders, all following the prior dismissal of the bankruptcy case. *Id.* (citing 6A *Collier on Bankruptcy* ¶ 13.03(1) at 924, ¶ 13.04 at 940). The Ninth Circuit was more emphatic in *St. Angelo v. Victoria*

*Farms, Inc.*, 38 F.3d 1525, 1533 (9th Cir. 1994) ("A court may properly award fees even after a bankruptcy case has been dismissed."). The Ninth Circuit's decision in *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478 (9th Cir. 1989) is consistent:

> Under the law of this circuit, the bankruptcy court retains subject matter jurisdiction to interpret orders entered prior to dismissal of the underlying bankruptcy case, . . . *and to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the underlying action*, . . . .

*Id. at* 481 (emphasis added; citations omitted). The Bankruptcy Appellate Panel's holdings reach the same conclusion. *See Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 906 (B.A.P. 9th Cir. 1999) ("Issues of compensation and sanctions survive dismissal.") (citing *Elias v. U.S. Trustee (In re Elias)*, 188 F.3d 1160, 1162 (9th Cir. 1999); *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1533 (9th Cir. 1994); *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989); *U.S.A. Motel Corp. v. Danning*, 521 F.2d 117 (9th Cir. 1975)); *see also Aheong*, 276 B.R. at 241. Debtor's citation to out-of-circuit authorities is unavailing.

Controlling Ninth Circuit authority establishes that this Court has jurisdiction to hear and determine the fee application. Debtor offers no substantive opposition to the application (and its suggestion that it may bring a malpractice claim against the Applicant is unsupported by any factual allegations or evidence). There is no bona fide dispute as the reasonableness of the compensation sought by the application, and the Court should overrule Debtor's objection and approve the fee application.

### III. CONCLUSION

In light of the foregoing, the Court should overrule Debtor's objection and approve the fee application in the amounts requested.

DATED: September 2, 2016                    MACDONALD | FERNANDEZ LLP

                                            By: /s/ Matthew J. Olson
                                                Matthew J. Olson
                                                Administrative Claimant